LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
  Alfred C. Pfeiffer, Jr. (Bar No. 120965)
  Christopher S. Yates (Bar No. 161273)
  Adrian F. Davis (Bar No. 215827)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email:   Dan.Wall@lw.com
Email:   Al.Pfeiffer@lw.com
Email:   Chris.Yates@lw.com
Email:   Adrian.Davis@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL HOLMAN and LUCY RIVELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C 07-05152 JW<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

Pursuant to Civil Local Rule 7-11, Apple Inc. ("Apple") hereby moves the Court for consideration of whether the matter *Timothy P. Smith, et al. v. Apple Inc., AT&T Mobility LLC, et al.*, Case No. 07-CV-05662-HRL (filed October 5, 2007 and removed to federal court November 7, 2007) ("*Smith*") is related, as defined by Civil Local Rule 3-12, to this action (*Holman, et al. v. Apple Inc., AT&T Mobility LLC, et al.* – "*Holman*").  As described further below, *Holman* and *Smith* both involve the same defendants (Apple and AT&T Mobility LLC), and both challenge an agreement between Apple and AT&T Mobility LLC concerning the iPhone, alleging that the agreement violates the antitrust and unfair competition laws.  In addition, both *Holman* and *Smith* challenge various business conduct related to the iPhone and software updates to the iPhone.  In short, *Holman* and *Smith* concern substantially the same parties, property, transaction or event, and are thus related cases within the meaning of Civil Local Rule 3-12.

I.  *SMITH* AND *HOLMAN* CONCERN SUBSTANTIALLY THE SAME PARTIES, PRODUCTS, AND ALLEGED TRANSACTIONS AND AGREEMENTS

*Smith* and *Holman* are both actions brought against Apple and AT&T Mobility LLC ("ATTM") which allege that Apple and ATTM entered into what plaintiffs call an unlawful agreement under which ATTM will be the exclusive provider of phone and data services for the iPhone in the United States and Apple will allegedly receive a portion of ATTM's profits.  *Holman* Complaint ¶¶ 38, 41; *Smith* First Amended Complaint ("FAC") ¶¶ 28(1)-(3).  The complaints further allege that through the use of a software lock and a software update, Apple has prohibited iPhone owners from unlocking their phones for use with cellular telephone service providers other than ATTM.  *Holman* Complaint ¶¶ 34, 51-55; *Smith* FAC ¶¶ 28(4), 40-42.

Based on these allegations, both the *Smith* and *Holman* complaints assert claims against Apple and ATTM for unlawful tying and attempted monopolization under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2.  *Holman* Complaint ¶¶ 90-97; *Smith* FAC ¶¶ 128-35.  The *Smith* and *Holman* complaints both also plead claims based on alleged violations of California's Unfair Competition Law in addition to alleged violations of the California Cartwright Act's prohibitions on unlawful tying and unlawful trusts.  *Holman* Complaint ¶¶ 76-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

89; *Smith* FAC ¶¶ 117-27, 196-207. While *Smith* and *Holman* each assert additional causes of action against Apple and ATTM, all such claims relate to the same set of alleged practices of the defendants described above. Thus, *Smith*'s separate causes of action for common law monopolization, *Smith* FAC ¶¶ 183-89, breach of warranties, *id.* ¶¶ 136-57, and alleged violations of the Consumer Legal Remedies Act, *id.* ¶¶ 158-65, the Computer Fraud Abuse Act, *id.* ¶¶ 166-71, the Racketeer Influenced and Corrupt Organizations Act, *id.* ¶¶ 190-95, and California Penal Code § 502, *id.* ¶¶ 172-82, are all based on the same alleged agreements and practices of ATTM and Apple. The same is true for *Holman*'s additional cause of action for "computer trespass/trespass to chattels." *Holman* Complaint ¶¶ 98-102.

Furthermore, both *Holman* and *Smith* are purported class actions that seek to represent the interests of the same class of people. *Holman*'s proposed class is composed of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action, bought and implemented the iPhone and sustained damages as a result." *Holman* Complaint ¶ 63. *Smith*'s purported class is made up of "[a]ll persons or entities who... purchased or own an iPhone, intended for use by themselves, their families, or their members, participants, or employees … during the period from June 29, 2007 through such time in the future as the effects of Apple's illegal conduct, as alleged herein, have ceased… [and who] purchased audio or video files from the iTunes Music Store during the Class Period." *Smith* FAC ¶¶ 93(a)-(b); *see also id.* ¶¶ 94(a)-(b). The two potential classes are thus nearly identical.

In short, the factual allegations and legal claims of the *Holman* and *Smith* cases "concern substantially the same parties, property, transaction or event." Civil L. R. 3-12(a)(1).

**II.    IT WOULD BE UNDULY BURDENSOME FOR THESE ACTIONS TO PROCEED BEFORE TWO DIFFERENT JUDGES**

The *Smith* and *Holman* cases should be assigned to the same judge to promote judicial economy. If the cases proceeded in front of separate judges, each judge would be required to educate himself or herself as to the same set of transactions, the same product markets, and identical or substantially similar legal arguments being made by both plaintiffs and defendants. Furthermore, Apple and ATTM, as defendants in both actions, will be required to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

defend the same or substantially similar actions before two different judges, with duplicative hearings and motions, yet potentially incompatible schedules and rulings. In short, allowing these cases to proceed separately "will be an unduly burdensome duplication of labor and expense" that may lead to conflicting results. Civil L. R. 3-12(a)(2). Relating both cases and placing them under the supervision of one judge not only stands to save the Court and the parties significant costs, but will also likely facilitate and expedite both cases.

### III.   CONCLUSION

Pursuant to Civil Local Rule 3-12(f), Apple respectfully requests that this Court grant its Motion and order the *Holman* and *Smith* cases related.

Dated: November 9, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
  Daniel M. Wall
  Alfred C. Pfeiffer
  Christopher S. Yates
  Adrian F. Davis

By   /s/ Adrian F. Davis
  Adrian F. Davis
  Attorneys for Defendant
  Apple Inc.

SF\632265

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW