**EXHIBIT B**

1  LATHAM & WATKINS LLP
   Daniel M. Wall (Bar No. 102580)
2  Alfred C. Pfeiffer, Jr. (Bar No. 120965)
   Christopher S. Yates (Bar No. 161273)
3  Adrian F. Davis (Bar No. 215827)
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: (415) 391-0600
5  Facsimile: (415) 395-8095
   Email: Dan.Wall@lw.com
6  Email: Al.Pfeiffer@lw.com
   Email: Chris.Yates@lw.com
7  Email: Adrian.Davis@lw.com

8  Attorneys for Defendant
   APPLE INC.

ADR
E-FILING

ORIGINAL
FILED
NOV 0 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10           UNITED STATES DISTRICT COURT
11           NORTHERN DISTRICT OF CALIFORNIA
12           SAN JOSE DIVISION                    HRL

13  TIMOTHY P. SMITH; MICHAEL G. LEE;     CASE NO. C07 05662
    DENNIS V. MACASADDU; MARK G.
14  MORIKAWA; and VINCENT SCOTTI, on
    behalf of themselves and all others similarly    DEFENDANT APPLE INC.'S NOTICE OF
15  situated,                                        REMOVAL

16           Plaintiffs,

17      v.

18
    APPLE INC.; AT&T MOBILITY LLC; and
19  DOES ONE through ONE HUNDRED,
    inclusive,
20
21           Defendants.

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO                                        APPLE'S NOTICE OF REMOVAL

1   Defendant Apple Inc. ("Apple") hereby removes this action from the Superior
2   Court of the State of California for the County of Santa Clara to this Court pursuant to 28 U.S.C.
3   §§ 1331, 1332, 1446 and 1453, on the following grounds:

### THE COMPLAINT

4
5   1.   On October 5, 2007, an action was commenced in the Superior Court of
6   the State of California for the County of Santa Clara, entitled *Timothy P. Smith, on behalf of*
7   *himself and all others similarly situated vs. Apple Inc.,* Case No. 1-07-CV-095781. Pursuant to
8   28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit 1. A First Amended
9   Complaint was filed in this case on November 2, 2007, to include additional plaintiffs and
10  additional defendants, entitled *Timothy P. Smith; Michael G. Lee, Dennis V. Macasaddu; Mark*
11  *G. Morikawa; and Vincent Scotti, on behalf of themselves and all other similarly situated vs.*
12  *Apple Inc.; AT&T Mobility LLC; and Does One through One Hundred, inclusive* ("Smith").
13  Pursuant to 28 U.S.C. § 1446(a), a copy of the First Amended Complaint is attached hereto as
14  Exhibit 2 ("FAC").
15  2.   The first date upon which Defendant received a copy of the original
16  Complaint was October 8, 2007, when Apple was served, by hand, with the Complaint and a
17  summons from the state court pursuant to Section 415.30 of the California Code of Civil
18  Procedure. A copy of the summons is attached hereto as Exhibit 3. The First Amended
19  Complaint names both Apple and AT&T Mobility LLC ("ATTM") as defendants; a copy of the
20  amended summons is attached hereto as Exhibit 4.
21  3.   The First Amended Complaint alleges eleven causes of action against
22  Apple and ATTM: violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (unlawful
23  tying); violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 (monopolization);
24  violation of the Cartwright Act, Cal. Bus. & Prof. Code § 16720 (unlawful trusts); violation of
25  the Cartwright Act, Cal. Bus. & Prof. Code § 16720 (unlawful tying agreement);; breach of
26  implied warranties under Sections 2314 and 2315 of the California Commercial Code; breach of
27  express warranties under Section 2313(1) of the California Commercial Code; violation of the
28  Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*; breach of implied

1  warranty under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act,
2  15 U.S.C. § 2310(d)(1); violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750
3  *et seq.*; violation of the Computer Fraud Abuse Act, 18 U.S.C. § 1030; violation of California
4  Penal Code § 502; common law monopolization; violation of the Racketeer Influenced and
5  Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; and violation of the Unfair Competition
6  Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

7       4.   Plaintiffs bring this action as a purported class action. Plaintiffs seek to
8  represent the following purported class:

> All persons or entities who: (a) purchased or own an iPhone,
> intended for use by themselves, their families, or their members,
> participants, or employees ("the Class") during the period from
> June 29, 2007 through such time in the future as the effects of
> Apple's illegal conduct, as alleged herein, have ceased (the "Class
> Period"); (b) purchased audio or video files from the iTunes Music
> Store during the Class Period

13  FAC, ¶¶ 93(a)-(b); *see also* FAC, ¶¶ 94(a)-(b). Plaintiffs allege that the purported class members
14  currently number "1.28 million iPhone owners" and Plaintiffs expect the class to grow in size to
15  "25 to 37.6 million within the next 18 months." *Id.*, ¶ 95.

16       5.   The Complaint's prayer for relief seeks: treble damages, or in the
17  alternative, punitive damages; disgorgement of not less than $280 million; reasonable attorneys'
18  fees; prejudgment and post-judgment interest; a permanent injunction barring Apple from selling
19  the iPhone with any software lock, from denying warranty service to users of unlocked iPhones,
20  and from requiring iPhone consumers to purchase cell phone service through ATTM; and
21  equitable relief in the form of a judicial determination of the rights and responsibilities of the
22  parties for attorneys' fees and costs.

### JURISDICTION

24       6.   This Court has original jurisdiction over this action because it raises
25  questions of federal law pursuant to 28 U.S.C. § 1331. Plaintiffs allege that Apple and ATTM
26  have violated the Sherman Antitrust Act, 28 U.S.C. §§ 1-2, the Magnuson-Moss Warranty—
27  Federal Trade Commission Improvement Act, 15 U.S.C. § 2310(d)(1), the Computer Fraud and
28  Abuse Act, 18 U.S.C. § 1030, and the Racketeer Influenced and Corrupt Organizations Act, 18

1  U.S.C. §§ 1961-1968, each of which is sufficient to convey federal jurisdiction to this case in its
2  own right. Furthermore, this Court has jurisdiction over this action pursuant to the Class Action
3  Fairness Act ("CAFA"):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (c) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Pursuant to plaintiffs' own allegations these requirements are satisfied because, as discussed in greater detail below, the matter in controversy in this purported class action exceeds the sum or value of $5,000,000 (taking into account all damages and equitable relief sought for all of the purported class members' claims in the aggregate, exclusive of interest and costs), and there is "minimum diversity," i.e., the citizenship of "any member of a class of plaintiffs is a citizen of State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Counsel for Apple has conferred with counsel for plaintiffs and has been assured that plaintiffs will not contest the removal of this action or seek to remand it to state court.

7.  That jurisdiction in this Court is proper is confirmed by the related case *Paul Holman and Lucy Rivello, individually and on behalf of all others similarly situated vs. Apple, Inc., AT&T Mobility, LLC and Does 1 through 50, inclusive*, Case No. C-07-05152-JW, filed October 5, 2007, in the United States District Court for the Northern District of California, San Jose Division ("*Holman*"). *Holman* is also a purported class action raising questions of state and federal law and involving substantially similar allegations to this action. In *Holman*, plaintiffs allege that Apple has unlawfully tied the iPhone to Apple and ATTM products and services in violation of California Business and Professions Code §§ 16720, 16726, and 17200 (the same statutes invoked in *Smith*), as well as the Sherman Act, 28 U.S.C. §§ 1-2, and that such

conduct has resulted in damages of "no less than $200 million." *See* Declaration of Adrian F. Davis ("Davis Decl."), ¶ 2, Ex. A ("*Holman* Complaint") ¶¶ 79, 85. This Court's jurisdiction in *Holman* is grounded in part on CAFA and in part on federal question jurisdiction arising from the Sherman Act. *Id.*, Ex. A, ¶¶ 9-10.

### THIS CASE ARISES UNDER FEDERAL LAW

8. Plaintiffs allege five causes of action arising under various provisions of federal law:

    a. Violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (unlawful tying);

    b. Violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 (monopolization);

    c. Breach of warranties in violation of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2310(d)(1);

    d. Violation of the Computer Fraud Abuse Act, 18 U.S.C. § 1030;

    e. Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

9. Because these causes of action all "arise under" the laws of the United States, this Court has original jurisdiction of *Smith* pursuant to 28 U.S.C. § 1331. As such, the case is removable to this Court pursuant to 28 U.S.C. § 1446.

### THIS IS A PURPORTED CLASS ACTION WITHIN THE MEANING OF CAFA

10. Furthermore, this is a purported "class action" pursuant to CAFA in that the number of purported class members exceeds 100 and plaintiffs filed their Complaint under Section 382 of the California Code of Civil Procedure, which authorizes one or more individuals to sue "for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Code Civ. Proc. § 382; *see* 28 U.S.C. §§ 1332(d)(1)(B), (d)(5)(B); FAC, ¶92 ("Plaintiffs bring this action on behalf of themselves, and all others similarly situated

pursuant to section 382 of the California Code of Civil Procedure"); *id.*, ¶ 95 ("Plaintiffs do not, as yet, know the exact size of the class, but estimates it to be 1.28 million iPhone owners with a projected increase of 25 to 37.6 million within the next 18 months").

### PARTIES AND DIVERSITY

11.  Defendant Apple is a citizen of the State of California because it is incorporated under the laws of the State of California and has its principal place of business in Cupertino, California. FAC, ¶ 13.

12.  The Complaint alleges that plaintiffs Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, and Vincent Scotti are all California citizens. *See* FAC, ¶ 12. The Complaint also alleges a purported class of all natural persons who own an iPhone: "[a]ll persons or entities who … purchased or own an iPhone, intended for use by themselves, their families, or their members, participants, or employees." FAC, ¶ 93(a). Apple sells the iPhone at its own retail stores and through ATTM stores throughout the United States. *See* "Apple Sets iPhone Price at $399 for this Holiday Season," http://www.apple.com/pr/ibrary/2007/09/05iphone.html (accessed October 30, 2007) (cited in FAC, ¶ 97, n. 59). Thus, the purported class includes members who are citizens of states other than California. *Id.* Plaintiffs' counsel admit that the purported class includes citizens of states other than California on their website by stating that they intend the purported class to be nationwide rather than restricted to residents of the State of California. *See* Davis Decl., ¶ 3, Ex. B ("We will be asking that the court designate the lawsuit as a "nationwide class action" so that all United States residents can benefit, not just California residents.")

### THE AMOUNT IN CONTROVERSY

13.  Under CAFA, "the claims of individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (emphasis added). In their Complaint, plaintiffs seek disgorgement of "no less than" $280 million, "based on approximately 1.4 million iPhones sold to date at a profit margin of $200 per iPhone", or as high as $7.52 billion, based on projected sales of 37.6 million iPhones. FAC Prayer, ¶¶ 6(a), (c).

1  Furthermore, plaintiffs are seeking treble damages as a result of Apple's alleged wrongful
2  conduct. FAC Prayer, ¶ 4. *See Senterfitt v. Suntrust Mortgage, Inc.*, 385 F. Supp. 2d 1377,
3  1382-83 (S.D. Ga. 2005) (treble damages included when calculating the amount in controversy
4  pursuant to CAFA); *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6th Cir. 2002) (treble
5  damages included when calculating amount in controversy for purposes of diversity jurisdiction).
6  Thus, plaintiffs have alleged an amount in controversy ranging from $840 million to $22.56
7  billion, far in excess of CAFA's $5 million threshold.

## VENUE AND INTRA-DISTRICT ASSIGNMENT

14.  Because the Complaint was filed and currently is pending in the Superior Court of California for the County of Santa Clara, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a), and the San Jose Division is the proper intra-District assignment for this action upon removal pursuant to Civil L.R. 3-2(c).

## REMOVAL PROCEDURE

15.  This Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

16.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto. Copies of the Complaint, First Amended Complaint, Summons, Amended Summons, Civil Cover Sheet, Court Order Deeming the Case Complex, Proof of Service, and Notice of Association of Counsel by Plaintiffs are attached hereto as Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 respectively. No other pleadings have been filed in this matter to date in the Superior Court.

17.  Apple will serve written notice of the removal of this action upon all adverse parties promptly and will file such notice with the Clerk for the Superior Court of the State of California, County of Santa Clara, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Removal and a Notice of Appearance are attached hereto as Exhibits 9 and 10, respectively.

## JOINDER OF DEFENDANTS

18. The only other named defendant, ATTM, joins in this Notice of Removal; see the Joinder of ATTM.

## NON-WAIVER OF DEFENSES

19. Apple expressly reserves all of its defenses. Apple denies any liability or that plaintiffs or any consumer has been injured in any way. *See, e.g., Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("the fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.")

Dated: November 7, 2007

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Alfred C. Pfeiffer
Christopher S. Yates
Adrian F. Davis

By _____
Christopher S. Yates
Attorneys for Defendant

SF\631278