Max Folkenflik, Esq.
**FOLKENFLIK & McGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone:   (212) 757-0400
Facsimile:   (212) 757-2010

H. Tim Hoffman, Esq.
Arthur W. Lazear, Esq.
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite #1550
Oakland, CA  94612
Telephone:   (510) 763-5700
Facsimile:   (510) 835-1311

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PAUL HOLMAN and LUCY RIVELLO,, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: C 07-05152 JW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT AT&T MOBILITY, LLC's ADMINISTRATIVE MOTION TO ENLARGE TIME** |

1.      While Plaintiffs have been and continue to be willing to grant professional courtesies and enlarge time when requested for professional or personal reasons, the Administrative Motion for an Extension by AT&T should be denied because it based solely on the ground that this case must be litigated on the identical schedule as a separate case, *Smith v. Apple, Inc.*, Case No. 07-cv-

05662 (RMW). The *Smith* case was removed to this Court on November 7, 2007 and assigned to Judge Whyte. On December 9, 2007, Defendant Apple made an Administrative Motion to have the *Smith* case marked as related to this case. That motion has not yet been ruled upon.

2. There simply is no "administrative" or "judicial" convenience to having motions on these two cases briefed on the exact same day as opposed to separate schedules a few weeks apart. Ultimately, the Court may well treat the two cases as related and it is possible they even could be consolidated, but unless and until the Court determines that is the proper course, they remain separate with separate complaints containing some similar and many separate and different claims which must and will be addressed separately whether by motion or otherwise.

3. Further, AT&T seems to intend to move to compel arbitration. This case arises out of the purchase of an iPhone, a high-end multi-media computerized cellular telephone. Defendant Apple, Inc. ("Apple") is the manufacturer of the iPhone. It sells the iPhone itself, and also through Defendant AT&T Mobility, LLC ("AT&T") pursuant to an exclusive distribution and services agreement between AT&T and Apple. The AT&T agreement, which a customer agrees to after buying the iPhone, by connecting the iPhone to his/her computer and activating it. The AT&T Terms of Service, which is annexed to the moving papers (Collado Exhibit 1) contains an arbitration clause.[1]

---

[1] There is a serious question as to whether this contractual formation procedure is sufficient to give AT&T the right to enforce the arbitration agreement at all. *See, e.g., Specht v. Netscape Communs. Corp.*, 306 F.3d 17 (2d Cir., 2002) ("clickthrough" arbitration clause not enforced); A post-purchase change in a prior oral or written agreement to include arbitration clause unenforceable under California law absent express

4.   However, the arbitration agreement on which AT&T relies is unenforceable as a matter of California law (which the contract specifies) because it contains an unconscionable class action waiver.[2] Binding Ninth Circuit precedent requires this Court to deny enforcement. *See, e.g., Ting v. AT&T*, 319 F.3d 1126, 1150 (9th Cir. 2003) (under California law the AT&T arbitration clause with class action waiver is unconscionable and unenforceable.); *Lozano v. AT&T Wireless Servs.*, 2007 U.S. App. LEXIS 22430, 7-8 (9th Cir. 2007) ( reaffirming the ruling in *Ting v. AT&T)*; *See also, Discover Bank v. Superior Court*, 36 Cal. 4th 148, 162 (2005) (under California law, class action waiver unconscionable and unenforceable in a consumer contract of

---

consent. *Long v. Fidelity Water Systems, Inc.*, 2000 U.S. Dist. LEXIS 7827, at *9 (N.D. Cal. May 24, 2000); *Badie v. Bank of America*, 67 Cal. App. 4th 779 (Cal. Ct. App. 1998). *See, also, Stone v. Golden Wexler and Sarnese P.C.*, 341 F. Supp. 2d 189 (E.D.N.Y. 2004) (construing Virginia law, but both parties conceded result would be same under New York law); *S&T Sportswear Corp. v. Drake Fabrics, Inc.*, 190 A.D.2d 598 (1st Dep't 1993)(N.Y. law) ("the addition of an arbitration clause to an oral agreement is considered a material alteration that must be "explicitly" agreed to by the parties" ); *accord, Marek v. Alexander Laufer & Sons, Inc.*, 257 A.D.2d 363, 364 (1st Dep't 1999).

[2] The agreement states: "Any arbitration under this agreement will take place on an individual basis; class arbitrations and class actions are not permitted. AT&T Terms of Service Agreement, Dispute Resolution by Binding Arbitration, Summary at Collado Exhibit 1 at 11. It also says in the section headed "Arbitration Agreement" "you agree that by entering into this agreement you and AT&T are each waiving the right to a trial by jury or to participate in a class action." *Id.* at 12. See also, Arbitration Agreement Section 6, *id.* at 15.

adhesion where potential claims predictably involve small amounts of damages). Similar language in AT&T's arbitration clause under its prior name (Cingular) has also recently been held unconscionable and unenforceable under other state law similar to the laws of California. *See Scott v. Cingular Wireless*, 160 Wn.2d 843, 855 (Wash. 2007). Accordingly, there is no reason to further delay presentation and resolution of that motion.

5. The generalized conclusory claims of "convenience" in AT&T's administrative motion are do not withstand scrutiny. The only proper way to proceed at this time is to allow the case to move forward independently, and to not be tied to the briefing schedule in *Smith*.

Respectfully,

**FOLKENFLIK & McGERITY**
Max Folkenflik, Esq.
Margaret McGerity, Esq.
1500 Broadway, 21st Floor
New York, NY  10036

**HOFFMAN & LAZEAR**

By: /s/
H. Tim Hoffman, Esq.
Arthur W. Lazear, Esq.
180 Grand Avenue, Suite #1550
Oakland, CA  94612

*Attorneys for Plaintiffs*