LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
  Alfred C. Pfeiffer, Jr. (Bar No. 120965)
  Christopher S. Yates (Bar No. 161273)
  Adrian F. Davis (Bar No. 215827)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email:   Dan.Wall@lw.com
Email:   Al.Pfeiffer@lw.com
Email:   Chris.Yates@lw.com
Email:   Adrian.Davis@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTI-TRUST LITIGATION | CASE NO. C 07-05152 JW<br><br>**NOTICE OF PENDENCY OF ACTION OR OTHER PROCEEDING**<br><br>**[CIVIL LOCAL RULE 3-13]**<br><br>Judge:  Honorable James Ware |

1  Defendant Apple Inc. ("Apple") hereby notifies the Court, pursuant to Civil Local
2  Rule 3-13, of the pendency of another action which involves the same or similar subject matter
3  and substantially all of the same parties as the instant consolidated action.  An action pending in
4  the United States District Court for the Southern District of New York, *Kliegerman v. Apple Inc.*
5  *and AT&T Mobility LLC,* Case No. 1-07-CV-08404-PKC ("*Kliegerman*"), and this consolidated
6  action involve the same defendants (Apple and AT&T Mobility LLC), and challenge the same
7  agreement between Apple and AT&T Mobility LLC ("ATTM") concerning the iPhone, alleging
8  that the agreement violates the antitrust and unfair competition laws.  In addition, like this
9  consolidated action, *Kliegerman* also challenges various business conduct related to the iPhone
10 and software updates to the iPhone and purports to be a class action brought on behalf of all
11 purchasers of the iPhone.
12 *Kliegerman* was filed on August 27, 2007, in the Supreme Court of the State of
13 New York, County of New York, Index No. 111681/2007.  Apple removed the action on
14 September 27, 2007 to the United States District Court for the Southern District of New York.
15 The original complaint in *Kliegerman*, which was brought against only Apple, alleged that Apple
16 failed to adequately warn iPhone purchasers that the iPhone was locked to only accept ATTM
17 SIM cards, that SIM card unlocking codes would not be provided to iPhone owners, and that
18 iPhone owners would incur roaming charges when traveling abroad.  The sole claim for relief
19 was based on alleged violations of New York General Business Law § 349.
20 Plaintiff *Kliegerman* amended his complaint on November 16, 2007.  The
21 Amended Complaint alleges that Apple and ATTM entered into what plaintiff calls an unlawful
22 agreement under which ATTM will be the exclusive provider of phone and data services for the
23 iPhone in the United States and Apple will allegedly receive a portion of ATTM's profits.
24 *Kliegerman* Amended Class Action Complaint ("ACAC," attached hereto as Exhibit 1) ¶¶ 54,
25 55.  The Amended Complaint further alleges that through the use of a software lock and a
26 software update, Apple has prohibited iPhone owners from unlocking their phones for use with
27 cellular telephone service providers other than ATTM.  *Kliegerman* ACAC ¶¶ 73-83.  Based on
28 these allegations, the Amended Complaint asserts counts for monopolization and attempted

1  monopolization in violation of Section 2 of the Sherman Act, unfair business practices under
2  California Business & Professions Code § 17200 and the laws of other states, trespass to chattels,
3  and violation of the Magnuson-Moss Warranty Act.  In short, the factual allegations and legal
4  claims of the *Kliegerman* case and this consolidated action are substantially similar, and are all
5  based on the same alleged agreements and practices of Apple and ATTM.  In addition, plaintiffs
6  in both this consolidated action and in *Kliegerman* purport to represent classes consisting of all
7  purchasers of iPhones in the United States.  *Kliegerman* ACAC ¶ 85.
8           On December 6, 2007, counsel for Apple notified the Honorable P. Kevin Castel,
9  United States District Judge, Southern District of New York, of Your Honor's Order
10 consolidating the *Smith v. Apple* and *Holman v. Apple* cases.  A copy of that letter is attached
11 hereto as Exhibit 2.
12          Apple believes that transfer of the *Kliegerman* action to this Court will avoid
13 conflicts, conserve resources, and otherwise promote efficient determination of the actions, and
14 plans to bring a motion to transfer *Kliegerman* to this Court pursuant to 28 U.S.C. §1404(a).
15 Under Judge Castel's Individual Practices, Apple submitted a letter to Judge Castel on December
16 18, 2008 requesting a pre-motion conference at which Apple would seek leave to file a motion to
17 transfer the *Kliegerman* case to the Northern District of California; a copy of Apple's letter to
18 Judge Castel is attached hereto as Exhibit 3.  On December 19, 2007, Judge Castel issued an
19 Order waiving the pre-motion conference, granting Apple leave to proceed with the motion to
20 transfer, and adjourning the time to respond to the Amended Complaint pending a decision on
21 the motion to transfer; a copy of Judge's Castel's Order is attached hereto as Exhibit 4.
22 ///
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: December 20, 2007 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | |
| 4 | | By   /s/ Christopher S. Yates |
| 5 | | Christopher S. Yates<br>Attorneys for Defendant<br>APPLE INC. |

SF\637383

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF PENDENCY
CASE NOS. C 07-5152 JW