# EXHIBIT 4



**LATHAM&WATKINS**LLP

Daniel M. Wall
Direct Dial: (415) 395-8240
dan.wall@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES
Barcelona — New Jersey
Brussels — New York
Chicago — Northern Virginia
Frankfurt — Orange County
Hamburg — Paris
Hong Kong — San Diego
London — San Francisco
Los Angeles — Shanghai
Madrid — Silicon Valley
Milan — Singapore
Moscow — Tokyo
Munich — Washington, D.C.

December 18, 2007

**MEMO ENDORSED**

[Handwritten endorsement: Premotion conference waived. Proceed with motion provided it is filed by Jan. 18, 2008. Time to answer adjourned pending decision on transfer. SO ORDERED. 12-19-07 /s/ PKC USDJ]

BY HAND DELIVERY

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

[Stamp: RECEIVED DEC 19 2007 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.]

Re: *Herbert H. Kliegerman, et al. v. Apple, Inc. and AT&T Mobility, LLC* (No. 07-CV-08404-PKC)

[Stamp: USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 12/19/07]

Dear Judge Castel:

We represent defendant Apple Inc. ("Apple") in *Herbert H. Kliegerman, et al. v. Apple, Inc. and AT&T Mobility, LLC*, Case No. 07-CV-08404-PKC ("*Kliegerman*"), currently pending before Your Honor. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to transfer this action pursuant to 28 U.S.C. § 1404 to the United States District Court for the Northern District of California. In addition, to avoid duplicative motion practice and disclosure obligations in two different District Courts, Apple seeks to extend the time to respond to the Amended Complaint and to provide Rule 26 disclosures pending a decision on the transfer of this action. Apple intends to move to dismiss the Amended Complaint pursuant to Rule 12(b)(6), so absent the requested extension, Apple will need to write to the Court very soon to request a pre-motion conference on that issue. This letter summarizes the basis for the anticipated motion to transfer only.

***Summary of the related cases pending in this Court and the Northern District of California:***

By Order dated November 30, 2007, the Honorable James Ware related and consolidated two cases pending in the United States District Court for the Northern District of California. *See* Letter from Daniel M. Wall to the Honorable P. Kevin Castel, dated December 4, 2007. *Sua sponte*, Judge Ware ordered a consolidated amended complaint filed and further ordered the use of the caption *In re Apple and AT&TM Anti-Trust Litigation*, (N.D. Cal. No. CV-07-05152-JW). The present case and *In re Apple and AT&TM Anti-Trust Litigation* involve the same defendants (Apple and AT&T Mobility LLC ("ATTM")), and challenge the same agreement between Apple and ATTM concerning the iPhone, alleging that the agreement violates the antitrust and unfair competition laws. In addition, like this action, *In re Apple and AT&TM Anti-Trust Litigation*,

Hon. P. Kevin Castel
December 18, 2007
Page 2

## LATHAM&WATKINS LLP

also challenges various business conduct related to the iPhone and software updates to the iPhone. Finally, *Kliegerman* and *In re Apple and AT&TM Anti-Trust Litigation* purport to be class actions brought on behalf of all purchasers of the iPhone.

### *Summary of the basis for the anticipated motion:*

Apple respectfully seeks leave to file a motion to transfer this case to the Northern District of California pursuant to 28 U.S.C. §1404(a). A transfer is appropriate if (1) the case "might have been brought" in the transferee district; and (2) the district court finds that transfer of venue would serve "the interest of justice and the convenience of the litigation." *In Re Connetics Secs. Litig.*, 2007 U.S. Dist. LEXIS 38480, * 7 (S.D.N.Y. May 23, 2007) (citing *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) and *In Re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998)).

Since Apple's headquarters is within the Northern District and ATTM does business in the Northern District, this action could have been brought in the Northern District of California. *See* 28 U.S.C. § 1391. In addition, given the pendency of *In re Apple and AT&TM Anti-Trust Litigation*, a transfer to the Northern District would promote the interest of justice and convenience of the litigation.

First, *Kliegerman* and *In re Apple and AT&TM Anti-Trust Litigation*, involve the same defendants and challenge the same alleged agreement and conduct. Therefore, absent a transfer and consolidation of the actions, duplicative discovery will need to be taken in two separate actions and generally there will be a duplicative expenditure of resources by the parties and Courts. There is, of course, a "strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicative litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *In re Connetics Secs. Litig.*, 2007 U.S. Dist. LEXIS 38480 at * 28 (quoting *Savin v. CSX Corp.*, 657 F. Supp. 1210, 1214 (S.D.N.Y. 1988) and *Wyndham Assocs. v. Bintliff, A.G.*, 398 F.2d 614, 619 (2d Cir. 1968). In addition, since the cases are class actions, consolidated proceedings are effectively required so there can be one class represented by one set of court-appointed counsel, rather than competing classes of the same persons.

In addition, the convenience of witnesses – which is a "powerful factor governing the decision to transfer a case," *Royal Ins. Co. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998) – weighs in favor of transfer. Here, only plaintiff Kliegerman is located in this District. In contrast, the key Apple witnesses live and reside in California, which is where Apple's headquarters are located and the state in which it is incorporated. (We understand ATTM's witnesses are predominantly in Atlanta, Georgia.) Other factors weighing in favor of a transfer are the locus of operative facts – "a primary factor" in determining whether to transfer venue," *MK Systems, Inc. v. Schmidt*, 2005 U.S. Dist. LEXIS 3877, *15 (S.D.N.Y. Mar. 10, 2005) – and the location of relevant documents. Most of the conduct which forms the basis for the allegations in the *Kliegerman* Amended Complaint emanated from California, and that is also where Apple's records are located.

Plaintiff's choice of forum is usually entitled to deference, but not here, since plaintiff has chosen to copy many of the allegations of the California action and bring this case as a putative

Hon. P. Kevin Castel
December 18, 2007
Page 3

**LATHAM&WATKINS**LLP

nationwide class action. *Shulof v. Westinghouse Elec. Corp.*, 402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) (quoting *Koster v. Lumbermens Mutual Co.*, 330 U.S. 518, 524 (1947); *see also In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *15 ("Oklahoma Teachers purports to bring this action on behalf of a nationwide class of purchasers of Connetics securities, many of whom will not be New York residents. Since many class members will be inconvenienced regardless of whether the instant suit proceeds in this District or the Northern District of California, the plaintiffs' residence provides no support for keeping this suit in New York."). In addition, the fact that the original Complaint in *Kliegerman* was filed shortly before the California actions does not preclude a transfer, since no substantive motions have been filed in either case and the "balance of convenience" clearly favors transfer. *See, e.g., American S.S. Owners Mut. Protection & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 2007 U.S. Dist. LEXIS 3652 *14-15 (S.D.N.Y. 2007) ("the [first-filed] rule need not be applied where there is a showing of balance of convenience or special circumstances giving priority to the second case. Special circumstances include situations where there is only a short span of time between the filing of the two actions, where there is a lack of progress in either litigation, or where the interest of justice favors the second action. The determination as to whether there are circumstances warranting departure from the first-filed rule is committed to the sound discretion of the district court."); *International Securities Exchange, LLC v. Chicago Board Options Exchange, Inc.*, 2007 U.S. Dist. LEXIS 58790, *5 (S.D.N.Y. Aug. 9, 2007); *MK Systems, Inc. v. Schmidt*, 2005 U.S. Dist. LEXIS 3877, *8-11 (S.D.N.Y. Mar. 10, 2005).

In short, transfer of this action to the Northern District of California, where it can be consolidated with *In re Apple and AT&TM Anti-Trust Litigation*, would serve the interest of justice and the convenience of the litigation. In order to avoid duplicative motion practice in two different District Courts (and duplicative Rule 26 disclosure obligations), Apple also seeks an extension of its time to respond to the Amended Complaint and to provide Rule 26 disclosures pending a decision on the motion to transfer.[1]

We are prepared to make ourselves available for a pre-motion conference at Your Honor's convenience, by telephone or in person.

Respectfully submitted,

Daniel M. Wall
of Latham & Watkins LLP
*(Pro Hac Vice)*

cc:   Counsel for Plaintiffs and AT&T Mobility LLC (By email)

---

[1] Apple understands that ATTM intends to seek a pre-motion conference seeking leave to file a motion to compel arbitration and seeking a stay on ATTM's obligation to respond to the Amended Complaint and to provide Rule 26 disclosure obligations pending a decision on that motion; Apple has no objection to ATTM's request for a stay.