LATHAM & WATKINS LLP
Daniel M. Wall (Bar No. 102580)
Alfred C. Pfeiffer, Jr. (Bar No. 120965)
Christopher S. Yates (Bar No. 161273)
Adrian F. Davis (Bar No. 215827)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Dan.Wall@lw.com
Email: Al.Pfeiffer@lw.com
Email: Chris.Yates@lw.com
Email: Adrian.Davis@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION | CASE NO. 07-cv-5152-JW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 28, 2008<br>Time: 10:00 AM<br>Place: Courtroom 8, 4th Floor<br>Judge: The Honorable James Ware |

Pursuant to Civil Local Rule 16-9, the undersigned counsel jointly submit this Case Management Statement. Except as otherwise stated herein, the Parties are in agreement as to the provisions contained herein.

**JURISDICTION AND SERVICE**

This Court has jurisdiction pursuant to the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, and 28 U.S.C. §§ 1331 and 1337, and also pursuant to 28 U.S.C. §1332(d)(2) because diversity of citizenship exists between parties in this action, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more members of the proposed Plaintiff Class. There are no disputes regarding jurisdiction or service.

**CASE STATUS**

This case is the consolidation of two purported class actions involving Apple's introduction of the iPhone in conjunction with service provided by AT&T Mobility: *Holman and Rivello, et al. v. Apple, Inc., AT&T Mobility LLC,* (No. 07-CV-05152-JW) and *Timothy Smith, et al. v. Apple, Inc. et al.* (No.07-CV-05662-RMW). *Holman* was commenced by original action in this Court on October 5, 2007. *Smith* was commenced by an action in the Santa Clara Superior Court, and subsequently removed to this Court. Following removal, Apple filed a motion to relate *Smith* and *Holman* pursuant to Civil Local Rule 3-12. Plaintiffs did not oppose Apple's motion.

By order dated November 30, 2007, this Court: (a) granted Apple's motion to relate *Smith* and *Holman*; (b) *sua sponte* consolidated the two cases under the name *In Re Apple and AT&TM Anti-Trust Litigation*; (c) appointed counsel for *Smith* and *Holman* as Co-Lead Counsel; and (d) ordered the plaintiffs to file a Consolidated Amended Complaint (which date was extended by stipulation and order to January 18, 2008).

Counsel for plaintiffs in *Smith* has determined that it is not appropriate for counsel for plaintiffs in *Holman* to appear as Co-Lead Counsel and intends to move to disqualify counsel for plaintiffs in *Holman*. Counsel for plaintiffs in *Holman* believes that the intended motion is without any foundation. As a result of this dispute, plaintiffs are unable to agree on a Consolidated Amended Complaint and cannot file a Consolidated Amended Complaint on

January 18, 2008. Counsel for Apple and AT&T Mobility have informed counsel for plaintiffs that defendants will not oppose an Administrative Motion which seeks to vacate the current date for the filing of a Consolidated Amended Complaint.

**INABILITY TO COMPLETE CERTAIN ITEMS ON THIS CASE MANAGEMENT STATEMENT**

The parties agree that in light of the dispute between counsel in *Smith* and *Holman* and the fact that as a result of the dispute plaintiffs cannot file a Consolidated Amended Complaint, items 2-3, 5-9, 11-12, and 14-18 of this Court's Standing Order cannot be completed at this time.

**MOTIONS**

Since no Consolidated Amended Complaint has been filed, the parties describe below only those motions which they presently expect to be filed.

(1) Plaintiffs' counsel in *Smith* intends to file a motion to disqualify counsel in *Holman* and will seek to have the Court set a briefing schedule at the January 28, 2008, Initial Case Management Conference. Plaintiffs' counsel in *Holman* intends to oppose the motion and to move for an order appointing Max Folkenflik as Lead Counsel. Apple and AT&T Mobility take no position on any such motions.

(2) AT&T Mobility intends to move to compel arbitration of any claims against it under the terms of its contracts with the plaintiffs, but believes that it cannot properly do so until the court appoints counsel with authority to address that motion.

**RELATED CASES**

On December 20, 2007 (Document 38), counsel for Apple filed a Notice of Pendency of Action or Other Proceeding pursuant to Civil Local Rule 3-13, notifying the Court of the pendency of another action which involves the same or similar subject matter and substantially all of the same parties as the instant case. That case, *Kliegerman, et al. v. Apple, Inc., AT&T Mobility LLC* (No. 07-CV-8404 (PKC), is currently pending in the United States District Court for the Southern District of New York. In accordance with Judge Castel's Individual Practices, on December 18, 2007, Apple submitted a letter brief seeking a pre-motion

conference at which it would seek leave to file a motion to transfer the *Kliegerman* action to this District. On December 19, 2007, Judge Castel issued an Order waiving the pre-motion conference, granting Apple leave to proceed with the motion to transfer and specifying that the motion should be filed on or before January 18, 2008, and adjourning the time to respond to the Amended Complaint pending a decision on the motion to transfer. On January 18, 2008, Apple moved to transfer *Kliegerman* to this District pursuant to 28 U.S.C. § 1404(a). A copy of Apple's motion to transfer is attached hereto as Exhibit 1.

Counsel for plaintiffs in *Smith* believes that the case *Zoltan Steiner and Ynez Steiner, et al. v. Apple Computer, Inc., AT&T Mobility, LLC, et al.* (No. C-07-04486 SBA), presently pending before Judge Armstrong of this District is a related case.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

**OTHER MATTERS**

Given the dispute between counsel in *Smith* and *Holman* and the fact that as a result of the dispute plaintiffs cannot file a Consolidated Amended Complaint, the Court will need to address the dates for the filing of a Consolidated Amended Complaint and Initial Disclosures, and the management of the case pending resolution of the appointment of Lead Counsel for the plaintiffs.

Counsel for plaintiffs in *Smith* is considering associating a new counsel in this matter.

Dated: January 18, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Alfred C. Pfeiffer
Christopher S. Yates

By /s/ Christopher S. Yates
Christopher S. Yates
Attorneys for Defendant
APPLE INC.

Dated: January 18, 2008

Respectfully submitted,

CROWELL & MORING LLP

By /s/ Daniel A. Sasse
Daniel A. Sasse
Attorneys for Defendant
AT&T MOBILITY LLC

Dated: January 18, 2008

Respectfully submitted,

FOLKENFLIK & MCGERITY

By /s/ Max Folkenflik
Max Folkenflik
Attorneys for Plaintiffs
HOLMAN, RIVELLO, ET AL.

Dated: January 18, 2008

Respectfully submitted,

LAW OFFICES OF DAMIAN R. FERNANDEZ

By /s/ Damian R. Fernandez
Damian R. Fernandez
Attorneys for Plaintiffs
TIMOTHY SMITH, ET AL.

**ELECTRONIC CASE FILING ATTESTATION**
**(General Order No. 45(X)(B))**

I, Christopher S. Yates, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: January 18, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Alfred C. Pfeiffer
Christopher S. Yates

By /s/ Christopher S. Yates
Christopher S. Yates
Attorneys for Defendant
APPLE INC.