Damian R. Fernandez (206662)
**LAW OFFICE OF DAMIAN R. FERNANDEZ**
14510 Big Basin Way, Suite A, PMB 285
Saratoga, California 95070-6091
Telephone: (408) 354-8684
Facsimile: (408) 904-7391
Email: damianfernandez@gmail.com

Eric H. Gibbs (CA Bar No. 178658)
Elizabeth C. Pritzker (CA Bar No. 146267)
Aaron M. Sheanin (CA Bar No. 214472)
Geoffrey A. Munroe (CA Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION | **Case No. 07-cv-05152 JW**<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date:  March 10, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8<br><br>Honorable James Ware |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND ................................................................................................... 3

III.  ARGUMENT ........................................................................................................ 4

    A.    Rule 23(g) Places a Premium on Experience, Knowledge, and Resources in the Selection of Class Counsel ................................................................................................. 4

    B.    Counsel Have Conducted Extensive Factual and Legal Research Investigating the Alleged Unlawful and Unfair Business Practices of Apple and AT&T. ................................ 5

    C.    Girard Gibbs and Fernandez Possess the Experience and Knowledge of the Facts And Applicable Law to Best Represent the Interests of the Class ................................... 6

        1.    Girard Gibbs ................................................................................................. 6

            a.    Consumer Protection Experience ........................................................ 6

            b.    Telecommunications Experience ........................................................ 8

            c.    Antitrust Experience .......................................................................... 8

            d.    Complex Litigation and Federal Practice Experience ......................... 9

        2.    Law Office of Damian R. Fernandez ............................................................ 10

    D.    Girard Gibbs and Fernandez Will Devote Substantial Resources to Efficiently Prosecute this Action ................................................................................................................. 10

    E.    Girard Gibbs Has Good Working Relationships With The Firms Involved in this Case and is Committed to Working on this Case in a Professional and Cooperative Manner ...... 11

    F.    Folkenflik Does Not Meet the Requirements of Federal Rule of Civil Procedure 23(g) ..... 11

        1     The Folenflik Firm Lacks the Experience and Resources to Prosecute ............... 11 This Complex Class Action Vigorously

        2.    Folkenflik's Representation of Plaintiffs Against Apple and AT&T in Another Putative Class Action Creates a Conflict of Interest Here ............................. 12

ii

G.   Wolf Haldenstein Adler Freeman & Herz Will Not Be Able to Represent the Interests
of the Putative Plaintiff Class as Well as the Girard Gibbs and Fernandez Firms ............... 14

IV.   CONCLUSION .................................................................................................................... 15

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW

1
2
## <u>TABLE OF AUTHORITY</u>
3
**Cases**
4
*Coleman v. General Motors Acceptance Corp.*
220 F.R.D. 64 (M.D. Tenn. 2004) ................................................................................ 3
5
6
*Donaldson v. Pharmacia Pension Plan*
2006 U.S. Dist. 28697 (S.D. Ill. May 10, 2006) ........................................................ 4
7
8
*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998). .................................................................................... 12
9
10
*In re Cardinal Health, Inc. ERISA Litigation*
225 F.R.D. 552 (S.D. Ohio 2005) ............................................................................... 4
11
12
*Kayes v. Pacific Lumber Co.*
51 F.3d 1449 (9th Cir. 1995) ...................................................................................... 12
13
14
*Kurczi v. Eli Lilly & Co.*
160 F.R.D. 667 (N.D. Ohio 1995) ............................................................................... 12
15
*Sullivan v. Chase Inv. Servs. Of Boston, Inc.*
79 F.R.D. 246 (N.D. Cal. 1978) ................................................................................. 12
16
17
**Statutes**
18
Fed. R. Civ. P. 23(g)(2) ................................................................................... 4, 6, 12
19
20
Fed. R. Civ. P. 23(g)(4) ..................................................................................... 4,12
21
Fed. R. Civ. P. 23(g)(3) ......................................................................................... 4
22
Fed. R. Civ. P. 23(g)(1)(A) .................................................................................... 5
23
24
**Rules**
25
26
Rule 23(g) .................................................................................................... 1, 3, 4
27
Rule 23(g)(1) ........................................................................................................ 2
28

iv

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 10, 2008 at 10:00 a.m. or as soon as the matter may be heard before the Honorable James Ware in Courtroom 8 of the United States District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, the law firms of Girard Gibbs LLP and the Law Office of Damian R. Fernandez will and hereby do move the Court for an order appointing these two firms as Interim Co-Lead Class Counsel for the putative plaintiff class in this action.

This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure as the appointment of Interim Co-Lead Class Counsel is appropriate at this time to "fairly and adequately represent the interests of the class." This complex case will benefit from the appointment of a law firm of dedicated class action attorneys with substantial antitrust experience and a law firm with strong litigation experience that has already expended considerable time and effort developing an extensive knowledge base of the facts of this case. These two firms possess not only the resources but also the experience and knowledge to prosecute this case vigorously. This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities which follows, the declarations of Eric H. Gibbs and Damian R. Fernandez, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firm of Girard Gibbs LLP ("Girard Gibbs") and the Law Office of Damian R. Fernandez ("Fernandez") seek appointment to serve jointly as Interim Co-Lead Class Counsel for the putative plaintiff class in the cases involving allegations of antitrust violations and unfair and unlawful business practices of Defendants Apple, Inc. ("Apple") and AT&T Mobility LLC ("AT&T") for their unlawful tying of iPhones to AT&T's cellular telephone service and denying iPhone users the right to use third party applications on their iPhones. *In re Apple & AT&TM Antitrust Litigation*, Case No. 07-CV-05152 JW.  Furthermore, Apple engineered

1

1   software updates for the iPhone to disable and render useless iPhones that were either unlocked to use

2   cellular telephone services other then AT&T or downloaded third party applications.

3        The appointment of Interim Co-Lead Class Counsel is appropriate here because it will assist in

4   streamlining the conduct of this complex litigation by installing into the position of Interim Co-Lead

5   Class Counsel two law firms that possess the necessary antitrust, consumer, and class action ability and

6   knowledge of the facts to prosecute this action for the benefit of the putative class members.  On

7   November 30, 2007, this Court issued an order consolidating the *Paul Holman, et. al. v. Apple, Inc. et.*

8   *al.* action (represented by the law firms of Folkenflik & McGerity ("Folkenflik") and Hoffman &

9   Lazear ("Hoffman")) with the *Timothy Smith, et. al. v. Apple, Inc. et. al.* action (represented by

10  Fernandez) and naming the attorneys for each action as Co-Lead Counsel. *See* Doc. No. 34.  At the

11  Case Management Conference on January 28, 2008, this Court indicated it would reconsider this issue

12  and ordered that Fernandez file a motion for appointment of interim co-lead class counsel. *See* Doc.

13  No. 57.

14       Girard Gibbs and Fernandez are more then qualified to serve as Interim Co-Lead Class Counsel

15  because they possess exemplary qualifications and experience as antitrust and consumer protection

16  litigators and the resources and manpower to devote to a litigation of this magnitude and complexity.

17  Girard Gibbs has extensive litigation experience in both federal and state court and has served as lead

18  or co-lead counsel on many of the nation's largest class action cases.  Fernandez has actively

19  prosecuted this action and has already expended considerable time and effort conducting both factual

20  and legal research regarding the alleged misconduct of Apple and AT&T.  Girard Gibbs' class action

21  experience, along with the knowledge base and litigation skill of Fernandez, provides putative class

22  members with a team of advocates that is able to best serve the interests of the class.

23       Folkenflik lacks experience in antitrust cases and complex class actions.   The Folkenflik firm

24  is a two-person law firm based out of New York City without the resources and litigation experience to

25  actively and vigorously prosecute a complex class action in the Northern District of California.

26  Folkenflik lacks the financial and legal resources to fairly and adequately represent the interests of the

27  class as required by Rule 23(g)(1) of the Federal Rules of Civil Procedure.  Moreover, as counsel in

28  another case against Apple, a potential conflict of interest exists that may affect the ability of the

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW

1 Folkenflik firm (and their local counsel) from developing a litigation strategy and acting in the best

2 interests of the class. Therefore, a leadership structure of Girard Gibbs and Fernandez avoids any

3 questions regarding the full loyalty of lead counsel while providing the putative class members with a

4 team of experienced lawyers that will vigorously litigate this case against Apple and AT&T.

5 　　　When considering this motion, the Court must determine who will best provide leadership and

6 protect the interests of the class, and who will best be able to accomplish the goals of efficiency and

7 economy in doing so. *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D.

8 Tenn. 2004); *see also* Manual for Complex Litigation (Fourth) ¶ 10.221 (2004).  Together, Girard

9 Gibbs and Fernandez offer a strong legal team with decades of experience in complex class actions and

10 in-depth knowledge of the facts and legal issues specific to this litigation.  Girard Gibbs and Fernandez

11 respectfully request that this Court disqualify the Folkenflik firm and their local counsel Hoffman &

12 Lazear and appoint the Girard Gibbs and Fernandez firms as Interim Co-Lead Class Counsel in this

13 action.

14 **II.    BACKGROUND**

15 　　　The iPhone was released on June 29, 2007.  On October 5, 2007, the Fernandez firm filed their

16 initial complaint against Apple and AT&T on behalf of a group of iPhone purchasers and others

17 similarly situated alleging violations of federal and California antitrust and consumer protection

18 statutes relating to the agreement by Apple and AT&T to restrict the cellular telephone service for

19 iPhone users to AT&T.  In addition, Apple improperly denied iPhone users the right to download and

20 use third party applications on their iPhones. On September 27, 2007, Apple released a software

21 update, known as the iPhone Software Version 1.1.1 that permanently disabled any iPhone that was

22 unlocked to allow service on a carrier other than AT&T or that downloaded and installed third party

23 applications. This process is referred to as "bricking" as it transformed an electronic device that

24 consumers had spent hundreds of dollars to acquire into an expensive brick. Moreover, Apple falsely

25 claimed that this software update was developed and issued for the protection of consumers, instead of

26 for the purpose of crippling the iPhones of those who would not submit to Apple's and AT&T's unfair

27 and illegal business practices.

28

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW

1       Eight days after Apple had used iPhone Software Version 1.1.1 to disable the iPhones, on

2   October 5, 2007, Fernandez filed the *Smith* action in Santa Clara Superior Court alleging that Apple

3   and AT&T had violated federal and California state antitrust and consumer protection laws. Fernandez

4   Decl., ¶ 2. That same day, the Folkenflik firm filed the *Holman* action in the Northern District of

5   California, which also challenged the iPhone's exclusivity agreement with AT&T. *Id.*, ¶ 3.

6       On November 2, 2007, Fernandez filed an amended complaint. *Id.*, ¶ 4. Five days later, on

7   November 7, 2007, Apple removed to remove the Smith action to federal court. *Id.*, ¶ 5. On

8   November 9, 2007, a motion was filed to designate the *Smith* and *Holman* actions as related cases and

9   to have both assigned to this Court. On November 30, 2007, this Court issued an order designating the

10  two cases as related and consolidating them as *In re: Apple & AT&TM Antitrust Litigation*, Case No.

11  07-CV-05152. *Id.; See also* Doc. No. 34. A Case Management Conference was held on January 28,

12  2008. After the Case Management Conference, this Court ordered that Fernandez file a motion for

13  appointment as interim lead counsel. *Id.*; *see also* Doc. No. 57.

14  **III.   ARGUMENT**

15      **A.   Rule 23(g) Places a Premium on Experience, Knowledge, and Resources in**
16              **the Selection of Class Counsel**

17      Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate

18  interim counsel to act on behalf of the putative class before determining whether to certify the action

19  as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are competing class actions

20  pending, "appointment of class counsel is necessary to protect the interests of class members."

21  *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006);

22  *see also In re Cardinal Health, Inc. ERISA Litigation*, 225 F.R.D. 552, 554 (S.D. Ohio 2005). An

23  attorney appointed to serve as class counsel "must fairly and adequately represent the interests of the

24  class." Fed. R. Civ. P. 23(g)(4). If there are multiple applicants seeking appointment as class counsel,

25  the court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P.

26  23(g)(2)(B) (emphasis added). In selecting lead class counsel, the Court must consider the following

27  factors:

28      (1)    the work counsel has done in identifying or investigating potential claims in the action;

---

4

(2)    counsel's experience in handling class actions, other complex litigation, and claims of

the type asserted in the action;

(3)    counsel's knowledge of the applicable law; and

(4)    the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  No single factor is determinative; all factors must be considered.

Advisory Committee Notes (2003 Amendments).

### B.    Counsel Have Conducted Extensive Factual and Legal Research Investigating the Alleged Unlawful and Unfair Business Practices of Apple and AT&T

The Fernandez firm has conducted extensive factual and legal research investigating the

alleged misconduct of Apple and AT&T.  Immediately after the iPhone was released in June 2007,

Apple indicated it would prevent iPhone users from using any cellular telephone service other then

AT&T.  Since that time, the Fernandez firm has expended over 350 hours already conducting factual

and legal research to identify potential claims to be brought against Apple and AT&T and

investigating the factual basis for bringing those claims.  Fernandez Decl., ¶ 12.

Counsel's research involved understanding the experience of actual iPhone users and the

practical application of Apple's stated policies regarding the iPhone. Extensive legal research was

conducted to ascertain what types of legal claims could be brought against Apple and AT&T and the

relative strengths and weaknesses of these claims. Counsel also spent considerable time researching

the factual basis to support those legal claims. Eight days after Apple launched Software Update

Version 1.1.1 and permanently disabled any iPhone that had been unlocked or had installed third party

applications, the Fernandez firm filed its initial complaint against Apple and AT&T.

In addition, Girard Gibbs has specific experience litigating against Apple and AT&T in

complex consumer protection class actions.  Girard Gibbs served as co-lead counsel in the *In re: iPod*

*Cases*, JCCP No. 4355, Case No. CIV 436509, which involved unfair and deceptive business practices

by Apple in the marketing and sale of iPods.  Girard Gibbs also successfully litigated a nationwide

class action involving an unlawful slamming scheme against AT&T.  *See, e.g., Lund v. AT&T Corp.*,

Case No. C 98-1500-DDP (C.D. Cal.).  Therefore, Girard Gibbs provides the putative plaintiff class

the benefit of counsel that has both knowledge of Apple's and AT&T's business practices and

1  litigation philosophy and experience vigorously prosecuting cases against both.  Girard Gibbs'

2  knowledge and experience litigating complex cases, including against Apple and AT&T, and

3  Fernandez's investment of time and energy in researching the factual and legal issues of this case

4  demonstrates that a leadership structure of Girard Gibbs and Fernandez will be "best able to represent

5  the interests of the class."  Fed. R. Civ. P. 23(g)(2)(B).

      **C.**    <u>**Girard Gibbs and Fernandez Possess the Experience and Knowledge of**</u>
             <u>**the Facts And Applicable Law to Best Represent the Interests of the Class**</u>

         **1.**    **Girard Gibbs**

9        Since the firm was founded in 1995, Girard Gibbs has compiled a record of success in

10  litigating and resolving complex class action litigation in a range of disciplines, including consumer

11  protection, telecommunications and antitrust.

         **a.**    **Consumer Protection Experience**

13        Girard Gibbs has served as lead or co-lead counsel in a variety of other consumer fraud actions

14  involving new technologies.  For instance, Girard Gibbs recently served as co-lead counsel in *In re:*

15  *iPod Litigation*, Case No. CIV 436509, (Cal. Super. Ct. San Mateo County), a nationwide class action

16  against Apple Computer regarding iPod battery life that provided warranty extensions, battery

17  replacements, cash payments, and store credits to those class members who experienced a battery

18  failure.  In granting final approval of the nationwide class action settlement in *In re iPod Litigation*,

19  the Honorable Beth L. Freeman described Girard Gibbs, as class counsel, as well-qualified and

20  experienced in class action litigation and found that Girard Gibbs obtained a substantial benefit on

21  behalf of the class.

22        Girard Gibbs served as co-lead counsel in *In re Sony BMG CD Technologies Litigation*, Case

23  No. 1:05-cv-09575-NRB (S.D.N.Y), a class action for violation of the federal Computer Fraud and

24  Abuse Act on behalf of millions of consumers who purchased SONY BMG music compact discs

25  encoded with digital rights management ("DRM") software which limited CD functionality and acted

26  as spyware on the users' computers. The Hon. Naomi Reice Buchwald granted approval to a

27  settlement that provided for a nationwide recall of certain CDs, the dissemination of software utilities

28  to remove the offending DRM, cash and other compensation for consumers, and injunctive relief

governing SONY BMG's use of DRM.

1    Girard Gibbs served as co-lead counsel in *In re PayPal Litigation*, Case No. C-02-1227-JF

2  (PVT) (N.D.Cal., S.J. Div. 2002), a nationwide class action brought against PayPal alleging violations

3  of the Electronic Funds Transfer Act ("EFTA") and California consumer protection statutes. The

4  plaintiffs alleged that PayPal did not comply with the EFTA when restricting access to consumers'

5  PayPal accounts, initiating certain electronic funds transfers or its error resolution processes. The

6  Honorable Jeremy Fogel granted final approval to a settlement valued at $14.35 million in cash and

7  returned funds, plus injunctive relief to ensure compliance with the EFTA.

8    Girard Gibbs served as co-lead class counsel in *In re America Online, Inc. Version 5.0*

9  *Software Litigation*, MDL Docket No. 1341 (S.D. Fla.), an MDL proceeding alleging violations of the

10  Computer Fraud and Abuse Act, federal antitrust laws and state consumer protection statutes based on

11  AOL's distribution of its Version 5.0 software upgrade. The Honorable Alan S. Gold granted final

12  approval to a $15.5 million cash settlement.

13    In addition, Girard Gibbs has substantial experience litigating other complex consumer class

14  actions.  As co-lead counsel in multiple cases alleging that General Motors' Dex-Cool engine coolant

15  failed to protect as represented, causing damage to vehicle cooling systems, Girard Gibbs successfully

16  obtained certification of a class of Missouri residents and a class of California residents who owned or

17  leased vehicles factory equipped with Dex-Cool *Coordinated General Motors Dex-Cool/Gasket*

18  *Litigation*, JCCP No. 4495 (Cal. Super. Ct. Alameda County); *Gutzler v. General Motors*, Case No.

19  03CV208786-01 (Circuit Ct. of Jackson County, MO). Less than two weeks before trial was to

20  commence on behalf of the Missouri class, General Motors agreed to settle all pending disputes on a

21  nationwide basis. Although the precise terms of the settlement remain confidential while the papers

22  are being finalized for court approval, the settlement will provide class members who paid for certain

23  vehicle repairs, such as an intake manifold gasket replacement, with substantial cash payments.

24    Girard Gibbs also recently served as court-appointed lead class counsel in *Paul v. HCI Direct,*

25  *Inc.*, Case No. RG03091369 (Cal. Super. Ct. Alameda County), in which the court granted class

26  certification and the Court of Appeals and California Supreme Court denied defendants' writ petition

27  and petition for review, respectfully. As class counsel in *Lehman v. Blue Shield of California*, Case

28  No. CGC-03-419349 (Cal. Super. Ct. San Francisco County), Girard Gibbs prosecuted a class action

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW

1  alleging breach of contract and unfair business practices based on Blue Shield's implementation of

2  risk tier changes and premium increases in connection with its Individual and Family Plans. The

3  vigorously contested litigation resulted in a favorable cash settlement for former subscribers to Blue

4  Shield's plans.

5  **b.    Telecommunications Experience**

6  Girard Gibbs is one of the nation's premier law firms with experience litigating class actions

7  against telecommunications companies, particularly for violations of the Federal Communications

8  Act. Girard Gibbs served as court-appointed co-lead counsel in *In re MCI Non-Subscriber Telephone*

9  *Rates Litigation*, MDL No. 1275 (S.D. Ill.), a nationwide class action case on behalf of all MCI

10  subscribers who were charged MCI's non-subscriber or "casual caller" rates and surcharges instead of

11  the lower rates which MCI advertises and which subscribers expect to be charged. The Honorable

12  David R. Herndon granted final approval of a settlement for over $90 million in cash. In approving

13  the settlement, Judge Herndon noted "the extraordinary result that was achieved by counsel for the

14  class in this matter."

15  In another matter, *Lund v. AT&T Corp.*, Case No. C 98-1500-DDP (AJW) (C.D. Cal.), Girard

16  Gibbs filed suit on behalf of a class of small businesses whose long-distance service was switched to

17  Business Discount Plan, Inc. The Honorable Dean D. Pregerson certified the class, appointed Girard

18  Gibbs class counsel, and ultimately approved a class settlement providing for full cash refunds and

19  free long-distance telephone service.

20  Girard Gibbs presently serves as lead counsel in *Telstar Resource Group, Inc. v. MCI, Inc.*, 05-

21  cv-10671-JGK (S.D.N.Y.), a nationwide class action alleging that Verizon Business simultaneously

22  billed federal and state Universal Service Fund charges to business customers who subscribed to

23  private-line or frame relay service in violation of the Federal Communications Act and FCC

24  regulations. In January 2008, the Honorable John G. Koeltl granted preliminary approval of multi-

25  million dollar settlement to reimburse class members for the alleged overcharges.

26  **c.    Antitrust Experience**

27  Girard Gibbs and its attorneys have substantial experience litigating class and non-class

28  antitrust actions involving allegations of price-fixing, monopolization, predatory pricing and group

1    boycott under the Sherman Act, Clayton Act, California Cartwright Act and unfair competition

2    statutes of other states. The firm's antitrust practice has involved a variety of industries including high

3    technology (memory chips), energy (natural gas), consumer services (air transportation), and

4    consumer goods (digital music).

5        Girard Gibbs presently serves as court-appointed liaison counsel on behalf of the direct

6    purchaser class in the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal). In

7    addition, the firm serves as co-chair of the Discovery Committee in *In re Natural Gas Anti-Trust*

8    *Cases I, II, III, & IV*, JCCP 4221, 4224, 4226 and 4228 (Cal. Super. Ct. San Diego County), antitrust

9    litigation against numerous natural gas companies for manipulating the California natural gas market,

10   which has achieved settlements of $153 million to date.

11       Girard Gibbs also represents clients in *In re Flash Memory Antitrust Litigation*, 07-cv-0086

12   (SBA) (N.D. Cal.); *In re Korean Airlines Co., Ltd. Antitrust Litigation*, MDL No. 1891 (SJO) (C.D.

13   Cal.); *In re Chocolate Confectionary Antitrust Litigation*, MDL No. 1935 (transfer motion pending);

14   *In re Transpacific Air Passenger Antitrust Litigation*, MDL No. 1913 (transfer motion pending); *In re*

15   *Digital Music Antitrust Litigation*, MDL No. 1780 (LAP) (S.D.N.Y.), *In re International Air*

16   *Transportation Surcharge Antitrust Litigation*, MDL No. 1793 (CRB) (N.D. Cal.), and *In re Static*

17   *Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819 (CW) (N.D. Cal.).

18               **d.    Complex Litigation and Federal Practice Experience**

19       Girard Gibbs has represented a broad range of clients in complex litigation. These clients

20   include some of the largest pension funds in the United States, including the California Public

21   Employees Retirement System, California State Teachers' Retirement System, the Kansas Public

22   Employees Retirement System, the State of Wisconsin Investment Board, the Louisiana Teachers'

23   Retirement System, the Louisiana State Employees Retirement System, and the Los Angeles County

24   Employees Retirement Association.

25       Moreover, as illustrated by the preceding compendium of cases, Girard Gibbs is experienced in

26   federal court practice and has a demonstrated record of commitment to high standards of service to the

27   federal courts. In August 2004, the late Chief Justice William Rehnquist appointed the firm's managing

28   partner Daniel C. Girard to the United States Judicial Conference Advisory Committee on Civil Rules.

Mr. Girard participated in the development of the "e-discovery" amendments to the Federal Rules of Civil Procedure. He is currently a member of a Civil Rules Committee task force evaluating potential changes to the Rule 26 expert witness discovery. Mr. Girard also serves on the American Law Institute Aggregate Litigation Project Members' Consultative Group.

### 2.    Law Office of Damian R. Fernandez

Damian Fernandez is an experienced trial lawyer with over eight years of litigation experience. He graduated from the University of San Diego School of Law in 1999. Fernandez Decl., ¶ 10. Mr. Fernandez was one of the first attorneys to investigate Apple's unfair business practices and conduct the factual and legal research necessary to set forth a complaint against Apple and AT&T for entering into an improper exclusivity agreement and then deceptively implementing a purported software upgrade that permanently disabled the iPhones of Apple customers. *Id.*, ¶ 11. Mr. Fernandez was also the first attorney to file a complaint raising antitrust allegations, Magnuson-Moss Warranty claims, Song-Beverly Act claims, Consumer Legal Remedies Act claims, and federal and state penal code causes of action that provide for civil remedies. *Id.* After permanently disabling the iPhones, Apple then refused to honor their warranty, in essence refusing to help their own customers after crippling the product that they purchased from Apple. *Id.* Mr. Fernandez has personally expended over 350 hours of attorney time conducting the legal research and developing the factual knowledge necessary to prosecute this case. *Id.* ¶ 12. Mr. Fernandez is dedicated to serving the best interests of the class. As evidence of his commitment to prosecuting this action in the best interests of the class, Mr. Fernandez has added to the legal talent for this case by associating in Girard Gibbs, which possesses both the requisite financial resources and class action experience. *Id.* ¶ 13.

### D.    Girard Gibbs and Fernandez Will Devote Substantial Resources to Efficiently Prosecute this Action

Girard Gibbs has extensive experience in prosecuting multidistrict litigation and class actions in state and federal courts throughout the country. Fernandez is an experienced litigator who is committed to this litigation and protecting the interests of the putative class members who were harmed by the actions of Apple and AT&T. Folkenflik and Hoffman lack the resources to commit to representing the putative plaintiff class. Between the two firms, there are less than five attorneys who will be able to prosecute this litigation. In addition, the Folkenflik firm is involved in a number of

10

different lawsuits across the country. As a two-person law firm, the Folkenflik firm will not be able to devote sufficient attorney time and resources to vigorously prosecute this action and prepare it for trial. As such, the interests of the putative plaintiff class are best served by combining a law firm with a well-developed knowledge base regarding the iPhone and the alleged misconduct of Apple and AT&T with a law firm that will be able to provide the attorney time, trial ability, class financial resources and support staff necessary to successfully litigate a complex class action against a major corporations represented by major defense firms including Latham & Watkins LLP, Mayer Brown LLP and Crowell & Moring LLP.

      **E.**      <u>**Girard Gibbs Has Good Working Relationships With The Firms Involved in this Case and is Committed to Working on this Case in a Professional and Cooperative Manner**</u>

Over the years, Girard Gibbs has, at one time or another, worked with many law firms, including those involved in this case, often in complex litigations such as this one. For example, Girard Gibbs has litigated several cases against the law firms of Latham & Watkins LLP and Mayer Brown LLP, many of which were complex actions. Over the years, Girard Gibbs has developed a respectful and courteous professional relationship with these law firms. Professional, courteous relations amongst plaintiffs' counsel, as well as between opposing counsel, is essential to the conduct and management of a complex class action such as this one. Furthermore, Girard Gibbs, along with the Fernandez firm, are dedicated to leading this litigation in a manner that best serves the interests of the plaintiffs injured by the alleged unfair and illegal business practices of Apple and AT&T.

      **F.**      <u>**Folkenflik Does Not Meet the Requirements of Federal Rule of Civil Procedure 23(g)**</u>

          **1.**      **The Folkenflik Firm Lacks The Experience and Resources to Prosecute This Complex Class Action Vigorously**

The Folkenflik firm, a two-person law firm out of New York City, lacks the experience and depth of complex class action experience as Girard Gibbs, lacks the financial and legal resources to vigorously prosecute this litigation, and is geographically distant from the Bay Area, where most of the discovery and all of the hearings before this Court will take place. While the Folkenflik attorneys may be experienced, they have not prosecuted the number of class action lawsuits that the Girard Gibbs firm has at a national level. Folkenflik also lacks the experience of litigating in the Northern

11

1  District of California, and on multiple occupations and they have not complied with this Court's Local

2  Rules.  Furthermore, unlike Girard Gibbs, Folkenflik has no antitrust or telecommunications

3  experience of note.  Both are specialized areas of law that requires years of experience to develop.

4  Without that specialized knowledge, it would be difficult for Folkenflik to prosecute this action

5  adequately.

6    Folkenflik, a two-person law office and Hoffman, a four person law firm, lack the financial

7  resources and attorney time to devote to a case of this magnitude. This case involves a purported

8  national class of purchasers of iPhone.  The two defendants in this case are Apple and AT&T, two of

9  the largest corporations in the United States with sufficient resources and motivation to finance and

10  support a vigorous defense of the claims in this action. Already, they are represented by three highly

11  prominent defense firms, Latham & Watkins LLP, Mayer Brown LLP and Crowell & Moring LLP.

12  While Folkenflik and Hoffman may have some class action experience, they clearly would not be able

13  to approximate the resources and attorney time of these three firms. As such, retaining Folkenflik as

14  co-lead counsel would not best serve the interests of the putative class who would not be represented

15  by counsel that could devote appropriate resources and bring sufficient antitrust and consumer

16  protection class action experience to this litigation. Therefore, Folkenflik will not be able to fairly and

17  adequately represent the interests of the class as required by Federal Rule of Civil Procedure 23(g)(4).

18  At a minimum, Folkenflik would not be "best able to represent the interests of the class." Fed. R. Civ.

19  P. 23(g)(2).

    **2.**  **Folkenflik's Representation of Plaintiffs Against Apple and**
20
       **AT&T in Another Putative Class Action Creates a Conflict of**
21
       **Interest Here**

22    Folkenflik represents a putative class in *Stiener v. Apple, Inc.,* 07-4486 (SBA) (N.D. Cal. filed

23  Aug. 29, 2007), separate litigation against Apple and AT&T involving unlawful conduct with respect

24  to the iPhone.  Such representation creates a conflict of interest that precludes Folkenflik's

25  appointment as interim class counsel in this case. Attorneys are inadequate to represent a class, if they

26  have a conflict of interest with members of the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

27  1020 (9th Cir. 1998).  "The responsibility of class counsel to absent class members whose control

28  over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.'"

1   *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (quoting *Sullivan v. Chase Inv.*

2   *Servs. Of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978). *See also Kurczi v. Eli Lilly & Co.* 160

3   F.R.D 667, 679 (N.D. Ohio 1995) (counsel's representation of another class in state court against

4   same defendant created conflict, preventing counsel from acting as counsel for class in instant case).

5   Counsel's simultaneous representation of litigants with similar interests in two different lawsuits

6   against the same defendants creates the appearance of such divided loyalties. *See Sullivan*, 79 F.R.D.

7   at 258.

8       Folkenflik's representation of the class in *Stiener* creates a conflict of interest with the class in

9   this case.  As with this case, *Stiener* is a putative class action against Apple and AT&T involving the

10  iPhone. *Stiener* alleges that defendants failed "to inform a nationwide group of initial purchasers of

11  the iPhone cellular telephone that fees of over $100 would be required to replace the iPhone battery

12  and maintain service while the battery was being replaced," in violation of California consumer

13  protection statutes and the common law.  (*Stiener*, Complaint, ¶ 1 (attached as Exhibit A to Fernandez

14  Decl.).)  The classes in *Stiener* and this case substantially overlap.  The putative class in *Stiener* is

15  defined as "all individuals or entities who at any time from June 29, 2007 to the date of judgment in

16  this action bought and implemented the iPhone and sustained damages as a result." (*Stiener*,

17  Complaint, ¶ 32.)  The class in this litigation similarly includes persons who purchased an iPhone

18  from June 29, 2007 until defendants' illegal conduct has ceased. (*Smith*, First Amended Complaint, ¶¶

19  93-94.)  The *Stieners*—as purchasers of the iPhone on June 29, 2007 (*Stiener,* Complaint p. 4, ¶ 29)—

20  are therefore members of the class in this case. Among other things, both cases challenge the $29 fee

21  Apple charges to consumers under its "AppleCare Service Phone" program for a temporary

22  replacement iPhone, while their damaged iPhones are being repaired.

23      As the classes in *Stiener* and this case are seeking to recover from the same defendants on

24  claims involving the iPhone, they have conflicting interests and cannot be represented by the same

25  counsel without creating the appearance of divided loyalties.

26

27

28

1

2

**G.    Wolf Haldenstein Adler Freeman & Herz Will Not Be Able to Represent the Interests of the Putative Plaintiff Class as Well as the Girard Gibbs and Fernandez Firms**

3     In a letter dated February 4, 2008, the law firm of Wolf Haldenstein Adler Freeman & Herz

4     LLP (the "Wolf" firm) indicated to this Court that while it had no legal standing to file a motion in the

5     *In re: Apple and AT&TM Antitrust Litigation*, it intended to do so regardless. Wolf, which is

6     principally based in New York City, chose to file its complaint against Apple and AT&T in the

7     Southern District of New York, even though Apple, which developed and marketed the iPhone, is

8     based out of Cupertino in the Northern District of California. That complaint is entitled *Herbert H.*

9     *Kliegerman v. Apple, Inc., et. al.*, Case No. 07-08404-PKC. Only recently has Wolf conceded to the

10    transfer of their separate lawsuit to the Northern District of California and agreeing to have it related

11    to the *In re: Apple and AT&TM Antitrust Litigation* currently pending before this Court.  On February

12    4, 2008, Wolf sent a letter to this Court indicating that it intended to file a motion to seek lead counsel

13    status in this litigation.  Fernandez Decl., ¶ 6.; *see also* Doc. No. 59.

14    The Fernandez firm has expended considerable time, energy and effort into investigating the

15    potential legal claims in this case and conducting the factual research to support those claims.

16    Fernandez has already developed a level of knowledge regarding this case that other counsel,

17    including Wolf, does not possess. In addition, Girard Gibbs has previous experience litigating a

18    complex class action against Apple and AT&T, which provides them with a specific understanding of

19    Apple's and AT&T's business practices and litigation philosophy that Wolf may not share. Girard

20    Gibbs actively litigated the *In re: IPod Cases* for over a year and after hundreds of hours spent

21    drafting legal briefs and conducting discovery, Girard Gibbs was able to achieve an excellent result

22    that inured to the benefit of the putative plaintiff class. In granting final approval of the settlement, the

23    Honorable Beth L. Freeman said that the class was represented by "extremely well qualified" counsel

24    who negotiated a "significant and substantial benefit" for the class members.

25    Moreover, Girard Gibbs maintains its office in the Northern District of California and has

26    extensive experience practicing in the Northern District of California. While the Wolf law firm is a

27    national firm, its federal practice is focused in the Southern District of New York. Moreover, the

28    Girard Gibbs and Fernandez lawyers are physically located in the Northern District of California.

1  Most of the alleged misconduct at issue in this litigation would have occurred in Cupertino, California

2  and the majority of the key witnesses and documents would be located in Cupertino, California. Being

3  based in the Bay Area, the Girard Gibbs and Fernandez firms would be able to conduct discovery,

4  attend hearings and perform any other actions related to this case more efficiently and effectively then

5  the Wolf firm. In order to maximize efficiency and minimize cost, selecting co-lead counsel from the

6  Bay Area would best serve the interests of the putative plaintiff class.

7  **IV.    CONCLUSION**

8      For each of the foregoing reasons, Girard Gibbs and Fernandez respectfully suggest that these

9  two firms jointly offer a leadership partnership that best represents the interests of the plaintiff class.

10  Thus, the undersigned firms respectfully request appointment as Interim Co-Lead Class Counsel for

11  the plaintiff class pursuant to Fed. R. Civ. P. 23(g).

12

13  DATED: February 8, 2008              Respectfully submitted,

14                                       **LAW OFFICE OF DAMIAN R. FERNANDEZ**

15                                       By:  */s/ Damian R. Fernandez (with permission)*
                                          Damian R. Fernandez

16
                                         14510 Big Basin Way, Suite A, PMB 285
17                                       Saratoga, California 95070-6091
                                         Telephone: (408) 354-8684
18                                       Facsimile: (408) 904-739116

19
                                         **GIRARD GIBBS LLP**
20
                                         By:  */s/ Eric H. Gibbs*
21                                        Eric H. Gibbs

22
                                         Elizabeth C. Pritzker
23                                       Aaron M. Sheanin
                                         Geoffrey A. Munroe
24                                       601 California Street, 14th Floor
                                         San Francisco, California 94108
25                                       Telephone: (415) 981-4800
                                         Facsimile: (415) 981-4846
26

27                                       *Proposed Interim Co-Lead Class Counsel*

28

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICE OF M. VAN SMITH**
M. Van Smith (32007)
1696 Mendenhall Drive
San Jose, California 95130-1574
Telephone: (408) 364-1062;
Facsimile: (408) 273-6496

*Attorneys for Plaintiffs and the Proposed Class*

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
Case No. 07-cv-05152 JW