Damian R. Fernandez (206662)
**LAW OFFICE OF DAMIAN R. FERNANDEZ**
14510 Big Basin Way, Suite A, PMB 285
Saratoga, California 95070-6091
Telephone: (408) 354-8684
Facsimile: (408) 904-7391
Email: damianfernandez@gmail.com

Eric H. Gibbs (CA Bar No. 178658)
Elizabeth C. Pritzker (CA Bar No. 146267)
Aaron M. Sheanin (CA Bar No. 214472)
Geoffrey A. Munroe (CA Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE APPLE & AT&TM ANTITRUST LITIGATION** | **Case No. 07-cv-05152 JW**<br><br>**DECLARATION OF DAMIAN R. FERNANDEZ IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**<br><br>Date:  March 10, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8<br><br>Honorable James Ware |

I, Damian R. Fernandez, declare as follows:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am an attorney with the Law Office of Damian R. Fernandez. The matters set forth herein are within my personal knowledge, and if called and sworn as a witness I could competently testify regarding them. I make this declaration pursuant to 28 U.S.C. § 1746.

2.      I filed an initial complaint against Defendants Apple, Inc. ("Apple") and AT&T Mobility, LLC ("AT&T") on October 5, 2007. The complaint alleges unfair and wrongful practices inflicted by defendants on consumers by: (1) secretly locking iPhones to make it impossible or impracticable for customers to switch cell phone service providers without purchasing a new iPhone; (2) denying iPhone purchasers the ability to download and install third party applications; (3) requiring that consumers enter into a contract with AT&T with the purchase of the iPhone; and (4) intentionally and permanently disabling iPhones by Apple in retaliation against consumers who unlocked their iPhones. This case was entitled *Timothy Smith, et. al. v. Apple, Inc., et. al.,* Case No. 07-CV-095781 (the "*Smith* action").

3.      On or about the same day, the law firms of Folkenflik & McGerity ("Folkenflik") and Hoffman & Lazear ("Hoffman") filed a similar complaint in the Northern District of California, also relating to the iPhone's exclusivity agreement with AT&T. This case was entitled *Paul Holman, et. al. v. Apple, Inc., et. al.*, Case No. 07-CV-05152 JW (the "*Holman* action"). Folkenflik and Hoffman had previously filed an action entitled *Stiener v. Apple, Inc.*, Case No. 07-CV-4486 SBA (N.D. Cal. Aug. 29, 2007), which alleges that Apple and AT&T failed to inform a nationwide group of initial iPhone purchasers that fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced. A true and correct copy of the complaint filed in that action is attached hereto as Exhibit A.

4.      On November 2, 2007, I filed a First Amended Complaint. On November 7, 2007, Apple moved to remove the *Smith* action to federal court where it was sent to the Northern District of California.

5.      On November 9, 2007, a motion was filed to designate the *Smith* action as related to the *Holman* action and to have both cases assigned to this Court. On November 30, 2007, this Court

DECL. OF DAMIAN R. FERNANDEZ IN SUPP. OF MOT. FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Case No. 07-cv-05152 JW

1    issued an order designating the two cases as related and consolidating them as *In re: Apple & AT&TM*

2    *Antitrust Litigation*, Case No. 07-CV-05152.  In addition, this Court's order named counsel in the

3    *Smith* action and counsel in the *Holman* action as Co-Lead Counsel.  A Case Management Conference

4    was held on January 28, 2008.  After the Case Management Conference, this Court ordered that my

5    law office file a motion for appointment of co-lead counsel.

6        6.      On February 4, 2008, the day scheduled to file my motion for appointment as lead

7    counsel, Mark C. Rifkin from the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf")

8    sent a letter to this Court indicating he intended to oppose my motion for appointment as lead counsel

9    and would file his own motion for appointment as lead counsel.  Upon information and belief, Wolf

10   represents a client that filed a lawsuit against Apple and AT&T in the Southern District of New York.

11   This case is entitled *Herbert H. Kliegerman v. Apple, Inc., et. al.*, Case No. 07-08404-PKC (the

12   "*Kliegerman* action").  It is my understanding that the *Kliegerman* action is the subject of a motion to

13   transfer to the Northern District of California where a motion to relate that case to this litigation would

14   presumably be filed shortly afterwards.  On February 4, 2008, in order to address this development, I

15   filed a request for an extension of time to file a motion for lead counsel.

16       7.      On February 5, 2008, I sent an e-mail to all counsel proposing a new briefing schedule

17   to address this new development with motions for appointment of co-lead counsel filed February 8,

18   2008, oppositions filed February 18, 2008, and replies filed February 25, 2008.  Attached as Exhibit B

19   is a true and correct copy of an e-mail sent by myself to all counsel on February 5, 2008 along with the

20   responses from counsel.

21       8.      Counsel for the *Holman* action proposed a schedule where the motions are filed on

22   February 8, 2008, oppositions are filed on February 22, 2008, replies are filed on March 6, 2008 and

23   the hearing is rescheduled from March 10, 2008 to either March 12 or March 13, 2008.  A true and

24   correct copy of an e-mail from Max Folkenflik to all counsel is included in Exhibit A

25       9.      Counsel for Apple, AT&T and the *Kliegerman* action expressed no preference

26   regarding the two schedules.

27       10.     I am an experienced trial lawyer with eight years of litigation experience. I graduated

28   from the University of San Diego School of Law in 1999.

DECL. OF DAMIAN R. FERNANDEZ IN SUPP. OF MOT. FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Case No. 07-cv-05152 JW

11.     I was one of the first attorneys to investigate Apple's unfair business acts and practices and the factual and legal research necessary to set forth a complaint against Apple and AT&T for entering into an improper exclusivity agreement and then deceptively implementing a purported software upgrade that permanently disabled the iPhones of Apple customers permanently disabling the iPhones, Apple then refused to honor their warranty, in essence refusing to help their own customers after crippling the product that they had bought from Apple. I was also the first attorney to file a complaint raising antitrust allegations, Magnuson-Moss Warranty claims, Song-Beverly Act claims, Consumer Legal Remedies Act claims, and federal and state penal code causes of action that provide for civil remedies.

12.     I have personally expended over 350 hours of time conducting legal research and developing the factual knowledge necessary to prosecute this case.

13.     I am dedicated to serving the best interests of the putative class members who have suffered economic harm as the result of the allegedly unfair and improper business practices of Apple and AT&T. I am committed to the successful prosecution of this action. As evidence of my commitment to prosecuting this action in the best interests of the class, I have added to the legal talent for this case by associating in Girard Gibbs LLP, which possesses both the requisite financial resources and class action experience.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of February 2008 at Saratoga, California.


/s/ Damian R. Fernandez
DAMIAN R. FERNANDEZ

DECL. OF DAMIAN R. FERNANDEZ IN SUPP. OF MOT. FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Case No. 07-cv-05152 JW

# EXHIBIT "A"

1  H. TIM HOFFMAN (049141)
   ARTHUR W. LAZEAR (083603)
2  MORGAN M. MACK (212659)
   **HOFFMAN & LAZEAR**
3  180 Grand Avenue, Suite 1550
   Oakland, California 94612                    ORIGINAL
4                                               F I L E D
   MAX FOLKENFLIK, ESQ.
5  MARGARET McGERITY, ESQ.                      AUG 2 9 2007
   **FOLKENFLIK & MCGERITY**
6  1500 Broadway, 21st Floor                    RICHARD . . .
   New York, NY 10036                           CLER . . .
7  Telephone:   (212) 757-0400                  NORTH . . .
   Facsimile:   (212) 757-2010
8                                      E-filing
   Attorneys for Plaintiffs
9  Zoltan Stiener and Ynez Stiener

10              UNITED STATES DISTRICT COURT                ADR

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ZOLTAN STIENER and YNEZ STIENER, )   C07-04486      SBA
    individually and on behalf of all others )
14  similarly situated,                )
                                        )   CLASS ACTION COMPLAINT FOR DAMAGES,
15                                      )   INJUNCTIVE RELIEF AND RESTITUTION
              Plaintiffs,              )
16                                      )
    vs.                                 )   [JURY TRIAL DEMANDED]
17                                      )
                                        )
18  APPLE, INC., AT&T MOBILITY, LLC, and )
    DOES 1 through 50, inclusive,       )
19                                      )
              Defendants.              )
20  _____ )
                                        )
21

22                            INTRODUCTION

23       1.     This action arises out of Defendants' pattern and practice of failing to inform a

24  nationwide group of initial purchasers of the iPhone cellular telephone that fees of over $100 would

25  be required to replace the iPhone battery and maintain service while the battery was being replaced.

26  Plaintiffs seek the following for themselves and others similarly situated: an award of actual,

27  compensatory and punitive damages; attorneys fees and costs; equitable relief; and other forms of

28  relief available under California and federal law.

_____
Complaint
                                -1-

1    2.    Defendant's actions are in violation of California Business and Professions Code §§

2    17200 et seq., and various sections of similar consumer protection statutes in the other states and

3    territories of the Untied States. Defendant's actions also breach explicit and implied contracts

4    between Defendant and Plaintiffs as well as explicit and implied contracts between Defendant and

5    members of the purported class.

6                                    PARTIES

7    3.    Plaintiffs ZOLTAN STIENER and YNEZ STIENER are individuals residing in the

8    State of California.

9    4.    Plaintiffs are informed and believe and thereon allege that Defendant APPLE, INC.

10    (hereinafter "Apple") is a consumer electronics and software company doing business in this judicial

11    district, elsewhere in California and the United States. Plaintiffs are informed and believe and

12    thereon allege that Defendant AT&T MOBILITY, LLC (hereinafter "AT&T") is a

13    telecommunications company doing business in this judicial district, elsewhere in California and the

14    United States.

15    5.    The term "plaintiff(s)" as used in this complaint means and includes all persons and

16    entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and

17    in the text paragraphs thereof, and includes any plaintiff hereafter added by amendment, joinder or

18    intervention. The term "plaintiff(s)" also means and includes both the named plaintiffs individually

19    and as representatives of the class and any subclass herein described, as well as each member of such

20    class and any subclass.

21    6.    The term "defendant(s)" as used in this complaint means and includes all persons and

22    entities listed and named as a defendant in the caption of this complaint or any amendment thereto

23    and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or

24    otherwise (unless otherwise specified in the amendment).

25    7.    Plaintiffs are informed and believe and thereon allege that Defendant Apple sells

26    consumer electronics, including products throughout California and the United States. Plaintiffs are

27    informed and believe and thereon allege that Defendant AT&T provides cellular telecommunication

28    services, including services sold and used throughout California and the United States. Defendants

Complaint

1    sold the iPhone cellular telephone without disclosing that fees of over $100 would be required to

2    replace the iPhone battery and maintain service while the battery was being replaced.

3 JURISDICTION AND VENUE

4        18.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because diversity of

5    citizenship exists between parties in this action, the aggregate amount in controversy exceeds

6    $5,000,000, and there are 100 or more members of the proposed plaintiff class.

7        19.     Venue is proper in this District pursuant to 28 U.S.C. §1391. Plaintiffs purchased the

8    iPhone in the Northern District of California. Defendants advertised in this District and made

9    material omissions and misrepresentations and breaches of warranties in this District.

10        20.     Assignment to the San Francisco division is proper because the iPhones were

11    purchased in the city and county of San Francisco.

12 FACTUAL BACKGROUND

13        21.     The iPhone is a multimedia and internet-enabled mobile phone designed and sold by

14    Defendant Apple.

15        22.     The iPhone was first sold on June 29, 2007 from Apple's retail stores, Apple's online

16    store, and from AT&T for a price of $499 for a 4 GB model and $599 for a 8 GB model.

17        23.     Apple announced in their 2007 Q3 sales report and conference call that they sold

18    270,000 iPhones in the first 30 hours on launch weekend. Estimates for the first week of sales have

19    exceeded 500,000.

20        24.     In addition to selling the iPhone at AT&T retail locations, AT&T sells and

21    exclusively provides mobile phone services to iPhone users.

22        25.     The iPhone contains a battery within the sealed unit. This battery cannot be removed

23    by the consumer.

24        26.     The iPhone battery must be replaced after approximately 300 charges. Estimates for

25    anticipated battery replacement are one year or less.

26        27.     Apple charges a fee of $79, plus $6.95 shipping and handling to replace the iPhone

27    battery.

28

Complaint

1      28.    Apple charges a fee of $29 for use of an "AppleCare Service Phone" during the time

2  it takes Apple to replace the battery of an iPhone.

3      29.    Plaintiffs bought two iPhones for $599 each, plus tax, on June 29, 2007 in San

4  Francisco, California.  As a condition of using the iPhone, Plaintiffs were obligated to agree to a

5  two-year service plan with AT&T.

6      30.    Plaintiffs were not informed at the time of purchase of the costs and procedures of

7  replacing the battery.  Neither the box the iPhone was sold in nor the written information within the

8  box explained the costs and procedures required to change the iPhone battery.

9      31.    Despite having knowledge of the time and expense required to change the iPhone

10  battery, Apple and AT&T did not disclose this information to the Plaintiffs or the class in the months

11  of promotion leading up to the sale date or at the time of the sale.

12                             CLASS ACTION ALLEGATIONS

13      32.    Plaintiffs' action is brought on behalf of themselves and all others similarly situated.

14  The Class that Plaintiffs seek to represent is defined as all individuals or entities who at any time

15  from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and

16  sustained damages as a result.

17      33.    At this time, the number of individuals in the Plaintiff Class is unknown and can only

18  be ascertained by discovery.  However, the number exceeds 100, and the exact number can easily be

19  determined by obtaining account records from Defendants.  Plaintiffs anticipate that there will be

20  hundreds of thousands of class members.

21      34.    This action satisfies the numerosity, commonality, typicality, and adequacy

22  requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule

23  23(b)(3) and the requirements of Rule 23(b)(2).

24

25      35.    Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for

26  class certification:

27           1.    The class is so numerous that joinder of all members is impracticable;

28           2.    there are questions of law or fact common to the class;

Complaint

3.    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4.    the representative parties will fairly and adequately protect the interest of the class. FED.R.CIV.P. 23(a).

36.    Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. FED.R.CIV.P. 23(b)(2).

37.    Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a class action is superior to other forms available for fair and efficient adjudication. FED.R.CIV.P. 23(b)(3).

38.    The Plaintiff Class satisfies the numerosity standards. The Class is believed to number in the hundreds of thousands of persons. As a result, joinder of all Class members in a single action is impracticable.

39.    There are questions of fact and law common to the Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

a)    whether, in marketing and selling the iPhone, Defendants failed to disclose the time and expense replacement of the battery would require;

b)    whether Defendants falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the cost to replace the iPhone battery, the time required to replace the iPhone battery, the inconvenience of replacing the iPhone battery, and the convenience of the iPhone;

c)    whether Defendants knew or should have known that the time and expense of replacing the iPhone battery would affect initial sales of the iPhone;

d)    whether Defendants knowingly omitted, suppressed or concealed material

Complaint

1    facts about the time and expense of replacing the iPhone battery from the

2    media, the technology community and/or the consuming public;

3    e)    whether Defendants' conduct constituted an unlawful, unfair or fraudulent

4    business act or practice within the meaning of California Business and

5    Professions Code § 17200;

6    f)    whether Defendants' conduct constituted unfair, deceptive, untrue or

7    misleading advertising within the meaning of California Business and

8    Professions Code § 17200;

9    g)    whether the costs and procedures of replacing the iPhone battery violate

10    Defendants' express or implied warranties; and

11    h)    the appropriate measure of damages and other relief.

12

13    40.    Common questions predominate over individual ones.

14    41.    Plaintiffs, as the Class representatives, are asserting claims and defenses typical of the

15    rest of the Class.

16    42.    Plaintiffs, as Class representatives, will fairly and adequately represent the interests of

17    the Class. Mr. and Mrs. Stiener have the same causes of action as the other Class members and do

18    not have interests adverse to them. Also, Mr. and Mrs. Stiener are committed to vigorously

19    prosecuting this lawsuit and have retained experienced counsel, Hoffman & Lazear and Folkenflik &

20    McGerity, for this purpose.

21    43.    Plaintiffs are aware of no difficulty that will be encountered in the management of

22    this litigation that would preclude maintaining this national Class action.

23    44.    The names and addresses of potential Class members can be obtained from

24    Defendants. Notice can be provided to the members of the Class via first class mail or otherwise as

25    directed by this Court.

26                                    FIRST COUNT
                                  (Breach of Contract)
27

28    45.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in the

Complaint

-6-

1  paragraphs above as if fully set forth herein.

2      46.    The contract between Plaintiffs, the Class and Defendants contained an implied Duty

3  of Good Faith and Fair Dealing.

4      47.    Defendant breached its contract with Plaintiffs and the Class.

5      48.    As a result of the foregoing, Plaintiffs and the Class incurred and will incur

6  significant damages based on Defendants' breach of contract in an amount to be proved at trial.

7                          SECOND COUNT
                (Violation of Implied Warranty of Merchantability)
8

9      49.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in the

10 paragraphs above as if fully set forth herein.

11     50.    California Commercial Code §2314 provides in relevant part:

12         (1)    Unless excluded or modified (Section 2316), a warranty that the goods shall
                  be merchantable is implied in a contract for their sale if the seller is a
13                merchant with respect to goods of that kind. Under this section the serving for
                  value of food or drink to be consumed either on the premises or elsewhere is a
14                sale.
           (2)    Goods to be merchantable must be at least such as
15
                  (a)    Pass without objection in the trade under the contract description; and
16
                  (b)    In the case of fungible goods, are of fair average quality within the
17                       description; and

18                (c)    Are fit for the ordinary purposes for which such goods are used; and

19                (d)    Run, within the variations permitted by the agreement, of even kind,
                         quality and quantity within each unit and among all units involved; and
20
                  (e)    Are adequately contained, packaged, and labeled as the agreement may
21                       require; and

22                (f)    Conform to the promises or affirmations of fact made on the container
                         or label if any.
23
                  Cal Com Code § 2314
24

25     51.    The iPhone was not merchantable as required by law in that it was not adequately

26 labeled and failed to conform to the affirmations of fact of Defendants.

27     52.    As a result of the foregoing, Plaintiffs and the Class incurred and will incur

28

Complaint

1  significant damages based on Defendant's breach of contract in an amount to be proved at trial.

2                              THIRD COUNT
                           (Fraudulent Concealment)

3

4       53.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in the

5  paragraphs above as if fully set forth herein.

6       54.    Defendants concealed material facts as follows:

7              a)    that the iPhone battery could not be replaced by the consumer directly;

8              b)    that replacement of the battery cost $79 plus $6.95 in shipping in handling,

9                    plus $29 for a iPhone rental while the battery was being replaced;

10             c)    that replacement of the iPhone battery was a process that took a number of

11                   days;

12      55.    Defendants concealed these facts with the intent to defraud and induce Plaintiffs and

13  the Plaintiff Class to purchase the iPhone.

14      56.    At the time Plaintiffs and the class bought the iPhone, they were unaware of the

15  concealed or suppressed facts and would not have purchased the iPhone if they had been aware of the

16  facts.

17      57.    As a result, of the foregoing Plaintiffs and the Class incurred and will incur

18  significant damages based on Defendant's fraudulent concealment in an amount to be proved at trial.

19                            FOURTH COUNT
              (Cal. Business and Professions Code § 17200 et seq.)

20

21      58.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in the

22  paragraphs above as if fully set forth herein.

23      59.    As a result of the business practices described above, Plaintiffs, on behalf of

24  themselves and others similarly situated, and pursuant to Business and Professions Code §17203 are

25  entitled to an order enjoining such future conduct on the part of Defendant, and such other orders and

26  judgments which may be necessary, including the appointment of a receiver, to restore to any person

27  in interest money paid for the purchase of the iPhone or damages as a result of the acts of Defendant,

28  plus interest.

Complaint

<u>FIFTH COUNT</u>
(Accounting)

60.     Plaintiffs repeat, reallege and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

61.     As a result of the aformentioned conduct, Defendants have received money from Plaintiffs and the Class, a potion of which is due to Plaintiffs and the class as previously alleged.

62.     The amount of money due is unknown to Plaintiffs and cannot be ascertained without an accounting of the aforementioned transactions.

**WHEREFORE,** Plaintiffs and the Class Members pray for an award and judgment against Defendant jointly and severally:

1.     On Plaintiffs' First, Second and Third Counts, for an amount to be proven at trial for all direct and consequential damages incurred by the Plaintiffs and Class as a result of Defendants' wrongful conduct;

2.     On Plaintiffs' Fourth Count , for restitution of all amounts lost as a result of Defendants' violation of Business and Professions Code § 17200 *et seq.*;

3.     On Plaintiffs' Fifth Count, for an accounting of all improper earnings, as alleged above;

4.     For all costs of suit, including reasonable attorneys' fees, and interest;

5.     For such other and further relief as this Court deems just.

Dated: August 29, 2007                    HOFFMAN & LAZEAR

                              By: _____
                                   H. TIM HOFFMAN
                                   Attorney for Plaintiffs

Complaint

**EXHIBIT "B"**

**Damian R. Fernandez**

**From:** Sasse, Daniel [DSasse@crowell.com]
**Sent:** Thursday, February 07, 2008 11:59 AM
**To:** Dan.Wall@LW.com; schmidt@whafh.com; maxwork@fmlaw.net; damianfernandez@gmail.com; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; Chris.Yates@LW.com; dfalk@mayerbrown.com; gregorek@whafh.com; rsn@randallnewman.net; sdenittis@shabeldenittis.com; rifkin@whafh.com
**Subject:** RE: In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

Either are fine for AT&TM.

---

**From:** Dan.Wall@LW.com [mailto:Dan.Wall@LW.com]
**Sent:** Thursday, February 07, 2008 9:29 AM
**To:** schmidt@whafh.com; Sasse, Daniel; maxwork@fmlaw.net; damianfernandez@gmail.com; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; Chris.Yates@LW.com; dfalk@mayerbrown.com; gregorek@whafh.com; rsn@randallnewman.net; sdenittis@shabeldenittis.com; rifkin@whafh.com
**Subject:** RE: In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

They work for Apple too.

---

**From:** Schmidt, Alex [mailto:schmidt@whafh.com]
**Sent:** Thursday, February 07, 2008 6:43 AM
**To:** Sasse, Daniel; Max Folkenflik; Damian R. Fernandez; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; Wall (SF), Dan; Yates, Chris (SF); dfalk@mayerbrown.com; Gregorek, Frank; rsn@randallnewman.net; sdenittis@shabeldenittis.com; Rifkin, Mark
**Subject:** RE: In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

Either Damian's or Max's preferred schedules works for us.

---

**From:** Sasse, Daniel [mailto:DSasse@crowell.com]
**Sent:** Thursday, February 07, 2008 3:08 AM
**To:** Max Folkenflik; Damian R. Fernandez; Schmidt, Alex; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; dan.wall@lw.com; chris.yates@lw.com; dfalk@mayerbrown.com; Gregorek, Frank; rsn@randallnewman.net; sdenittis@shabeldenittis.com; Rifkin, Mark
**Subject:** RE: In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

Gentlemen-

Speaking for AT&T Mobility, we are not ignoring you, but it is probably more appropriate and efficient for the plaintiffs to agree on a schedule in the first instance.

---

**From:** Max Folkenflik [mailto:maxwork@fmlaw.net]
**Sent:** Wednesday, February 06, 2008 11:01 AM
**To:** 'Damian R. Fernandez'; schmidt@whafh.com; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; dan.wall@lw.com; chris.yates@lw.com; dfalk@mayerbrown.com; Sasse, Daniel; gregorek@whafh.com; rsn@randallnewman.net; sdenittis@shabeldenittis.com; rifkin@whafh.com
**Subject:** RE: In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

That does not work for me. I am on trial in Boston next week, and if we need to respond to the application of Wolf Haldenstein, 2 weeks is appropriate. Therefore,

Motion: 2/8
Opposition cross motion for lead counsel status: 2/22
Reply: 3/6
Hearing: 3/13 or 12 as the Court chooses.

Max

---

**From:** Damian R. Fernandez [mailto:damianfernandez@gmail.com]
**Sent:** Tuesday, February 05, 2008 7:28 PM
**To:** schmidt@whafh.com; max@fmlaw.net; hth@hoffmanandlazear.com; awl@hoffmanandlazear.com; mvsmith@sbcglobal.net; dan.wall@lw.com; chris.yates@lw.com; dfalk@mayerbrown.com; dsasse@crowell.com; gregorek@whafh.com; rsn@randallnewman.net; sdenittis@shabeldenittis.com; rifkin@whafh.com
**Subject:** In re Apple & AT&TM Antitrust Litigation, ND CA # 07-CV-05152

**VIA EMAIL ONLY**

Dear Counsel,

As I indicated in the motion that I filed yesterday, I am attempting to confer with each of you to arrive at a reasonable briefing schedule on the Motion to Disqualify Counsel and for the Appointment of Lead Counsel.

We propose the following briefing schedule with the hearing date to remain the same:

Motion: 2/8
Opposition: 2/18
Reply: 2/25

The only date to be changed is the filing date of the motion.

Please advise of your response by the close of business tomorrow.

Damian R. Fernandez
Law Office of Damian R. Fernandez
14510 Big Basin Way, Suite A, PMB 285
Saratoga, CA 95070-6091
Tel: (408) 354-8684

Fax: (408) 904-7391

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be use

For more information please go to  http://www.lw.com/docs/irs.pdf
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  A

Latham & Watkins LLP

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.19.20/1262 - Release Date: 2/6/2008 9:13 AM