FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice pending*)
rifkin@whafh.com
ALEXANDER H. SCHMIDT (*pro hac vice pending*)
schmidt@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677

Attorneys for Plaintiff Herbert H. Kliegerman

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION | Master File No. C 07-05152 JW<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES UNDER L.R. 3-12**<br><br>CRTRM:    8<br>JUDGE:    Hon. James Ware |

Pursuant to Civil Local Rule 7-11, plaintiff Herbert H. Kliegerman ("Plaintiff") hereby moves the Court to relate the matter of *Kliegerman v. Apple, Inc.*, Case No. C 08-948 (filed in New York state court on August 27, 2007, removed to the Southern District of New York on September 27, 2007, and transferred to this Court on February 12, 2008) ("*Kliegerman*"), to this action (*In re Apple & AT&TM Anti-Trust Litigation*, Master File No. 07-CV-05152-JW) ("*Apple*").  *Apple* consists of two cases consolidated by this Court on November 30, 2007: *Timothy P. Smith, et al. v. Apple Inc., AT&T Mobility LLC, et al.*, Case No. 07-CV-05662-HRL (filed October 5, 2007 and removed to federal court November 7, 2007) ("*Smith*"), and *Holman, et al. v. Apple Inc., AT&T Mobility LLC, et al.*, Case No. C 07-05152 JW) ("*Holman*").  As described further below, *Kliegerman* and *Apple* both involve the same defendants (Apple Inc. and AT&T Mobility LLC), and both challenge an agreement between Apple Inc. and AT&T Mobility LLC concerning the iPhone, alleging that the agreement violates the antitrust and unfair competition laws.  In addition, both *Kliegerman* and *Apple* challenge various business conduct related to the iPhone and software updates to the iPhone.  In short, *Kliegerman* and *Apple* concern substantially the same parties, property, transactions or events, and therefore, are related cases within the meaning of Civil Local Rule 3-12.

### I.    *KLIEGERMAN* AND *APPLE* CONCERN SUBSTANTIALLY THE SAME PARTIES, PRODUCTS, AND ALLEGED TRANSACTIONS AND AGREEMENTS

*Kliegerman* and *Apple* are both actions brought against Apple Inc. and AT&T Mobility LLC ("ATTM") which allege that Apple Inc. and ATTM entered into an unlawful agreement under which ATTM will be the exclusive provider of phone and data services for the iPhone in the United States and Apple will receive a portion of ATTM's profits.  *Kliegerman* Amended Complaint ¶¶54-63, filed November 16, 2007 in S.D.N.Y. and attached hereto as Exhibit A; *Holman* Complaint ¶¶38, 41, filed October 5, 2007; *Smith* First Amended Complaint ("FAC") ¶¶28(1)-(3), filed November 2, 2007.

Based on these allegations, both the *Kliegerman* and *Apple* actions assert claims against Apple and ATTM for unlawful tying and attempted monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §§1-2.  *Kliegerman* Complaint ¶¶97-127; *Holman* Complaint

¶¶90-97; *Smith* FAC ¶¶128-35.  The *Kliegerman* and *Apple* actions both assert claims based on alleged violations of California's Unfair Competition Law, though the *Kliegerman* action also asserts claims under the unfair trade and deceptive practices laws of 43 other jurisdictions.  *Kliegerman* Complaint ¶¶128-134; *Holman* Complaint ¶¶76-89; *Smith* FAC ¶¶117-27.  In addition, both the *Kliegerman* and *Smith* complaints bring actions for breach of warranties.  *Kliegerman* Complaint ¶¶135-39 (alleging violations of the Magnuson-Moss Warranty Act); *Smith* FAC ¶¶136-57.  Both the *Kliegerman* and *Holman* complaints assert an additional cause of action for trespass to chattels.  *Kliegerman* Complaint ¶¶140-44; *Holman* Complaint ¶¶98-102.  While *Kliegerman* and *Apple* involve additional causes of action against Apple Inc. and ATTM, all such claims relate to the same set of alleged practices by the defendants as described above.  Thus, *Smith*'s separate cause of action for common law monopolization, *Smith* FAC ¶¶183-89, and violations of the Consumer Legal Remedies Act, *id.* ¶¶158-65, the Computer Fraud Abuse Act, *id.* ¶¶166-71, the Racketeer Influenced and Corrupt Organizations Act, *id.* ¶¶190-95, and California Penal code §502, *id.* ¶¶172-82, are all based on the same alleged agreements and practices of ATTM and Apple Inc.

Furthermore, both *Kliegerman* and *Apple* are purported class actions that seek to represent the interests of the same classes of people.  The proposed classes in *Kliegerman* consist of: (1) "[a]ll persons … who purchased an iPhone from Apple or AT&T anywhere in the United States between June 29, 2007 … through such time in the future when the effects of Defendants' violations of the federal antitrust laws and the Magnuson-Moss Warranty Act, and Apple's trespass to chattels, as alleged herein have ceased;" and (2) "[a]ll persons … who purchased an iPhone from Apple or AT&T in any of the 44 jurisdictions identified in Count VI herein between June 29, 2007 … through such time in the future when the effects of Defendants' unfair and deceptive acts and practices alleged herein have ceased."  *Kliegerman* Complaint ¶¶85-86.  The proposed class in *Holman* is of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action, bought and implemented the iPhone and sustained damages as a result."  *Holman* Complaint ¶63.  The proposed class in *Smith* is made up of "[a]l persons or entities who … purchased or own an iPhone, intended for use by themselves, their families, or

their members, participants, or employees … during the period from June 29, 2007 through such time in the future as the effects of Apple's illegal conduct, as alleged herein, have ceased … [and who] purchased audio or video files from the iTunes Music Store during the Class Period." *Smith* FAC ¶¶93(a)-(b); 94(a)-(b).  Given that this Court has already found the classes proposed in *Holman* and *Smith* to be sufficiently substantially similar as to require they be related and consolidated, the *Kliegerman* action should be related as well given its substantial similarity to them.

## II. IT WOULD BE UNDULY BURDENSOME FOR THESE ACTIONS TO PROCEED BEFORE TWO DIFFERENT JUDGES

The *Kliegerman* and *Apple* actions should be assigned to the same judge to promote judicial economy.  If the cases proceeded in front of separate judges, each judge would be required to educate him or herself as to the same set of transactions, the same product markets, and identical or substantially similar legal arguments as made by both plaintiffs and defendants.  All parties may be subject to potentially incompatible rulings and scheduling, and defendants in both actions, Apple Inc. and ATTM, will be required to defend the same or substantially similar actions before two different judges, with duplicative hearings and motions.  In short, allowing these cases to proceed separately "will be an unduly burdensome duplication of labor and expense" that may lead to conflicting results.  Civil L.R. 3-12(a)(2).  Relating both cases and placing them under the supervision of one judge not only stands to save the Court and the parties significant costs, but will also likely facilitate and expedite both cases.

///
///
///
///
///
///
///
///
///

PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES UNDER L.R. 3-12
MASTER FILE NO. C 07-05152 JW

- 3 -

### III. CONCLUSION

Pursuant to Civil Local Rule 3-12(f), plaintiff Kliegerman respectfully requests that the Court grant his motion and order the *Kliegerman* and *Apple* actions related.

DATED:  February 15, 2008

Respectfully Submitted,
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT
MARISA C. LIVESAY

    /s/  Francis M. Gregorek
       FRANCIS M. GREGOREK

Symphony Towers
750 B. Street, Suite 2770
San Diego, California 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
livesay@whaf.com

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice pending*)
ALEXANDER H. SCHMIDT (*pro hac vice pending*)
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677
rifkin@whafh.com
schmidt@whafh.com

RANDALL S. NEWMAN, P.C.
RANDALL S. NEWMAN
The Trump Building
40 Wall Street, 61st Floor
New York, New York 10005
Telephone:  212/797-3737
Facsimile:  212/797-3172
rsn@randallnewman.net

| | |
|---|---|
| 1 | SHABEL & DENITTIS, P.C. |
| 2 | STEPHEN P. DENITTIS (*pro hac vice pending*) |
|   | NORMAN SHABEL (*pro hac vice pending*) |
| 3 | 5 Greentree Centre, Suite 302 |
|   | Marlton, New Jersey 08053 |
| 4 | Telephone: 856/797-9951 |
|   | Facsimile: 856/797-9978 |
| 5 | sdenittis@shabeldenittis.com |
| 6 | Attorneys for Plaintiff Herbert H. Kliegerman |

APPLE:15775.MOT

PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES UNDER L.R. 3-12
MASTER FILE NO. C 07-05152 JW

- 1 -