| | |
|---|---|
| 1 | FRANCIS M. GREGOREK (144785) |
|   | gregorek@whafh.com |
| 2 | BETSY C. MANIFOLD (182450) |
|   | manifold@whafh.com |
| 3 | RACHELE R. RICKERT (190634) |
|   | rickert@whafh.com |
| 4 | MARISA C. LIVESAY (223247) |
|   | livesay@whafh.com |
| 5 | WOLF HALDENSTEIN ADLER |
|   |   FREEMAN & HERZ LLP |
| 6 | 750 B Street, Suite 2770 |
|   | San Diego, CA 92101 |
| 7 | Telephone: 619/239-4599 |
|   | Facsimile:  619/234-4599 |
| 8 | |
| 9 | MARK C. RIFKIN (*pro hac vice*) |
|   | rifkin@whafh.com |
| 10 | ALEXANDER H. SCHMIDT (*pro hac vice*) |
|    | schmidt@whafh.com |
| 11 | MARTIN E. RESTITUYO (*pro hac vice*) |
|    | restituyo@whafh.com |
| 12 | WOLF HALDENSTEIN ADLER |
|    |   FREEMAN & HERZ LLP |
| 13 | 270 Madison Avenue |
|    | New York, NY 10016 |
| 14 | Telephone: 212/545-4600 |
|    | Facsimile:  212/545-4677 |
| 15 | |
| 16 | Attorneys for Plaintiff Herbert H. Kliegerman |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION | ) ) ) | Master File No. C 07-05152 JW |
| ──────────────────────────── | ) ) | File No. C 08-948 JSW |
| HERBERT H. KLIEGERMAN on behalf of himself and others similarly situated, | ) ) ) | **NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| APPLE INC. and AT&T MOBILITY LLC, | ) ) ) | |
| Defendants. | ) ) ) ) ) | DATE:     April 7, 2008<br>TIME:      9:00 a.m.<br>CRTRM:  8<br>JUDGE:    Hon. James Ware |
| ──────────────────────────── | ) | |

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

## NOTICE OF CROSS-MOTION AND CROSS-MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 7, 2008, at 9:00 a.m., or as soon as the matter may be heard before the Honorable James Ware, United States District Judge, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, Herbert Kliegerman, plaintiff in Civil Action No. C 08-948 JSW, will move, pursuant to Federal Rule of Civil Procedure 23(g), for an order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim Lead Class Counsel for the Classes in these consolidated actions.

Plaintiff Kliegerman brought the first-filed nationwide class action against Apple Inc. ("Apple") alleging unfair and deceptive acts and practices regarding Apple's iPhone, originally filed in New York and ultimately transferred to this Court on consent. Unlike the other firms seeking appointment as Interim Lead Class Counsel, Wolf Haldenstein is a leading nationally recognized class action law firm, with principal offices in California and New York, with extensive experience as lead class counsel in antitrust and other complex class actions in this judicial district and elsewhere. For over more than thirty years, Wolf Haldenstein has recovered billions of dollars on behalf of class members in those cases. Moreover, Wolf Haldenstein already has expended considerable resources, time, and effort investigating the facts and legal issues underlying these cases and, critically, has engaged a leading antitrust economist with extensive telecommunications experience to help prosecute this action.

The issue to be decided pursuant to Civ. L.R. 7-4 is whether Wolf Haldenstein's superior experience and resources make it the best firm to represent and protect the interests of the Classes in these consolidated actions. Wolf Haldenstein has the experience and – with more than 50 attorneys – the resources to litigate these cases diligently and successfully and is plainly the best firm to represent the interests of the Classes. For the reasons discussed in detail below, Wolf Haldenstein should be appointed Interim Lead Class Counsel.

Plaintiff Kliegerman's cross-motion is supported by the accompanying memorandum of

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 1 -

points and authorities and affidavit of Alexander H. Schmidt (hereafter "Schmidt Aff." or "Schmidt Affidavit").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Kliegerman is a New York resident who purchased three Apple iPhones on July 29, 2007. Plaintiff Kliegerman filed the first nationwide class action against Apple involving the iPhone on August 27, 2007, in the Supreme Court of New York State. Kliegerman's action was removed to the Southern District of New York on September 27, 2007. On November 16, 2007, plaintiff Kliegerman filed an Amended Complaint asserting, *inter alia*, claims against Apple and co-defendant AT&T Mobility LLC ("AT&TM") under section 2 of the Sherman Act, the Magnuson-Moss Warranty Act, and numerous state consumer protection statutes. A true and correct copy of plaintiff Kliegerman's Amended Class Action Complaint is attached as Exhibit 3 to the Schmidt Affidavit.

On January 18, 2008, defendant Apple moved to transfer plaintiff Kliegerman's action to this Court. On February 5, 2008, plaintiff Kliegerman consented to the transfer to this Court and the consolidation of his action with two similar, but later-filed, actions already pending and consolidated by this Court as *In re Apple & AT&TM Antitrust Litigation*.

Rule 23(g)(2)(A) authorizes the Court to designate interim lead counsel to act on behalf of the Classes before determining whether to certify these cases as a class action. Such appointment is appropriate to provide organizational structure and leadership during the period before class certification when important decisions, such as filing a consolidated complaint, litigating the class certification motion, pre-trial motion practice, and discovery, must be made. Where, as here, more than one firm seeks appointment as interim class counsel, the Court should appoint the firm that will best protect and represent the interests of the Classes in the vigorous prosecution of the action. Fed.R.Civ.P. 23(g)(2)(B).

Wolf Haldenstein has a wealth of experience and demonstrated success handling antitrust and other similar complex class actions. Wolf Haldenstein is recognized nationwide as one of the country's leading class action firms, already has expended significant resources to investigate and

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 2 -

prosecute the action on behalf of plaintiff Kliegerman and the Classes, and is prepared to expend additional substantial resources to represent the Classes. As shown below, with 35 attorneys in its nationwide class action practice and a demonstrated record of success spanning four decades, Wolf Haldenstein is the best qualified firm to represent the Classes in this litigation, and appointment of Wolf Haldenstein as Interim Lead Class Counsel will best promote the effective and efficient litigation of these consolidated actions.

The other two groups seeking to be appointed as Interim Lead Class Counsel possess far less pertinent experience and far fewer resources than Wolf Haldenstein. The first group is led by Damian Fernandez, a sole practitioner with only 8 years of experience, who intends to litigate this complex action with support from Girard Gibbs LLP, a local class action firm of 13 attorneys. Neither Mr. Fernandez nor Girard Gibbs LLP has the same meaningful antitrust class action experience that Wolf Haldenstein has or the resources necessary to zealously litigate against these well-financed defendants and their top-tier law firms. The second group consists of two two-person firms, Folkenflik & McGerity and Hoffman & Lazear. Like the first group, neither Folkenflick & McGerity nor Hoffman & Lazear can match Wolf Haldenstein's substantial antitrust class action experience and neither of those two small firms has sufficient resources to manage this litigation.

The appointment of Wolf Haldenstein as Interim Lead Class Counsel to represent the Classes' interests is both appropriate and preferable.

## II.  ARGUMENT

### A.  Wolf Haldenstein Is Best Qualified To Fairly And Adequately Represent The Interests Of The Classes

Rule 23(g)(2)(A) authorizes the Court to "designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 point out, designation of interim class counsel prior to class certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification.... Rule 23(g)(2)(A) authorizes the

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 3 -

court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

In considering the appointment of class counsel under Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court is instructed to evaluate the following factors:

In appointing class counsel, the court:

(A)   must consider:

    (i)   the work counsel has done in identifying or investigating potential claims in the action;

    (ii)   counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

    (iii)   counsel's knowledge of the applicable law; and

    (iv)   the resources counsel commit to representing the class; [and]

(B)   may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class.

Fed.R.Civ.P. 23(g)(1). *See also In re Electronic Data Systems Corp. Securities Litigation*, 226 F.R.D. 559, 571 (E.D. Tex. 2005) ("In making [a class counsel] appointment, there are a variety of factors the court should consider. The court must consider: counsel's work in identifying or investigating the class's claims; counsel's class action, complex litigation, and similar claims experience; counsel's knowledge of the applicable law; and counsel's resources committed to class representation.").

Courts interpreting Rule 23(g) have followed the Advisory Committee note, and have found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). Pursuant to Rule 23(g), the Court may also designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed.R.Civ.P. 23(g)(2)(A). Because Wolf Haldenstein satisfies all of the requirements for appointment as interim class counsel under Rule 23(g), and because appointment of interim class counsel is necessary and appropriate to the administration of these complex class action cases, plaintiff Kliegerman's motion should be granted.

It is also well-established that the Court may appoint lead counsel for the Classes. The utility in appointing lead counsel in class actions is well-recognized. As stated by the Second

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 4 -

Circuit:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958). *See also In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977).

As courts evaluating the adequacy of representation requirement at class certification have repeatedly held, a class is fairly and adequately represented where counsel is "'qualified, experienced, and generally able to conduct the ... litigation'" on its behalf. *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993) (quotation omitted).

Wolf Haldenstein is best qualified, experienced, and able to conduct the litigation on behalf of the Classes in these cases. Wolf Haldenstein is among the most experienced law firms in the Country in the prosecution of antitrust class action cases, and it has repeatedly served as lead or co-lead counsel in such cases. *See* Schmidt Aff. at ¶¶3-5.[1] Two of the Wolf Haldenstein partners who are counsel of record in this case each have more than 20 years of experience litigating complex commercial actions, and they have served as lead counsel in antitrust cases and numerous other complex federal and state class actions. Wolf Haldenstein has a long and successful history of representing plaintiffs in antitrust and other complex class actions. It is a large firm with over 50 lawyers, and has the staff, resources and commitment to achieve the best possible result for the Classes here. *See id.* at ¶¶2, 6-7. Wolf Haldenstein has successfully litigated scores of class actions and helped secure more than $3.7 billion in damages for plaintiffs in cases where it has had the lead or another significant role. *Id.* at ¶ 8; Exhibit 1, at 30-34.

By sharp contrast, the other firms seeking appointment as interim lead class counsel have comparatively little antitrust class action experience, fewer resources, and cannot boast nearly the same level of success as Wolf Haldenstein.

---

[1] The Wolf Haldenstein firm resume is attached as Exhibit 1 to the Schmidt Affidavit.

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 5 -

Wolf Haldenstein is ready, willing and able to commit the resources necessary to litigate these cases vigorously. Wolf Haldenstein has already committed time and effort to the research and litigation of these cases, as well as considerable financial resources, and it will continue to do so. *See* Schmidt Aff. at ¶9. As such, Wolf Haldenstein satisfies the adequacy requirement of Rule 23(g) for Interim Lead Class Counsel.

In his competing Motion for Appointment of Interim Co-Lead Class Counsel (hereafter "Fernandez Motion"), Mr. Fernandez does not dispute Wolf Haldenstein's credentials or qualifications. Rather, Mr. Fernandez has misrepresented that Wolf Haldenstein's "federal practice is focused in the Southern District of New York." Fernandez Motion, at 14. Mr. Fernandez ignores Wolf Haldenstein's significant California presence, as well as the fact, evident on the firm's website, www.whafh.com, that most of the firm's class actions are venued outside of New York.

### B. Wolf Haldenstein Has Already Done Considerable Work In Identifying And Investigating Potential Claims In This Action

Rule 23(g) requires that in considering a motion for appointment as interim class counsel, the Court should consider the work undertaken by that counsel in the case to date. *See, e.g., Smith v. AON Corp.*, No. 04-cv-6875, slip op. at 2 (N.D. Ill. May 3, 2005) (Doc. No. 47) (appointing Wolf Haldenstein as interim class counsel), attached to the Schmidt Aff. as Exhibit 4; *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004).

Wolf Haldenstein has spent a great deal of time, effort, and financial resources in researching and identifying the claims set forth in plaintiff Kliegerman's Amended Complaint, including discussions with people knowledgeable about the cell phone industry, conducting economic and market research, and retaining a leading antitrust economist with extensive communications industry experience. Schmidt Aff., at ¶9. Accordingly, Wolf Haldenstein has determined that Kliegerman's antitrust claims are economically viable and the firm is confident that Kliegerman's complaint will withstand any motion to dismiss the defendants may make. Wolf Haldenstein has also engaged in numerous communications with defense counsel regarding

the orderly and efficient progress of the litigation, including discovery and preliminary settlement discussions. *Id.*

Wolf Haldenstein therefore satisfies the first criteria under Rule 23(g)(1)(C)(i) for selection as class counsel.

### C. Wolf Haldenstein Has Experience And Expertise In Handling Class Actions, Complex Litigation And Antitrust Claims

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. *See, e.g., In re Copper Tubing Litigation*, No. 04-2771-DV (W.D. Tenn. Feb. 7, 2005) (Doc. No. 56) (appointing Wolf Haldenstein interim co-lead counsel, based on the firm's "significant experience in handling complex class actions and prosecuting similar claims for class members in other cases"), attached to the Schmidt Aff. as Exhibit 5. *See also In re Cree, Inc. Securities Litigation*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where firm had "extensive experience in representing institutional investors in securities actions throughout the country and … long been heavily engaged in securities and corporate litigation"); *In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be the most persuasive, however, relates to [proposed class counsel's] experience in, and knowledge of, the applicable law in this field…. [Proposed class counsel] has extensive experience in the antitrust and complex litigation fields.").

As more fully demonstrated by the firm's resume, a copy of which is attached to the Schmidt Affidavit as Exhibit 1, Wolf Haldenstein is among the most experienced class action firms in the country, having represented plaintiffs in numerous nationwide class actions and other complex, large-scale litigations throughout the United States. In several major antitrust class actions – including several pending actions – Wolf Haldenstein has been selected to serve as lead or co-lead counsel. Wolf Haldenstein has been appointed interim co-lead class counsel in *McDonough v. Toys "R" Us, Inc.*, No. 06-cv-00242-AB (E.D. Pa.). The firm also currently serves as co-lead class counsel in *In re Sulfuric Acid Antitrust Litig.*, No. 03-4576 (N.D. Ill.), currently pending before Judge Coar. Schmidt Aff. at ¶4.

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 7 -

1    Wolf Haldenstein also recently served as co-lead class counsel in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M 02-1486-PJH (N.D. Cal.). Schmidt Aff. at ¶4. In approving the settlement in that litigation Judge Hamilton praised Wolf Haldenstein and its co-counsel for doing "an exceptionally good job at organizing and managing the case" and achieving "exceptional results." August 15, 2007, Hearing Transcript at 10, 19, attached to the Schmidt Aff. as Exhibit 2.

The firm's qualifications to serve as class counsel have been recognized by the courts in other cases as well. In *Smith v. Aon Corp.*, for example, the court appointed Wolf Haldenstein interim class counsel, noting, "Wolf meets [the Rule 23(g)] criteria.... Wolf is experienced in handling complex, large-scale class actions. Wolf's Class Action Litigation Group consists of 30 attorneys experienced in complex class action suits." No. 04-cv-6875, slip op. at 2 (N.D. Ill. May 3, 2005) (Doc. No. 47), attached to the Schmidt Aff. as Exhibit 4. *See also In re Luxottica Group, S.p.A. Securities Litigation*, No. 01-cv-3285, 2004 WL 2370650, at * 5 (E.D.N.Y. Oct. 22, 2004) ("The court has no reason to doubt the experience and expertise of Wolf Haldenstein"); *In re Comdisco Securities Litigation*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable").

Two of Wolf Haldenstein's counsel of record in this case, Mark C. Rifkin and Alexander H. Schmidt, each have more than 20 years' experience and have ample knowledge of and experience with the antitrust laws as well as Rule 23. Schmidt Aff. ¶¶6-7. The firm successfully has litigated numerous Rule 23 class certification motions around the country, including in this judicial district. *Id.* at ¶3. This is an important case that calls for experienced class action counsel with a proven track record on class certification motions. Wolf Haldenstein is vastly more experienced in prosecuting antitrust and other complex class actions than the competing applicants and is well qualified to serve as Interim Lead Class Counsel.

D.    **Wolf Haldenstein Will Commit The Resources Necessary To Represent The Proposed Classes**

As required by Rule 23(g), courts have also considered the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. U.S.*, 222 F.R.D. 613, 618

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 8 -

1  (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class,
2  the Court may consider the staff, supplies and professional commitments of that attorney.")
3  (citation omitted).
4        To date, Wolf Haldenstein has already expended considerable resources in investigating
5  and identifying the claims asserted in this action and will continue to do so. Schmidt Aff. at ¶9.
6  Wolf Haldenstein is a large and successful law firm with more than 50 attorneys practicing in
7  various concentrations of the law, including 35 attorneys (and 10 paralegals) in its Class Action
8  Litigation Group. Schmidt Aff. at ¶2. Wolf Haldenstein has both the ability and the willingness
9  to expend the financial and manpower resources necessary to prosecute this litigation on behalf of
10 the proposed Classes. *See Smith v. Aon Corp.*, No. 04-cv-6875, slip op. at 2 (N.D. Ill. May 3,
11 2005) (Doc. No. 47) ("Wolf is a large firm, with offices in New York, Chicago, San Diego, and
12 West Palm Beach. Wolf thus has the resources to adequately represent the putative class members
13 in this case."), attached to the Schmidt Aff. as Exhibit 4.
14       Based on the foregoing, Wolf Haldenstein clearly satisfies the criteria for appointment as
15 Interim Lead Class Counsel and will "fairly and adequately represent the interests of the class," as
16 required under Rule 23(g).

## III. CONCLUSION

For the above reasons, plaintiff Kliegerman respectfully requests the Court grant his cross-motion to appoint Wolf Haldenstein Adler Freeman & Herz LLP as Interim Lead Class Counsel and deny the competing motions for appointment of interim lead class counsel.

Dated: March 3, 2008

Respectfully Submitted,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT
MARISA C. LIVESAY

_____
FRANCIS M. GREGOREK

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT
OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW

- 9 -

| | |
|---|---|
| 1 | Symphony Towers |
| 2 | 750 B. Street, Suite 2770 |
|   | San Diego, California 92101 |
| 3 | Tel.: 619/239-4599 |
|   | Fax: 619/234-4599 |
| 4 | gregorek@whafh.com |
|   | manifold@whafh.com |
| 5 | rickert@whafh.com |
|   | livesay@whafh.com |

```
 1                              Symphony Towers
                                750 B. Street, Suite 2770
 2                              San Diego, California 92101
                                Tel.: 619/239-4599
 3                              Fax: 619/234-4599
                                gregorek@whafh.com
 4                              manifold@whafh.com
                                rickert@whafh.com
 5                              livesay@whafh.com

 6                              WOLF HALDENSTEIN ADLER
                                   FREEMAN & HERZ LLP
 7                              MARK C. RIFKIN (pro hac vice)
                                ALEXANDER H. SCHMIDT (pro hac vice)
 8                              270 Madison Avenue
                                New York, New York 10016
 9                              Tel.: 212/545-4600
                                Fax: 212/545-4677
10                              rifkin@whafh.com
                                schmidt@whafh.com
11
                                RANDALL S. NEWMAN, P.C.
12                              RANDALL S. NEWMAN
                                The Trump Building
13                              40 Wall Street, 61st Floor
                                New York, New York 10005
14                              Tel.: 212/797-3737
                                Fax: 212/797-3172
15                              rsn@randallnewman.net

16
                                SHABEL & DENITTIS, P.C.
17                              STEPHEN P. DENITTIS (pro hac vice)
                                NORMAN SHABEL (pro hac vice)
18                              5 Greentree Centre, Suite 302
                                Marlton, New Jersey 08053
19                              Tel.: 856/797-9951
                                Fax: 856/797-9978
20                              sdenittis@shabeldenittis.com

21                              Attorneys for Plaintiff Herbert H. Kliegerman

22

23

24

25

26

27

28   APPLE:15756
```

NOTICE OF CROSS-MOTION AND CROSS-MOTION OF PLAINTIFF KLIEGERMAN FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL; MEMO OF P&A ISO OF MOT - Master File No. C 07-05152 JW