Max Folkenflik, Esq.
Margaret McGerity, Esq.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

H. Tim Hoffman (049141)
Arthur W. Lazear (083603)
Morgan M. Mack (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTI-TRUST LITIGATION | Case No: C:07-05152 JW<br><br>**DECLARATION OF<br>RONALD M. SABRAW** |

I, **Ronald M. Sabraw**, hereby declare:

1. I am currently a mediator with JAMS in San Francisco, and until my retirement in 2007, I had been a judge in Alameda County for 20 years, seven of which I was the complex litigation judge in Alameda County Superior Court, where I presided over countless class actions. My *curriculum vite* is attached as Exhibit A. Knowing my opinion of Max Folkenflik, Tim Hoffman told me that Mr. Folkenflik was seeking appointment as interim lead counsel in accordance with Rule 23[cite] and asked me if I would be willing to share my opinion of and experiences with Mr. Folkenflik with the Court in this Action. As I told Mr. Hoffman, I am happy to do so.

2. I was the presiding Judge in *Hoffman v. American Express*, an action commenced in 2001 by other counsel, which was the subject of a proposed settlement in

August 2003. Mr. Folkenflik objected to the settlement as providing insufficient benefits for the class and asserted that it was based on statements about the American Express computer systems that were not at all likely to be true. He supported his objections with substantial and compelling evidence. I appointed him lead counsel for objectors and granted a period of discovery, during which, chiefly due to the work of Mr. Folkenflik, it was revealed that the Court had been misled by American Express. The settlement was terminated and I appointed him as the head of the plaintiffs' steering committee, in other words, lead counsel. American Express replaced its counsel and continued to defend.

3. From the fall of 2003, through my retirement at the end of 2006, Mr. Folkenflik appeared before me often. Without doubt, Mr. Folkenflik is one of the best lawyers that I have had the pleasure of working with in my 20 years on the bench. As the brief description of the history of the *Hoffman* action should suggest, it was a case that involved serious and contentious issues. From the outset, in his efforts to terminate an agreed settlement, he was the focus of many attacks, but Mr. Folkenflik always kept his focus and his poise, something that is not always easy to accomplish in even less heated disputes. His adversaries were far larger firms, but there was never the slightest indication that his firm could not match, and more than match, anything the defendants threw at them.

4. The *Hoffman* matter involved complex computer issues that Mr. Folkenflik was excellent in developing and presenting in a manner that made them clear and understandable.

5. Mr. Folkenflik persuaded me to certify a national class, something I had not previously done in 10 years of presiding over class actions. He vigorously and tirelessly pursued the interests of the class.

6. Throughout the proceeding, Mr. Folkenflik treated his adversaries with professionalism and respect. Even when dealing with the original counsel, it was rare that I would have to be called upon to settle discovery or procedural disputes. Routine, and even more serious matters were generally handled by agreement between counsel.

1  Particularly under the circumstances in that case, I consider that to be a tribute to Mr.
2  Folkenflik's flexibility and professionalism.
3
4  I declare under penalty of perjury that the foregoing is true and correct.
5  Dated: March 3, 2008
6
7
8                                                    Ronald M. Sabraw
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A






**Hon. Ronald M. Sabraw (Ret.)** has earned a reputation as a highly skilled, experienced, and knowledgeable judge in handling all aspects of complex litigation. During his seven years of service as the complex litigation judge in Alameda County, Judge Sabraw handled hundreds of complex litigation matters, including numerous consumer, employee, and securities class actions, mass tort claims, complex coordinated cases, anti-trust, unfair business practices, real estate disputes, construction defect, Proposition 65 environmental claims, CEQA administrative writs, and insurance coverage claims.

**ADR Experience and Qualifications**
- Conducted hundreds of mandatory settlement conferences in all categories of civil litigation over twenty years as a judge
- Complex litigation, 2000-2006; helped design and implement the Alameda County Superior Court's first complex litigation department
- Civil trials, case management, and settlement conferences, 1998-2000
- Civil law and motion, 1993-1995
- Family law, 1989-1991

**Representative Matters**
**Business/Commercial**
- *Clayworth v. Pfizer, Inc.*, Dkt.. No. RG04-172248. Cartwright Act claim brought by numerous retail pharmacies alleging a price fixing conspiracy among numerous pharmaceutical manufacturers to set a price floor. Court managed case aggressively to permit timely and appropriate discovery. Defendants ultimately prevailed on summary judgment asserting the "pass on" defense. Appeal expected.
- *Peoplesoft v. Oracle*, Dkt. No. RG03-101434. Business tort claims regarding interference with contracts in connection with hostile takeover. Court conducted case management conferences every two weeks to resolve discovery disputes and to manage a wide range of issues. Case resolved following resolution of motions in limine.
- *Grafton v. PriceWaterhouseCoopers*, Dkt. No. 2002-56106; *Grafton v. Union Bank*, Dkt. No. 2002-086160; *Kipperman v. Sheppard Mullen*, Dkt. No. RG03-087483. Claims against accountants, bank, and lawyers following collapse of Ponzi scheme. Court rendered numerous law and motion rulings on relationships and duties between and among the affected entities.

**Construction Defect**
- *BRE v. M. H. Podell*, Dkt. No. RG03-087132. Construction defect case arising from the purchase, during the final phases of construction, of a large apartment complex constructed by the seller. The Court decided significant contract interpretation issues and managed significant discovery. Settlement was finally negotiated by the Court and the Special Master.
- *County of Contra Costa v. Arntz Builders*, Dkt. No. RG05-197197. Construction defects in the remodeling and renovation of the Contra Costa County juvenile hall. There were numerous insurance coverage issues and construction defect claims asserted before the matter was settled.

**Consumer Class Actions**
- *Schwartz v. Visa and MasterCard*, Dkt. No. 822404-4. Consumer claim regarding disclosure of currency conversion fees. Court addressed many significant (pre-Proposition 64) issues regarding California's Unfair Competition Law. Following a six month bench trial the Court issued a 125 page Statement of Decision. *Schwartz v. Visa*, 2003 WL 1870370. The matter was settled on appeal.
- *Cell Phone Termination Fee Cases*, JCCP 4332. Coordinated consumer class actions regarding early termination fees and handset locking. Court addressed issues concerning adequacy of disclosures and effect of class-wide counterclaims against consumers. These matters are still pending.
- *Cross-Country Bank Cases*, JCCP 4380. Coordinated consumer class actions regarding alleged unlawful charges by credit card issuer. Court addressed issues concerning adequacy of disclosures and effect of class-wide counterclaims against consumers. These matters are still pending.
- *Match v. Pet Food Express*, Dkt. No.RG03-127285. Consumer class action regarding allegedly contaminated pet food.

**Employment/Labor Class Actions**

- *Savaglio v. Wal-Mart*, Dkt. No. C-835687-7. Employee class action by Wal-Mart employees alleging numerous violations of California's labor laws. Managed case from inception through judgment, including significant discovery, law and motion, a three and a half month jury trial, a week-long court trial, and a year of post trial motions. *Savaglio v. Wal-Mart*, 2006 WL 3626295.
- *Thayer-Ogden v. Pottery Barn Kids*, Dkt. No. RG05-199128. Employee class action by assistant store managers alleging misclassification of plaintiffs as "exempt" from overtime requirements. Class certification denied. *Thayer-Ogden v. Pottery Barn Kids, Inc.*, 2006 WL 3378686.
- *Dunbar v. Albertson's*, Dkt. No. RG04-146326. Employee class action by assistant store managers alleging misclassification of plaintiffs as "exempt" from overtime requirements. Class certification denied. *Dunbar v. Albertson's, Inc.* (2006) 141 Cal. App. 4th 1422.
- *O'Hara v. Factory 2-U.*, Dkt. No. 834123-5. Employee class action alleging misclassification of plaintiffs as "exempt" from overtime requirements. Court initiated use of privacy waiver letters approved in *Pioneer Electronics (USA), Inc. v. Superior Court*, 2007 Cal. LEXIS 553. Class certification granted.

**Mass Tort/Personal Injury**

- *Clergy III cases*, J.C.C.P. No. 4359. This coordinated proceeding included 150 clergy abuse cases filed throughout Northern California. The Court held monthly case management conferences and hearings on substantial law and motion and discovery issues. All 150 cases were successfully concluded within two and a half years of coordination.
- *Sulzer Hip Cases*, J.C.C.P No. 4165 and 4170. This coordinated matter included hundreds of California plaintiffs who received defective prosthetic hip replacements. The matter was managed aggressively and all cases were resolved as part of a national settlement administered through a federal MDL proceeding.
- *Welding Product Cases*, J.C.C.P. No. 4368. This coordinated matter includes claims by 80 persons allegedly injured by exposure to toxic manganese fumes. The cases presented complex case management and discovery issues. These matters are still pending.

**Honors, Memberships, and Professional Activities**

- Trial Judge of the Year, Alameda/Contra Costa Trial Lawyers Association, 2005
- Member, Judicial Council of California, 2000-2003
- Member, Civil and Small Claims Advisory Committee to the Judicial Council, 1997-1999 (Chair 1999)
- Author, Making Sense of " The General Public" Under B & P Section 17200, ABTL Report, Volume 13, No. 3, summer 2004, abtl.org
- Author, EMPOWERING JURORS, Creative Techniques Learned From the Wal-Mart Trial, California Courts Review, Fall 2006
- Public Member, California State Board of Dental Examiners, 1985-1987

**Background and Education**

- Judge, Superior Court, County of Alameda, 1989-2007 (Presiding Judge, 1996-1997)
- Judge, Municipal Court, County of Alameda, 1987-1989
- Private law practice, Bell, Sheppard & Faria, Fremont California, 1977-1979; Partner, Sabraw, Fudenna, Schenone & Peck, 1979-1987
- Deputy DA, Alameda County District Attorney's Office, 1976-1977
- J.D., University of the Pacific, McGeorge School of Law, 1975
- B.A., *cum laude*, University of the Pacific, 1972

**References Available Upon Request**