# EXHIBIT 2

070815DRAMPJHF.txt

Pages 1 - 56

United States District Court

Northern District of California

Before The Honorable Phyllis J. Hamilton

In re: Dynamic Random            )
Access Memory Antitrust          )
Litigation                       )
                                 )
                                 )    No. MDL 02-1486 PJH
_____)

San Francisco, California
Wednesday, August 15, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:          Saveri & Saveri, Inc.
                        111 Pine Street, Suite 1700
                        San Francisco, California   94111
                  By:   Guido Saveri, Esquire
                        Richard Alexander Saveri, Esquire

                        Hagens Berman Sobol Shapiro
                        1301 Fifth Avenue, Suite 2900
                        Seattle, Washington   98101
                  By:   Anthony D. Shapiro, Esquire

                        Cooper & Kirkham, P.C.
                        655 Montgomery Street, 17th Floor
                        San Francisco, California   94111
                  By:   Joseph D. Cooper, Esquire

(Appearances continued on next page.)

Reported By:            Sahar McVickar, RPR, CSR No. 12963
                        Official Reporter, U.S. District Court
                        For the Northern District of California

          (Computerized Transcription By Eclipse)

Appearances, continued:

For Plaintiff:          Steyer Lowenthal Boodrookas
                        Alvarez & Smith LLP
                        One California Street, Third Floor
                        San Francisco, California
                        Page 1

```
                    070815DRAMPJHF.txt
      By:   Allan Steyer, Esquire

            Damrell Nelson Schrimp
            Pallios Pacher & Silva
            1601 I Street, Fifth Floor
            Modesto, California   95354
      By:   Roger M. Schrimp, Esquire

            Wolf Haldenstein Adler Freeman Herz
            55 West Monroe Street, Suite 1111
            Chicago, Illinois  60603
      By:   Mary Jane Edelstein Fait, Esquire
            Daniel W. Krasner, Esquire

            Zelle Hofmann Voelbel Mason & Gette
            44 Montgomery Street, Suite 3400
            San Francisco, California   94104

      By:   Craig C. Corbitt, Esquire
            The Mogin Law Firm, P.C.
            110 Juniper Street
            San Diego, California   92101
      By:   Daniel J. Mogin, Esquire

            Cohen Milstein Hausfeld & Toll
            One Embarcadero Center, Suite 500
            San Francisco, California   94111
      By:   Michael P. Lehmann, Esquire

            Furth Lehmann LLP
            225 Bush Street, 15th Floor
            San Francisco, California   94104
      By:   Henry A. Cirillo, Esquire

            Gustafson Luek PLLC
            650 Nortstar East
            608 Second Avenue South
            Minneapolis Minnesota   55402
      By:   Daniel E. Gustafson, Esquire


(Appearances continued on next page.)




Appearances, continued:

For Plaintiff:         Office of the Attorney General
                       455 Golden Gate Avenue, Suite 11000
                       San Francisco, California   94102
             By:       Kathleen E. Foote, Esquire

For Defendant:         O'Melveny & Myers LLP
                       400 South Hope Street
                       Los Angeles, California   90071
             By:       Kenneth R. O'Rourke, Esquire
                       Tim M. Martin, Esquire

                       The Orrick Building
                       1000 Marsh Road
                       Menlo Park, California   94025
                             Page 2
```

```
                    070815DRAMPJHF.txt
     By:  Na'il Benjamin, Esquire

          Thelen Reid Brown Raysman & Steiner
          101 Second Street, Suite 1800
          San Francisco, California  94105
     By:  Jonathan E. Swartz, Esquire
          Paul R. Griffin, Esquire

          Heller Ehrman
          333 Bush Street
          San Francisco, California
     By:  David C. Brownstein, Esquire

          Sheppard Mullin
          Four Embarcadero Center, 17th Floor
          San Francisco, California  94111
     By:  Michael W. Scarborough, Esquire

          Gibson, Dunn & Crutcher LLP
          One Montgomery Street
          San Francisco, California  94104
     By:  Joel S. Sanders, Esquire

          Kaye Scholer LLP
          1999 Avenue of the Stars, Suite 1700
          Los Angeles, California  90067
     By:  Julian Brew, Esquire


                       ---oOo---
```

                                                                    4

 1   Wednesday, August 15, 2007                           9:00 a.m.
 2                    P R O C E E D I N G S
 3           THE CLERK:  Calling MDL case number 02-1486, Dynamic
 4   Random Access Memory.
 5           Appearances.
 6           MR. SAVERI:  Good morning, Your Honor.
 7           Guido Saveri for the direct plaintiffs.
 8           THE COURT:  Good morning.
 9           MR. SAVERI:  What we have this morning is
10   plaintiff's motion for attorney fees, and that motion is going
11   to be presented by Mr. Shapiro, co-lead counsel.
12           I would like to report to the Court one thing.
13   Since we were out here last time, you will recall that you

070815DRAMPJHF.txt

```
 8            MR. SHAPIRO:  Correct.
 9            THE COURT:  Okay.
10            All right, then the -- then is there anything you
11  wish to add before I make my final determination with regard to
12  the fee request?
13            MR. SHAPIRO:  Not unless Your Honor has further
14  questions.
15            THE COURT:  No, you've answered my questions.
16            All right, I think I can conclude on the basis with
17  my five years with you all, watching this litigation progress
18  and seeing it wind to a conclusion, that the results are
19  exceptional.  The percentages, as you've outlined them, do put
20  this in one of the upper categories of results in this kind of
21  a class action.
22            I'm aware of the complexity, both in terms of the
23  substantive law that was at issue -- we had a lot of motions in
24  this case, and I must say no unnecessary motions.  I thought
25  that you all did an exceptionally good job of bringing to me
                                                               10

 1  only those matters that really required the Court's attention.
 2            You did an exceptionally good job at organizing and
 3  managing the case in assisting me in management of the case.
 4  There was excellent coordination between all of the various
 5  different plaintiffs' counsel, with your group and the other
 6  groups that are part of this litigation.  You have coordinated
 7  very well with defense counsel.  Everyone has been extremely
 8  cooperative, given just the massive nature of this case.  So my
 9  conclusion is the case was well litigated by both sides, well
10  managed as well by both sides.
11            The defense I also will take the opportunity to
12  compliment as well in their coordination.  You all didn't have
```

070815DRAMPJHF.txt

21          All right, are there any other questions?  Anything
22   I've overlooked?
23          MR. SHAPIRO:  No, Your Honor.
24          THE COURT:  Okay, then I just have a concluding
25   remark.

                                                              19


1           Little did I know five years ago when I consented to
2    having this multi-district litigation assigned to me what an
3    incredible drain on my time and resources that this case would
4    entail.  And we have now just concluded the first portion of
5    the case.  There is now still plenty of it left, and I'm sure
6    it will be on my docket until I retire.
7                   (Laughter.)
8           THE COURT:  Nonetheless, it's been very satisfying
9    to watch the litigation, to be involved in it.  You all -- and
10   I'm speaking to defense counsel as well, you all have done an
11   exceptionally good job in coordinating management and
12   litigating the case.  As I've said, I think that you have been
13   very respectful of my time.  You have been very careful to not
14   bring me a lot of unnecessary matters to deal with.
15          I know that that wouldn't occur, because I've got
16   cases that are a fraction of the size of this case that I spend
17   a lot more time on just because counsel aren't acting as
18   cooperatively and as professionally as you all have.
19          So I just wanted to take the opportunity to tell you
20   that even though in a typical class approval, final approval
21   motion I hear this, I read week after week this language about
22   how well, how hard fought the litigation was, and able your
23   adversary was and the kind of exceptional results that you
24   achieved, but this time I have to say that I think the language
25   that appears in your motion is deserved.  It's not just mere

                         Page 16                              20

070815DRAMPJHF.txt

1  puffery.  I think both have done an incredible job.  And I just
2  wanted to thank you all for your courtesy to the Court and to
3  each other, which has been obvious.
4           MR. SHAPIRO:  We would like to thank you, Your
5  Honor.
6           THE COURT:  All right, then, that concludes this
7  portion of the case.  Thank you.
8           THE CLERK:  Calling civil case number 02-1486,
9  Dynamic Random Access Memory Antitrust Litigation, indirect
10 purchaser's portion.
11          Appearances.
12          MR. O'ROURKE:  Good morning, Your Honor.
13          I'm Ken O'Rourke with the Hynix Semiconductor
14 defendants.
15          With me this morning, my colleague, Timothy Martin.
16          THE COURT:  Good morning.
17          MR. COOPER:  Good morning, Your Honor.
18          Joseph Cooper, one of plaintiff's co-lead counsel.
19          Mr. Corbitt will be presenting the indirect
20 purchaser plaintiffs' position.
21          THE COURT:  What was the name?
22          MR. COOPER:  Craig Corbitt from Zelle Hofmann.
23          THE COURT:  All right, good morning.
24          All right, this is DRAM, part 2, all right, the
25 indirect purchasers.  I have on calendar this morning the

                                                            21

1  plaintiff's motion to file the second amended complaint.  I
2  understand that you all have filed an amended complaint
3  following my grant of the defendant's motion for judgment on
4  the pleadings, but I indicated that the defendant should wait

## CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Sahar McVickar, RPR, CSR No. 12963

August 17, 2007