Max Folkenflik, Esq.
Margaret McGerity, Esq.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

H. Tim Hoffman (049141)
Arthur W. Lazear (083603)
Morgan M. Mack (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

Case No: C:07-05152 JW

IN RE APPLE & AT&T ANTITTRUST LITIGATION

**DECLARATION OF MAX FOLKENFLIK REGARDING APPLICATIONS OF FERNANDEZ AND WOLF HALDENSTEIN TO BE APPOINTED AS LEAD COUNSEL**

I, **MAX FOLKENFLIK**, hereby declare:

1. I am a member of Folkenflik & McGerity, counsel for plaintiffs Paul Holman and Lucy Rivello, in *Holman and Rivello, et al. v. Apple, Inc., AT&T Mobility LLC*, (No. 07-CV-05152-JW), one of the two related cases consolidated in this action. I have moved for appointment as interim lead counsel, and in accordance with the Court's briefing schedule, I make this declaration to address the applications of the other candidates for Interim Lead Counsel.

2. Prior to addressing specifics, a few general observations should be made. First, I think it is important to emphasize that I do not believe that the purpose of this exercise is to demean the qualities of the other counsel who are seeking appointment. As I stated in my Declaration in support of my appointment, each of the other counsel is able

and experienced. Each has strengths that can be used to advance the cause of plaintiffs. I expect to be able to work constructively with each of them. However, the question is not who can work productively on the case, but who should take the lead. That issue can be addressed not merely through general experience and background, but through looking at the judgments that have been made in this case to date: who has correctly understood the issues this case presents and addressed them; who has best proceeded to move the case forward; who will most effectively advance the interests of the class in the position of lead counsel.

3. Second, there has been a recent material development. Yesterday, I received the attached notice from Eric Gibbs of Girard Gibbs, LLP (Exhibit A) indicating that his firm is withdrawing from the case. Accordingly, the application of Mr. Fernandez and Girard Gibbs is now only the application of Mr. Fernandez. I will address each of the two remaining applicants separately.

**Damian R. Fernandez**

4. While Mr. Fernandez is clearly smart and energetic, his judgments in this case have been flawed and perhaps for that reason his ability to work constructively with other attorneys in this case has been impaired. As I discussed in paragraph 20 of my Declaration in Support of my appointment as interim lead counsel, Mr. Fernandez's unwillingness to honor an agreement between counsel to put into effect the Court's order to proceed as co-lead counsel collapsed that agreement and caused his co-counsel, Mr. Antonelli and Mr. Barnes, to withdraw from this case. I do not know what caused Mr. Gibbs and his firm to withdraw, but the inability to keep his co-counsel team together is not an auspicious sign of potential for effective leadership.

5. Mr. Fernandez's judgment that it was more important to seek to disqualify me from the case than to move forward with its prosecution has also shown an error in judgment. The ground he has chosen to fight on is that my representation of the plaintiffs in *Zoltan Stiener and Ynez Stiener, et. al. v. Apple Computer, Inc., et al.*, Index No. C07-04486 SBA, currently pending in the U.S. District Court, Northern District of California, is

allegedly a disabling conflict. That argument is without legal basis as we explain in the accompanying Memorandum of Points and Authorities.

6. Having lost his co-counsel, there are serious question about Mr. Fernandez's ability to marshall the financial and the manpower resources necessary to proceed with the case, and to hold on for the period which may be required to achieve the appropriate result for the class. His moving papers do not address the issue. His history of seeking support of additional firms suggests he needs it.

7. In addition, Mr. Fernandez does not appear himself to have the requisite experience in complex cases, class actions or computer-related issues which this case demands.

8. In pursuing this litigation, it has been clear that Mr. Fernandez followed our lead rather than leading himself. When Mr. Fernandez commenced *Timothy P. Smith, et al. v. Apple, Inc., et al.*, Case No. 1-07-CV-095781, he did so in California state court, asserted claims only under state antitrust laws and U.C.L. §17200. A copy of his initial complaint is annexed as Exhibit B. A more robust set of claims, including federal antitrust and computer trespass claims, were only added in the amended complaint filed November 2, 2007, after he had seen the claims which Hoffman and Lazear and I asserted in our October 5, 2007 pleading. The pleading, while extensively researched, is presented in a manner, complete with footnotes and citations, which make it problematic as a pleading. A copy of the amended complaint is annexed as Exhibit C.

**Wolf Haldenstein**

9. Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Halderstein") is a large and experienced class action firm, and Mr. Rifkin and Mr. Schmidt are clearly experienced and able counsel. Yet in this case, Wolf Haldenstein has not demonstrated leadership or a true understanding of the critical issues. It is also unclear whether their client, alone among the existing plaintiffs because of his New York residency, will be forced out of the action by a motion to compel arbitration by defendant AT&T Mobility LLC ("AT&T").

10. As the supporting Affidavit of Alexander Schmidt states, *Herbert H.*

*Kliegerman et al. v. Apple, Inc. and AT&T Mobility, LLC*, Case No. 07-CV-08404-PKC, was commenced in August 2007 in New York State Court asserting a claim on behalf of a New York class under New York's General Business Law §349, an analogue of U.C.L. §17200. A copy of the original *Kliegerman* complaint is annexed as Exhibit D. The counsel for the plaintiff was Randall S. Newman, Esq. who is apparently not appearing in this action. The case was removed to Federal Court in September 2007, after which the Wolf Haldenstein appeared as counsel.

11. However, Wolf Haldenstein did not quickly identify the issues it now seeks to champion. Instead, it waited until November 16 to amend its complaint and largely followed the lead we established in our October 5 pleading. See, amended *Kliegerman* complaint, Exhibit E. Indeed, a substantial number of paragraphs were copied from our pleading. Attached as Exhibit F is a comparison of the paragraphs which Wolf Haldenstein copied with minor changes from the pleading we filed. A copy of our complaint in *Holman* is annexed as Exhibit G.

12. The showing by Wolf Haldenstein of the time and effort spent on the case is limited and conclusory. It is unclear what they mean by "extensive market research," or why the simple act of engaging an economist, which we all have or will do, qualifies counsel to proceed. There is no evidence, despite the centrality of the computer issues to the claims in the case, that they have engaged any computer expert, let alone engaged in the extensive analysis we have done through Mr. Caruso as is shown in his declaration.

13. Moreover, because of the way the arbitration clause in AT&T's contracts is written, Mr. Kliegerman is subject to arbitration under New York law, not California law or Washington State law, like the other plaintiffs in this action. As we point out in the accompanying Memorandum of Law, under California law and binding Ninth Circuit authority, AT&T's arbitration clause and class action waiver is clearly unenforceable. Hoffman & Lazear and I just recently successfully litigated that very issue in the Stiener case. *See, copy of decision dated March 12, 2008, annexed to the Memorandum of Law submitted herewith.* The law of Washington State is the same, as the Ninth Circuit has

already ruled. But New York law is less favorable to one facing an arbitration demand and there will certainly be delays and distractions from AT&T's anticipated motion against Mr. Kliegerman, and a potential for an order compelling arbitration that does not exist with the case brought by my clients.

14. Finally, Wolf Haldenstein delayed their case for months while they considered whether to agree to accept the transfer motion brought by Apple. Apple requested permission to move in the New York District court for a transfer under 28 U.S.C. § 1404(a) on December 6, 2007. Despite the obvious preferability of this venue, and the absence of any connection between the New York action and the case other than the addresses of Mr. Kliegerman and his counsel, Wolf Haldenstein waited until February 5 to consent to the transfer.

15. Worse yet, while its action was in the unsettled state of facing transfer and a potential motion to compel arbitration, Wolf Haldenstein apparently made a settlement demand on the defendants. While neither Apple's counsel nor Wolf Haldenstein have chosen to share that demand with me, it would not appear to be in the best interests of the class to attempt to settle a case like this in the procedural posture that *Kliegerman* was in, prior to any discovery or apparently investigation of the computer programs at issue.

16. For all of these reasons, I respectfully submit that neither Mr. Fernandez nor Wolf Haldenstein should be appointed Interim Lead Counsel. Instead, I respectfully request that the Court appoint me to that role.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2008

_____
MAX FOLKENFLIK