# EXHIBIT D TO MF DECLARATION I-PHONE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

HERBERT H. KLIEGERMAN, on behalf of himself and others similarly situated,

Index No.

Plaintiff,

**CLASS ACTION**

-against-

APPLE INC.

Defendant

---

**SUMMONS
AND
VERIFIED CLASS ACTION COMPLAINT**

RANDALL S NEWMAN ESQ
RANDALL S NEWMAN PC
80 WALL STREET, SUITE 815
NEW YORK, NY 10005
TEL (212) 797-3737
FAX (212) 797-3172

*ATTORNEY FOR PLAINTIFF*

---



RECEIVED
AUG 28 2007
APPLE COMPUTER, INC.
LEGAL DEPARTMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

HERBERT H. KLIEGERMAN, on behalf of himself and others similarly situated,

            Plaintiff,

- against -

APPLE, INC.,

            Defendants.

Index No. 111681/2007
Date Purchased: 8/27/07

**CLASS ACTION**

**SUMMONS**

Plaintiff designates
New York County as the
place of trial

The basis of the venue is
Plaintiff's place of residence
located at:
61 Sullivan Street
New York, NY 10012

---

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 27, 2007

Randall S. Newman
Randall S. Newman, Esq.
Randall S. Newman, P.C.
80 Wall Street, Suite 815
New York, NY 10005
(212) 797-3737
Fax: (212) 797-3172

*Attorney for Plaintiff*

Defendant's address:

Apple, Inc.
1 Infinite Loop
Cupertino, CA 95014


RECEIVED AUG 2 8 2007
APPLE COMPUTER, INC.
LEGAL DEPARTMENT

NEW YORK
COUNTY CLERK'S OFFICE

AUG 27 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| HERBERT H. KLIEGERMAN, on behalf of himself and others similarly situated, | Index No. |
| Plaintiff, | **CLASS ACTION** |
| - against - | **VERIFIED CLASS ACTION COMPLAINT** |
| APPLE, INC., | |
| Defendant. | |

The Plaintiff, Herbert H. Kliegerman, by his undersigned attorneys, for this class action complaint, alleges upon personal knowledge as to himself and his own actions, and upon information and belief, including the investigation of counsel, as follows:

### PRELIMINARY STATEMENT

1. This is a consumer class action brought by the Plaintiff on his own behalf and on behalf of the class of persons similarly situated, those being persons who purchased an iPhone between June 29, 2007 (or the actual date that the iPhone became available) through the date of the hearing on this Complaint. The Defendant failed to disclose to consumers that: a) the iPhone was locked to only accept AT&T Subscriber Identity Modules ("SIM cards"); b) the unlock code would not be provided to iPhone owners; and c) iPhone owners would incur substantial roaming fees for using the iPhone's data features while traveling internationally. The Plaintiff seeks an order: a) requiring the Defendant to provide the iPhone unlock codes to members of the class; b) restraining the Defendant from selling locked iPhones without adequately disclosing the fact that they are locked to only work with AT&T SIM cards; and c) requiring the Defendant to adequately disclose the fact that iPhone owners may incur substantial data roaming charges while traveling internationally.

## THE PARTIES

2. The Plaintiff, Herbert H. Kliegerman (the "Plaintiff") is a 68 year-old individual residing in New York, New York, who like every other class member, purchased an iPhone manufactured and sold by Apple, Inc.

3. The Defendant, Apple, Inc. (the "Defendant") is a California corporation with a principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.

4. Apple is in the business of manufacturing computer equipment and manufactures the iPhone which is the subject of this lawsuit.

## FACTUAL ALLEGATIONS

5. In Spring 2007, Apple began a massive advertising campaign to market their new wireless communication device, the iPhone.

6. The iPhone was and is advertised as a mobile phone, iPod and internet communications device with desktop-class email, web browsing, maps and searching.

7. The iPhone debuted on June 29, 2007 and despite its hefty $499 or $599 price tag[1], consumers waited in line to get their hands on one.

8. On or about July 7, 2007, the Plaintiff purchased three 8GB iPhones at the Apple store on Prince Street in Soho, New York for $599 each.

9. Prior to purchasing the three iPhones, the Defendant did not adequately disclose to the Plaintiff that his phones were locked to **ONLY** work with AT&T SIM cards and that the unlock codes would not be provided to him.

---

[1] The 4GB iPhone retails for $499 and the 8GB iPhone retails for $599.

2

10. Prior to purchasing the three iPhones, Apple did not adequately disclose to the Plaintiff that he would incur substantial roaming fees for using the data features of the iPhone while traveling internationally.

11. In fact, on the Defendant's website, the Defendant states that "[y]ou can browse the Internet and send emails as often as you like without being charged extra."

12. The Plaintiff activated wireless voice and data services on all three iPhones with AT&T.

13. On July 16, 2007, the Plaintiff brought his iPhone with him when he traveled to Mexico on vacation.

14. The Plaintiff continued to use the iPhone in Mexico to check emails and surf the World Wide Web.

15. The Plaintiff spent seven (7) days vacationing in Mexico.

16. Upon returning home from Mexico, the Plaintiff received a bill from AT&T and to his surprise AT&T charged him $2,000 in international data roaming fees for using his iPhone while in Mexico.[2]

17. Because the Plaintiff is a frequent international traveler, the Plaintiff desired to purchase a SIM card from a foreign wireless carrier which would allow him to utilize their voice and data networks at fees substantially less than the $2,000 international data roaming fees charged by AT&T.

18. Unbeknownst to the Plaintiff, the Defendant locked his iPhones so that they cannot be used with a non-AT&T SIM card.

---

[2] After the Plaintiff contacted AT&T, a representative from AT&T credited the Plaintiff's account $1,500 despite the fact that the Plaintiff requested the entire $2,000 be credited.

3

19. The Plaintiff contacted the Defendant and AT&T in order to obtain the unlock codes for his iPhones and was informed that the unlock codes would not be provided to him.

20. Based upon information and belief, AT&T provides unlock codes for non-iPhone phones if requested by a consumer.

21. The Plaintiff will continue to incur excessive voice and data roaming charges while traveling internationally unless the Defendant provides the Plaintiff with the codes to unlock his iPhones to accept non-AT&T SIM cards.

22. Prior to purchasing the iPhones, the Defendant did not adequately disclose the fact that the iPhones would be locked nor did the Defendant adequately disclose the fact that the Plaintiff would incur substantial fees to use the data features of his iPhones while traveling internationally.

## CLASS ALLEGATIONS

23. The Plaintiff brings this action as a class action pursuant to Article 9 of the CPLR 901 *et seq.* on behalf of a class (hereinafter the "Class") defined as:

**All residents of the State of New York who purchased an iPhone from June 29, 2007 (or the actual date that the iPhone became available) to the present.**

24. The Class for whose benefit this action is brought is so numerous that joinder of all members is impractical.

25. The Plaintiff is unable to state the exact number of class members without discovery of the Defendant's personal records.

26. Upon information and belief, it is alleged that since June 29, 2007, more than fifty thousand New York consumers purchased the iPhone from the Defendant.

4

27. There are common questions of law and fact affecting the rights of all members of the Class, including the following:

    a. Whether the Defendant failed to adequately disclose to consumers the fact that the iPhones would be locked to only accept AT&T SIM cards;

    b. Whether the Defendant failed to adequately disclose to consumers the fact that they would not provide consumers with the unlock code for their iPhone so that the iPhone could be used with non-AT&T SIM cards;

    c. Whether the Defendant failed to adequately disclose to consumers the fact that substantial data roaming charges would apply if the iPhone's data features are used while traveling internationally;

    d. Whether the Defendant's conduct in locking the iPhone to only work with AT&T SIM cards is a deceptive act and practice that violates GBL § 349;

    e. Whether the Defendant's refusal to provide the members of the Class the unlock code for the their iPhone is a deceptive act and practice that violates GBL § 349; and

    f. Whether the Defendant's conduct in failing to adequately disclose to consumers the fact that substantial data roaming charges apply when the iPhone's data features are used while traveling internationally is a deceptive act and practice that violates GBL § 349.

28. Each of these enumerated commons questions of law and fact is identical to each and every member of the Class.

29. The Plaintiff is a member of the Class in which he seeks to represent and his claims arise from the same factual and legal basis as those of the Class; he asserts the same legal theories as do all Class members.

30. The Plaintiff will thoroughly and adequately protect the interests of the Class, having obtained qualified and competent legal counsel to represent himself and those similarly situated.

5

31. The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and would cause needless expenditure of judicial resources.

32. The Plaintiff is typical of the Class in that his claims, like those of the Class, are based on the same unconscionable business practices, the same uniform omissions of material facts and the same legal theories.

33. The Defendants have acted on grounds generally applicable to the Class.

34. A class is superior to all other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**DECLARATION AND INJUNCTION FOR**
**DECEPTIVE ACTS AND PRACTICES (NY GBL §349)**

35. The Plaintiff incorporates all of the preceding paragraphs as though fully set forth at length herein.

36. GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

37. The Defendant sold iPhones to consumers in the State of New York without disclosing the fact that the Defendant locked the iPhones to only work with AT&T SIM cards.

38. The Defendant sold iPhones to consumers in the State of New York without disclosing the fact that the Defendant would not provide the unlock code to consumers.

39. The Defendant sold iPhones to consumers in the State of New York without disclosing the fact that consumers would incur substantial roaming fees for the use of the iPhone's data features while traveling internationally.

40. The Defendant's conduct described above is deceptive and misleading in a material respect.

6

41. As a result of the Defendants' deceptive and misleading acts, members of the Class have been injured because they are unable to unlock their phones for use with non-AT&T SIM cards.

42. Defendants' acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment against the Defendant as follows:

    a. For a permanent injunction forbidding the Defendant from selling locked iPhones that can only be used with AT&T SIM cards in the State of New York unless such information is adequately disclosed to consumers prior to sale;

    b. For an order requiring the Defendant to provide the unlock code to all members of the Class who purchased an iPhone prior to the disclosures described above by posting such information on the Defendant's website;

    c. For an order requiring the Defendant to adequately disclose to New York consumers the fees charged for using the iPhone's data features while traveling internationally;

    d. A declaratory judgment that the Defendant's conduct in selling locked iPhones in the State of New York without disclosing the fact that they would only work with AT&T SIM cards is a deceptive act and practice within the meaning of GBL § 349;

    e. A declaratory judgment that the Defendant's refusal to provide the unlock codes for the iPhones to members of the Class is a deceptive act and practice within the meaning of GBL § 349;

7

f. A declaratory judgment that the Defendant's disclosures regarding the fees charged for international data usage were deceptive and misleading in violation of GBL § 349;

g. For an award of reasonable attorneys' fees and costs; and

h. For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
August 27, 2007

*[signature]*
Randall S. Newman, Esq.
Randall S. Newman, P.C.
80 Wall Street, Suite 815
New York, NY 10005
(212) 797-3737
Fax: (212) 797-3172

8

## VERIFICATION

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NEW YORK   )

HERBERT H. KLIEGERMAN, hereby affirms under the penalties of perjury as follows:

That I have read the foregoing Complaint and know the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

Dated: New York, New York
August 27, 2007

_____
Herbert H. Kliegerman

Sworn to and subscribed before me
This 27th day of August, 2007.

_____
Notary Public

RANDALL S. NEWMAN
Notary Public, State of New York
No. 02NE6096182
Qualified in Kings County
Commission Expires Sep. 02, 2007