MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone:   (212) 757-0400
Facsimile:   (212) 757-2010

H. TIM HOFFMAN (049141)
ARTHUR W. LAZEAR (083603)
MORGAN M. MACK (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612

*Attorneys for Plaintiffs Paul Holman and Lucy Rivello*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION. | Case No: C 07-05152-JW<br><br>MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISQUALIFY COUNSEL AND MOTIONS TO APPOINT FERNANDEZ OR WOLF HALDENSTEIN AS INTERIM LEAD COUNSEL |

Plaintiffs Paul Holman and Lucy Rivello, by their counsel Folkenflik & McGerity and Hoffman & Lazear, submit this Memorandum of Law in Opposition to the Motion to Disqualify Counsel and Motions to Appoint Damian R. Fernandez or Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Halderstein") as Interim Lead Counsel.

### INTRODUCTION

We have previously described in our prior Memorandum of Law why we believe Max Folkenflik should be appointed as lead counsel in this action. The purpose of this Memorandum is to address two legal issues: the law concerning disqualification based on multiple representations; and the law regarding the impending arbitration motion which may

result in a stay of the *Kleigerman* claims. As we point out below, there is no basis to disqualify Max Folkneflik, but there is reason for concern that the *Kleigerman* claims may be stayed. These facts further support a ruling that Max Folkenflik be appointed Interim Lead Counsel.

## POINT I

### THE STIENER CASE DOES NOT PRESENT A CONFLICT FOR COUNSEL

Counsel for *Smith* asserts that counsel for Holman must be disqualified because of their representation of Plaintiffs in a separate unrelated litigation *Stiener et al. v. Apple, Inc., et al.*, Index No. C07-04486 SBA. However, other than to simply state that both actions seek to recover from the same defendants, counsel does not explain how there is a "conflict," or why or how the existence of the other representation will or could harm the plaintiffs in this action. Counsel for *Smith* is wrong about the "conflict" and wrong about the remedy.

First, there is no "conflict." There is not even an explanation by Counsel for *Smith* as to why there is an alleged actual or perceived conflict. It is true that as Counsel for *Smith* asserts, the classes in *Stiener* and here overlap to a degree. It is also true that the defendants are the same. But the claims in the case are entirely different.

*Stiener* concerns the claim that purchasers of the iPhone were deceived about the battery life and costs of replacing the battery. This case concerns entirely unrelated claims of anti-competitive practices and computer trespass. The assertions in the two cases could not be more different or more unrelated. In fact, at the initial CMC Conference before this Court, the Court asked all counsel if the *Stiener* case was related to this action. Every attorney, including counsel for *Smith*, stated it was not related.

There is no conflict that has arisen or could arise from the positions being asserted by Plaintiffs in the cases. Even if there were, that by itself would not create a conflict for counsel unless there could be some showing that the interests of either class could be adversely effected. See <u>California Rules of Professional Conduct, Rule 3-310: Discussion</u>:

> *Rule 3-310 is not intended to prohibit a member from representing parties having antagonistic positions on the same legal issue that has arisen in different cases, unless representation of either client would be*

*adversely affected.*

There is no conflict based on the fact that the defendants are the same. The defendants are both highly solvent, and unquestionably capable of satisfying judgments in both suits, and counsel for *Smith* does not claim to the contrary. Moreover, the *Stiener* action is at its very beginning and no application for or appointment of lead counsel has been made. There has been no certification of a class.

None of the three cases cited by counsel for *Smith* provide any support for his claim of a conflict. For example, *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995) was a suit against ERISA fiduciaries and a failed insurance company which clearly raised the spector of a potential limited fund of assets. The Ninth Circuit held that in the particular facts of that case, the judgment by the District Court that representation of competing claimants in separate litigations involved a potential for a conflict was not an abuse of discretion. *Sullivan v. Chase Inv. Services, Inc.*, 79 F.R.D. 246, 258 (D. Cal. 1978) was another case where the issue was the conflict created by potentially limited assets sought in multiple competing cases.

*Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 678 (N.D. Ohio 1995), presented a different factual situation, but the conflict was created by its unusual facts. In that case the representative plaintiffs for the class of persons injured by the drug, DES, were also individual plaintiffs in parallel state actions and class counsel also represented them in the individual actions. Since individual actions could be settled for sums the defendants would be unwilling to pay the hundreds of thousands of class plaintiffs, the representative plaintiffs and the class counsel would have an incentive to use the leverage of the class action to achieve large individual recoveries. The conflict was obvious and it was extreme.

Courts have declined to find conflicts simply on the basis of multiple representations. For example, in *Sheftelman v. Jones*, 667 F.Supp 859 (D.Ga. 1987), a case involving competing classes against certain common defendants, the defendants counsel claimed plaintiff had a conflict of interest. The court stated "potential conflicts are very speculative at this time. The *Anderson* case has yet to be certified as a class action. Plaintiffs must obtain

favorable judgments in both this case and *Anderson*. Defendants must then be unable to satisfy the judgments before any concrete conflict of interest arises" at 866.

Similarly, in *Clark v. TAP Pharm. Prods., Inc.*, 343 Ill.App.3d.538 (Ill.App.Ct.2003), the court found that representation by counsel in that action who was simultaneously representing different named plaintiffs in a nationwide federal Racketeer Influenced and Corrupt Organizations (RICO) class action based on the same factual allegations "does not create the kind of conflict that would defeat the other elements that render the certification of this action proper or prevent Acie and the class counsel from adequately protecting the interests of the class." *Id.* at 551.

Second, even if a conflict existed, the remedy would be to give counsel an opportunity to cure it by withdrawal from the other case. See, *Kayes v. Pacific Lumber Co., supra.*, 51 F.3d at 1465.

## POINT II
## A POTENTIAL EXISTS FOR AN
## ARBITRATION STAY OF KLINGERMAN'S CLAIMS

AT&T has made it clear in the Joint Case Management Statement that it intends to move to compel arbitration of the claims asserted by all plaintiffs in this case. However, since the AT&T contract applies a choice of law based on the residence of the subscriber, the arbitrability of claims of Plaintiffs Paul Holman and Lucy Rivello will be determined under the laws of Washington state and California respectively, but the arbitrability of claims by Herbert Kliegerman will be determined under the laws of New York. The critical issue on arbitrability is whether the class action waiver contained in the AT&T arbitration clause will render that clause unenforceable. With respect to clauses governed by California and Washington law, it is clear that the AT&T's prospective motion must be denied. Under New York law, the issue is less clear.

For clauses governed by California law, *Shroyer v. New Cingular Wireless Servs.*, 498

F.3d 976 (9th Cir. 2007), is controlling. There, this same defendant, using a materially similar contract formation process sought to enforce a materially similar arbitration clause with a class action substantially identical waiver. The Ninth Circuit held the clause to be unconscionable and unenforceable as a matter of California law under the rule of *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005). Judge Armstrong recently applied the *Shroyer* rule to the very clause at issue here in the *Stiener* case (opinion attached).

The same result is required for the claims of Mr. Holman under Washington law. *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213 (9th Cir. 2008)

Under New York law, however, the law is less favorable. *See, e.g., Ranieri v Bell Atl. Mobile*, 304 A.D.2d 353, 354, (1st Dep't), *lv denied* 1 N.Y.3d 502 (2003)(Under New York law, "a contractual proscription against class actions ... is neither unconscionable nor violative of public policy" ), *accord, Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190, 191 (N.Y. App. Div. 2004). That is not to say that Mr. Kliegerman can not succeed in winning his motion, and we wish him success, but the motion presents problems for him and derivatively for his counsel.

Dated: March 17, 2008

FOLKENFLIK & McGERITY

*[signature]*

MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
1500 Broadway,
21st Floor
New York, New York  10036
(212) 757-0400

**HOFFMAN & LAZEAR**

ARTHUR W. LAZEAR, ESQ.
H. TIM HOFFMAN, ESQ.
MORGAN M. MACK, ESQ.
180 Grand Avenue, Suite 1550
Oakland, California 94612