M. Van Smith (CA Bar No. 32007)
Damian R. Fernandez (CA Bar No. 206662)
LAW OFFICE OF DAMIAN R. FERNANDEZ
14510 Big Basin Way, Suite A, PMB 285
Saratoga, California 95070-6091
Telephone: (408) 355-3021
Facsimile: (408) 904-7391
Email:   mvsmith@sbcglobal.net
        damianfernandez@gmail.com

Attorneys for Plaintiffs Vincent Scotti,
Dennis V. Macasaddu, Mark G. Morikawa,
Timothy P. Smith, and Michael G. Lee

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re Apple & AT&TM Anti-Trust Litigation | NO. C 07-05152 JW <br><br> **MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS FOR APPOINTMENT OF INTERIM LEAD COUNSEL FILED BY COUNSEL FOR KLIEGERMAN AND HOLMAN** <br><br> Date:   April 7, 2008 <br> Time:   9:00 AM <br> Judge:  Honorable James Ware |

   Plaintiffs Vincent Scotti, Dennis V. Macasaddu, Mark G. Morikawa, Timothy P. Smith, and Michael G. Lee ("Smith Plaintiffs") submit this memorandum of law in opposition to the Motions For Appointment Of Interim Lead Counsel filed by Folkenflik & McGerity ("Folkenflik") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein).

### ARGUMENT.

   On November 30, 2007, nearly two months before the transfer of the *Kliegerman* action, this Court appointed Folkenflik and the counsel for the Smith Plaintiffs ("Fernandez") as co-lead counsel. If the Court finds that Folkenflik does not have a conflict of interest and properly meets this Court's *pro hac vice* admission standards, the Court's original order appointing Folkenflik and

Fernandez as co-lead counsel should stand for the following reasons:

1.    Folkenflik and Fernandez have expended considerable time, energy, and resources in originating the legal theories for the case;

2.    Folkenflik and Fernandez, who filed their lawsuits on the same day, were the first to file each of the causes of action alleged against Apple and AT&T;

3.    Wolf Haldenstein's first amended complaint is a copycat lawsuit of Folkenflik and Fernandez. To be sure, the original complaint filed by *Kliegerman* did not contain any antitrust causes of action or antitrust factual allegations. Instead their original complaint contained only one cause of action under New York's General Business Law Statute. Moreover, Wolf Haldenstein waited 45 days after Folkenflik and Fernandez filed their complaints to amend their complaint. They have therefore demonstrated a lack of vision, initiative, and originality of ideas. They are attempting to gain an unfair advantage at the expense of the efforts and resources expended by Folkenflik and Fernandez.

4.    Folkenflik and Fernandez have identified the legal and factual issues for the case and have demonstrated competence through their pleadings that they can co-lead this case;

5.    The reputation and experience of firms such as Wolf Haldenstein should not be considered in the appointment of lead counsel when the factual and legal issues raised by their pleadings are copied from other counsel and do not bring anything new to the case.

6.    Folkenflik and Fernandez have met in person and have discussed the issues of the case at length. If the Court is able to resolve the ethical and procedural issues presented by Fernandez in favor of Folkenflik, Folkenflik and Fernandez have already demonstrated that they work well together and can effectively collaborate on the issues of the case for the benefit of the class. The local presence of Fernandez and Folkenflik together with his co-counsel Hoffman and Lazear should prevail over an out of state law firm with an out of state client.

## ISSUES.

At the January 28, 2008 case management conference, Damian R. Fernandez notified the court that he was concerned of the following issues: (1) whether Folkenflik had a conflict of interest for his representation of a different class of iPhone consumers pending in the Oakland division of

this Court; and (2) whether Folkenflik qualified to appear under the local rules of this Court governing *pro hac vice* admission. Fernandez advised the court that he believed these were ethical and procedural issues to be decided by the Court, and not matters that could be negotiated between counsel.

**1.      Was Folkenflik's application for pro hac vice admission properly made?**

"Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice pro hac vice if the applicant is regularly engaged in the practice of law in the State of California." (Civil L.R. 11-3.) "A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, shall be subject to sanctions or other punishment, including a finding of contempt." (Civil L.R. 11-8) (Emphasis Added.)

Since 1997, Folkenflik has been granted *pro hac vice* status in the following other cases in California:

| Court | Docket Number | Description | Filed | Active or Closed | Identification |
|---|---|---|---|---|---|
| U.S. District - California Northern | 5:05CV4867 | Ho v. Ernst & Young LLP | 11/29/2005 | Active | Labor Litigation; Cause: Fed. Question |
| U.S. District - California Northern | 4:07CV4486 | Stiener et al v. Apple, Inc et al | 08/29/2007 | Active | Other Statutory Actions; Cause: Diversity-Injunctive & Declaratory Relief |
| U.S. District - California Northern | 3:07CV4178 | Inter-Mark USA, Inc v. Intuit, Inc | 08/15/2007 | Active | Other Contract; Cause: Diversity-Other Contract |
| U.S. District - California Southern | 3:07CV74 | Gasman v. Morgan Stanley et al | 01/11/2007 | Active | Fair Labor Standards Act; Cause: Fair Labor Standards Act |
| U.S. District - California | 4:07CV4143 | Leung v. Apple | 08/13/2007 | Closed | Fraud; Cause: Personal Injury |

| Northern | | Computer, Inc et al | | | |
|---|---|---|---|---|---|
| U.S. District - California Central | 2:97CV4392 | Maxal Trust, et al v. Natl Securities Corp, et al | 06/16/1997 | Closed | Securities; Cause: Securities Exchange Act |
| CA Appeals & Supreme - 1st District (San Francisco) | A111602 | Aviation Data, Inc. v. American Express Travel Related Service et al. | 09/20/2005 | Closed | Consumer Class Action |
| CA Appeals & Supreme - 1st District (San Francisco) | A114182 | Hoffman et al. v. American Express Travel Related Services Company, Inc. et al. | 05/03/2006 | Closed | Consumer Class Action |
| CA, Superior Court | 2001022881 | Hoffman v. American Express Travel Related Services Co | 09/06/2001 | Active | Consumer Class Action |
| CA, Superior Court | BC 080254 | Mark Erwin, Et Al Vs Resources High Equity, Inc., Et Al | 05/03/1993 | Closed | |

Since 1997, Folkenflik has been actively engaged in 10 cases in California of which 5 cases are active. In each of those cases, he has applied for and been granted *pro hac vice* admission. He is currently chairman of the Steering Committee in a consumer class action against American Express. He has been continuously involved in that case since December 2003 with appearances at the trial and appellate courts. The issue to be decided by the Court is whether Folkenflik has been regularly engaged in the practice of law in California. If so, whether Folkenflik can continue to serve as co-lead counsel in this case.

1    **2.    To comply with the *pro hac vice* admission process, Folkenflik may have to indicate on
2          his resume and website that he is not eligible to practice law in California.**

3          To practice law under California Rule of Court 9.47, an attorney must Indicate on any Web

4    site (or other advertisement accessible in California) either that the attorney is not a member of the

5    California State Bar or that the attorney is permitted to practice law only in the states listed.

6          In the underlying action, Folkenflik has established the website of

7    www.appleclassaction.net. He also has a separate website for his general practice at

8    http://fmlaw.net. In neither website does he indicate that he is not eligible to practice in California

9    or that he is permitted to practice law only in particular states. Further, he provides a link to his law

10   firm website where he indicates on his resume and in the firms "Overview" section that "the firm's

11   practice is active in both federal and state courts, in New York and other states (including

12   California Massachusetts, and Nebraska by special admission), and in arbitration".) In the

13   admissions section of his resume, he indicates that he has pro hac vice admission in the state and

14   federal courts of California.

15         So that Folkenflik is in compliance with the *pro hac vice* process, the court can consider

16   whether he should revise his resume and website so that potential class members are not mislead.

17   **3.    Under this Court's decision in *Sullivan*, Folkenflik's representation of the *Steiner*
18         plaintiffs against Apple and AT&T Mobility may create a conflict of interest even
           though an actual conflict does not exist.**
19

20         A conflict of interest exists if the attorney represents another class against the same

21   defendant (Schwarzer, Federal Civil Procedure Before Trial, § 10:586.6 (The Rutter Group 2007) at

22   § 10:587.6, citing *Sullivan v. Chase Inv. Services of Boston, Inc.* (ND CA 1978) 79 FRD 246, 258).

23   As the Sullivan court stated "The responsibility of class counsel to absent class members whose

24   control over their attorneys is limited **does not permit even the appearance of divided loyalties of**

25   **counsel**." (*Sullivan* at p. 258, citing *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 & n. 9

26   (3 Cir. 1973).) (Emphasis Added.)

27   ///

28   ///

In pertinent part, the *Sullivan* court stated:

> The Court's major concern about counsel involves their role in a parallel
> securities fraud case against CIS in the District of Maryland, Lion v. CIS,
> Civ. No. M-76-493. Counsel for the proposed class are of counsel in the
> Lion case. The possibility that assets and insurance of the defendants who
> may have committed fraud against the plaintiffs will be insufficient to
> satisfy an alleged liability to the class of over $20 million is great enough
> to influence litigation strategy. The Lions' interest in collecting some
> money from CIS before this class litigation is concluded is obvious, and
> the diminution of the defendants' assets by payment to the Lions would
> equally obviously affect the interests of this class. Because this putative
> class and the Lions have conflicting interests in the course of each
> litigation, counsel cannot represent both. ABA Code of Professional
> Responsibility Disciplinary Rule 5-105 and Ethical Considerations 5-14
> through 5-16. The Court has no reason to believe that counsel's
> representation in this lawsuit has yet been influenced by their
> responsibilities to the Lions, but counsel must submit an affidavit within
> five days of the date of this order certifying that they have completely
> withdrawn from further representation of the Lions if this class action is
> going to proceed. The responsibility of class counsel to absent class
> members whose control over their attorneys is limited does not permit
> even the appearance of divided loyalties of counsel. See Greenfield v.
> Villager Industries, Inc., 483 F.2d 824, 832 & n. 9 (3 Cir. 1973).

The classes in Steiner and Holman have the following conflicting interests which may cause prejudice to the classes in either case:

(1)     Folkenflik's resources will be split between two cases. Does Folkenflik have the resources to divide their time equally to each case, or will it dedicate more time to the more profitable iPhone antitrust case?;

(2)     If Apple & AT&T make a settlement offer to the Steiner class members, Apple could make it conditional on obtaining favorable treatment from Folkenflik on the anti-trust litigation or vice versa. Or, Folkenflik may not settle the Steiner case as it might perceive an early settlement as a sign of weakness in the Holman action or vice versa.

These factors may indicate that there is an actual conflict of interest. Even if there is no actual conflict of interest as in *Sullivan*, the issue is whether there is an appearance of undivided loyalties that is not in accord with *Sullivan*.

Some courts have cautioned that because of the nature of class representation and the importance of retaining counsel with the most experience on the case, automatic disqualification should not be applied in a rigid fashion. (*Schwarzer*, § 10:587.10, citing, *In re Agent Orange Prod. Liab. Litig.* (2nd Cir. 1986) 800 F2d 14, 19; and see *In re Corn Derivatives Antitrust Litig.*, *supra*, 748 F2d at 165 (J. Adams concur.opn.)] In the *Agent Orange* case, the court denied the motion to disqualify counsel. The major ground seemed to be that the motion to disqualify was brought after counsel was class counsel for a period of 8 years. The court concluded that after the passage of so much time, the class would be prejudiced because it would not be able to find alternate counsel who would be familiar with the case. None of these facts are present in the instant action.

Dated: March 17, 2008                    Respectfully submitted,

**LAW OFFICE OF DAMIAN R. FERNANDEZ**


By: _____/s/ Damian R. Fernandez_____
          Damian R. Fernandez
          M. Van Smith

          Attorneys for Plaintiffs
          VINCENT SCOTTI,
          DENNIS V. MACASADDU,
          MARK G. MORIKAWA, TIMOTHY P. SMITH,
          and MICHAEL G. LEE

///
///
///
///
///
///
///
///
///
///