MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone:   (212) 757-0400
Facsimile:    (212) 757-2010

H. TIM HOFFMAN (049141)
ARTHUR W. LAZEAR (083603)
MORGAN M. MACK (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612

*Attorneys for Plaintiffs Paul Holman and Lucy Rivello*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION. | Case No: C 07-05152-JW<br><br>REPLY MEMORANDUM OF LAW IN SUPPORT OF MAX FOLKENFLIK AS INTERIM LEAD COUNSEL |

Plaintiffs Paul Holman and Lucy Rivello, by their counsel Folkenflik & McGerity and Hoffman & Lazear, submit this Reply Memorandum of Law in support of the appointment of Max Folkenflik as Interim Lead Counsel.

**POINT I**

**THE APPEARANCE OF FOLKENFLIK & MCGERITY IN OTHER ACTIONS DOES NOT DISQUALIFY THEM FROM APPEARING HERE**

Counsel in *Timothy P. Smith, et al. v. Apple, Inc., et al.* argues that the court must address the question of whether Folkenflik & McGerity is disqualified from serving as counsel here because the action is which it appeared in California amounts to being "regularly engaged in the practice of law int the state of California" thereby allegedly requiring disqualification

under Local Civil Rule 11-3(b).[1]

However, counsel for *Smith* ignores the plain language of the rule which provides that *pro hac vice* status can be granted to an applicant if "authorized . . . by an order of the assigned judge" which the application here was.

Further, as the Reply Declaration of Max Folkenflik demonstrates, the cases in which Mr. Folkenflik appears in California are all Federal cases, other than one. In most, the cases are pending in New York and were transferred to California for pre-trial purposes by the Multi-District Litigation Panel. Mr. Folkenflik has conducted his practice of law in New York and has only made limited appearance in California in any of those actions. He has appeared in California in the *Hoffman* action, but that case alone, or even in combination with the Federal cases, can hardly be considered the "regular[ ]. . . practice of law in California."

We have found no case in any Federal court in which counsel was denied the right to appear *pro hac vice* under such an approach and the application required by the rules do not even require disclosure of those other actions. *See* Local Civil Rule 11-3(a). The realities of current practice in the Federal courts, particularly in class actions, are that counsel often practices nationally, with numbers of cases occurring in various jurisdiction. Counsel for defendants, and other plaintiffs' counsel are also engaged in multiple cases in California federal courts. Were the Court to adopt the rule urged by counsel for *Smith*, the ramifications of such a ruling would go far beyond this case (where it may require disqualification of other defense and plaintiffs' counsel ) and would disrupt practice in the Federal Courts.

---

[1] Local Civil Rule 11-3(b) provides:

(b) Disqualification from *pro hac vice* appearance. Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice *pro hac vice* if the applicant: (i) resides in the State of California; or (ii) is regularly engaged in the practice of law in the State of California. This disqualification shall not be applicable if the *pro hac vice* applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and (iii) has officially registered to take or is awaiting his or her results from the California State Bar exam.

## POINT II

### THE STIENER CASE DOES NOT PRESENT A CONFLICT FOR COUNSEL

Counsel for *Smith* asserts that counsel for Holman must be disqualified because of their representation of Plaintiffs in a separate unrelated litigation *Stiener et al. v. Apple, Inc., et al.*, Index No. C07-04486 SBA. The basis of the claim is that counsel may be forced to divide time between that case and this one, or that the defendants may make an offer in settlement in *Steiner*, conditioned on a favorable deal in this action. See *Smith* Mem. in Opp. at 6. As to the division of time, all counsel have more than one case to handle, and that is hardly a ground for disqualification. As to the conditional settlement, it is impossible to imagine that any such unethical offer would be made and certainly none would be accepted. "[C]ourts sensibly hold that speculative conflicts of interest do not preclude a finding that class counsel is adequate." *In re BearingPoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 541 (D. Va. 2006), *citing*, *Williams v. Empire Funding Corp.*, 183 F.R.D. 428, 440 (E.D.Pa 1998) (holding that "merely speculative and hypothetical" conflicts of class counsel will not bar class certification); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998) (same). As the court also noted in *BearingPoint,* "[t]his is especially so, given the procedural protections afforded by Rule 23's mandated judicial supervision of the class litigation and any proposed settlement." *Id.*

Dated: March 17, 2008

FOLKENFLIK & McGERITY

MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
1500 Broadway,
21st Floor
New York, New York 10036
(212) 757-0400

-3-

**HOFFMAN & LAZEAR**

ARTHUR W. LAZEAR, ESQ.
H. TIM HOFFMAN, ESQ.
MORGAN M. MACK, ESQ.
180 Grand Avenue, Suite 1550
Oakland, California 94612