Max Folkenflik, Esq.
Margaret McGerity, Esq.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

H. Tim Hoffman (049141)
Arthur W. Lazear (083603)
Morgan M. Mack (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE APPLE & AT&T ANTITTRUST LITIGATION

Case No: C:07-05152 JW

**REPLY DECLARATION OF MAX FOLKENFLIK**

I, **Max Folkenflik**, hereby declare:

1. I am a member of Folkenflik & McGerity, counsel for plaintiffs Paul Holman and Lucy Rivello, in *Holman and Rivello, et al. v. Apple, Inc., AT&T Mobility LLC*, (No. 07-CV-05152-JW), one of the three related cases consolidated in this action. I make this reply declaration for appointment as interim lead counsel to address the issues raised in the Memorandum of Law in Opposition to my appointment filed by counsel in *Timothy P. Smith, et al. v. Apple, Inc., et. al. ("Smith")*, and the Supplemental Memorandum of Law filed by counsel in *Kliegerman et. al. v. Apple, Inc. and AT&T Mobility, LLC ("Kliegerman")*.

**The Opposition of *Smith***

2. The opposition of *Smith* raises for the first time in this briefing the argument that Folkenflik & McGerity should be disqualified because their *pro hac vice* application

should not have been granted due to the number of appearances that firm has made in federal and state court actions in California. As we point out in our accompanying Memorandum of Law, the Rule on its face has been complied with because we sought, and received, an "order of the assigned judge" granting our application. However, since the issue has been raised, the Court should be aware of the details of the cases in which I am appearing and have appeared.

3. *Ho v. Ernst & Young* is a wage and hour case against a national accounting firm. I have been admitted *pro hac vice*, but thus far have not signed any pleadings or appeared in court. My activities have been confined to taking several depositions in New York and consulting with my co-counsel almost exclusively from New York. *Gasman v. Morgan Stanley* is another wage and hour class action case which is pending in the Southern District of New York, and which was transferred for pre-trial purposes to the Southern District of California by the Multi-District Litigation Panel. I am not in a leadership role in the MDL proceeding, and have not appeared in Court or conducted any activities outside of New York. The case has been settled between the parties and preliminarily approved.

4. Another wage and hour class action, *Gene Panasenko v. Wachovia Corporation, Wachovia Securities LLC, and Prudential Financial, Inc.* was also commenced in New York and transferred for pre-trial purposes to the Southern District of California. In *In Re Wachovia Securities, LLC, Wage and Hour Litigation*, I attended one hearing at which lead counsel was appointed. I am not a member of the leadership structure and all of my activities on that case, save for that one appearance, have been in New York. A third wage and hour class action *Larry A. LaVoice, et al., v. Citigroup Global Markets Inc., formerly known as Salomon Smith Barney, Inc.*, which was brought in the Eastern District of New York, was settled at a mediation in California and as part of the settlement re-filed as part of a consolidated action along with a number of other cases. A settlement of the consolidated action was finally approved by Judge Wilkin on March 13. I did not appear in the case or file any papers other than a declaration concerning the proposed incentive

payment to my client. Other than attending the mediation, which occurred nearly two years ago, I have not engaged in any activities in California.

5.   *Inter-Mark USA, Inc., et al. v. Intuit, Inc.* is on the active docket, but is scheduled for a settlement conference before Judge Edward J. Infante (Ret.) on April 28. There has been one court appearance, which I attended. The two *Hoffman* cases and the *Aviation Data* case cited by counsel for *Smith* are all the same action: the underlying action and two consolidated appeals regarding two separate motions in that case seeking to compel arbitration. *Leung v. Apple* is the same case as *Stiener et al. v. Apple, Inc. et al.*, which re-filed with a new caption.

6.   While I do not think these appearances have any significance to the determination of lead counsel, it is notable that the Wolf Haldenstein firm, through New York counsel appearing *pro hac vice*, is appearing in each of those three wage and hour cases in which I appeared, and in each, unlike me, the same New York counsel from Wolf Haldenstein is in a leadership role. The defense counsel in this case include many appearing *pro hac vice*, who may well have as many, or more, cases in California than I do. I do not mention this to make any point other than the practice in large national class actions often results in appearances by attorneys in federal courts throughout the land through admission *pro hac vice*, as the resumes of the attorneys who are seeking appointment of lead counsel demonstrate.

7.   As to my websites, my resumé clearly indicates the states where I am admitted and that does not include California.

8.   Finally, in an argument that is certainly curious under the circumstances, in the event that I am not disqualified entirely, counsel for *Smith* urges the Court to appoint us co-lead counsel. That is what the Court originally ordered and I negotiated an agreement to that effect with Mr. Fernandez and his then co-counsel, only to have him renege on that agreement and try and have me disqualified entirely. His co-counsel withdrew, as did the replacement co-counsel Girard Gibbs. As I informed Mr. Fernandez, I would expect that we could work together on the case, but I would not be willing to share

decision making authority with him.

**The *Kliegerman* Supplemental Memorandum**

9. The *Kliegerman* Supplemental Memorandum is correct that I have not been involved in anti-trust cases for a number of years, but incorrect in assuming that recent anti-trust litigation should be a determinative factor for several reasons. First, my experience in anti-trust at one of the nation's pre-eminent firms, dealing with some of the top economists in the land, shows that I can and will have sufficient mastery of the relevant law to fully serve the interests of the class. Second, additional expertise, were it ever needed, can be readily obtained from expert witnesses and other consultants or counsel, and indeed that is a role the *Kliegerman* counsel could well play if they remain in the action.

10. The leadership role requires more. It requires the understanding of the key issues in the case, which here revolve around technology. The *Kliegerman* counsel have shown no appreciation of the special role of technology nor any special expertise in dealing with it. The argument that they have been involved in cases with large "databases" is so far afield as to make the argument against them. As the Declaration of Joseph Caruso demonstrates, the work we have done in the matter to unravel the core technological issues in the case has been substantial. Their showing demonstrates that they have done nothing in this key area. Instead, they filed the wrong case, in the wrong court, and asserted the claims at issue here on the basis of a copy cat pleading which copied not merely the insights, but the even the language of the pleading Hoffman & Lazear and I

filed. That, plus the size of the firm, should not be enough to give them lead counsel status.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 24, 2003

              _____
                  MAX FOLKENFLIK