IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 07-05152 JW

In Re Apple & AT&TM Antitrust Litigation

**ORDER APPOINTING INTERIM LEAD COUNSEL; ADMINISTRATIVELY CLOSING CASES**

/

## I. INTRODUCTION

This is a putative class action brought on behalf of purchasers of Apple iPhones against Apple Inc. and AT&T Mobility (collectively, "Defendants"), alleging, *inter alia*, violations of § 1 of the Sherman Act and California Business and Professions Code § 17200. Presently before the Court are cross-motions with respect to the issues of disqualification and the appointment of lead counsel.[1]

The Court conducted a hearing on April 7, 2008. Based on the papers submitted to date and oral argument of counsel, the Court GRANTS Wolf Haldenstein's motion, and DENIES Fernandez and Folkenflik's motions.

## II. BACKGROUND

On October 5, 2007 Plaintiffs Paul Holman and Lucy Rivello filed a Class Action Complaint ("Holman"). (Docket Item No. 1.) On November 30, 2007, the Court ordered Holman consolidated with Timothy Smith, et al., v. Apple, Inc., et al., Case No. 07-05662 RMW ("Smith"), appointing

---

[1] (Motion to Appoint Damian Fernandez and Girard Gibbs as Lead Counsel for Plaintiffs, hereafter, "Fernandez's Motion," Docket Item No. 61; Motion to Appoint Wolf Haldenstein as Lead Counsel for Plaintiffs, "Wolf Haldenstein's Motion," Docket Item No. 70; Motion to Appoint Max Folkenflik as Lead Counsel for Plaintiffs, "Folkenflik's Motion," Docket Item No. 71.)

counsel in each case as co-lead counsel. (Docket Item No. 34.) At the Court's January 28, 2008 case management conference with the parties, counsel for Smith represented to the Court that it intended to file a motion to disqualify counsel for Holman and a motion to be appointed as lead counsel. In an Order following the conference, the Court set a schedule for various motions. (Docket Item No. 57.)

On March 18, 2008, the Court related Kliegerman v. Apple, Inc., Case No. 08-00948 JSW ("Kliegerman") to the consolidated action. (Docket Item No. 86.) The Court continued the hearing on the motions to allow counsel for Kliegerman to file its motion to be appointed as interim lead counsel. (Docket Item No. 66.)

Presently before the Court are the parties' motions with respect to the issues of disqualification and the appointment of lead counsel.

## III.  DISCUSSION

### A.  Consolidation

The Court *sua sponte* considers whether Kliegerman should be consolidated with the Homan and Smith.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may . . . (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989).

The Court vacates its appointment of co-lead counsel and consolidates Kliegerman with Holman and Smith because they involve substantially the same transaction and parties. Holman remains the lead case. All future filings shall continue to be filed in Case No. 07-05152 JW and to bear the caption: *In Re Apple & AT&TM Anti-Trust Litigation.* In light of the consolidation, the Clerk shall administratively close Case No. 07-05662 and Case No. 08-0948.

2

**B.   Interim Lead Counsel**

Primarily in dispute is which counsel the Court should appoint as interim lead counsel in advance of considering a motion to certify this putative class action.

Pursuant to Federal Rule of Civil Procedure 23(g)(3): "[A] court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When more than one applicant seeks appointment, the court must appoint the applicant that is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). In making this determination, the court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Counsel for Smith is the Law Offices of Damian R. Fernandez ("Fernandez"). Fernandez contends that it should be appointed as interim lead counsel despite the fact that Mr. Fernandez, the principle in the firm, has only eight years of litigation experience. (Declaration of Damian R. Fernandez in Support of Motion for Appointment ¶ 10, hereafter, "Fernandez Decl.," Docket Item No. 63.) To bolster its position, Fernandez associated Girard Gibbs LLP, a firm with greater financial resources and more experience in complex litigation and antitrust matters. (Fernandez Decl. ¶ 13.) However, on March 19, 2008, Fernandez filed a notice that it was not longer associated with Girard Gibbs LLP. (Docket Item No. 87.) Since this case involves complex factual and legal issues and will likely require significant investment of financial resources, Fernandez does not appear to qualified to be appointed as interim lead counsel under Rule 23(g).

Counsel for Holman is the law offices of Folkenflik & McGerity ("Folkenflik"). In its motion, the firm seeks to have Mr. Folkenflik, as an individual, appointed as interim lead counsel. Mr. Folkenflik declares that he has thirty-one years of experience in complex civil disputes, including cases involving technology and antitrust issues. (Declaration of Max Folkenflik in Support of Motion for Appointment ¶¶ 6, 13, hereafter, "Folkenflik Decl.," Docket Item No. 73.)

3

1  Mr. Folkenflik also has significant class action experience. (Folkenflik Decl. ¶ 9.) However, like
2  Fernandez, Folkenflik does not declare that he has the resources to invest in this action that a larger
3  law firm would have. Therefore, Mr. Folkenflik does not appear to qualified to be appointed as
4  interim lead counsel under Rule 23(g).

5  Counsel for Kliegerman is the firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf
6  Haldenstein"). On behalf of Wolf Haldenstein, Mr. Schmidt submits an affidavit which outlines the
7  firm's qualifications. (Affidavit Re Motion for Appointment, hereafter, "Wolf Affidavit," Docket
8  Item No. 77.) Wolf Haldenstein is a firm of more than 50 attorneys and its Class Action Litigation
9  Group consists of 35 attorneys and 10 paralegals. (Wolf Affidavit ¶ 2.) The firm has substantial
10 experience with antitrust law, including antitrust class actions. (Id. ¶¶ 3-5.) Mr. Schmidt has more
11 than twenty-two years of experience litigating complex commercial matters, including numerous
12 antitrust actions and class actions. (Id. ¶ 6.) His partner and co-counsel, Mr. Rifkin, has twenty
13 years of experience litigating complex commercial matters, including antitrust class actions in
14 federal court. (Id. ¶ 7.) The firm has also already engaged an antitrust economist and invested
15 significant time researching and investigating the potential claims involved in this case. (Id. ¶ 9.)

16 Accordingly, the Court appoints Wolf Haldenstein as interim lead counsel for the
17 consolidated action. To the extent Fernandez seeks to disqualify Folkenflik as counsel, its motion is
18 DENIED as moot.

### IV. CONCLUSION

The Court GRANTS Wolf Haldenstein's Motion, and DENIES Fernandez's Motion and
Folkenflik's Motion. All future filings shall continue to be filed in Case No. 07-05152 JW and to
bear the caption: *In Re Apple & AT&TM Anti-Trust Litigation.* In light of the consolidation, the
Clerk shall administratively close Case No. 07-05662 and Case No. 08-0948.

Dated: April 15, 2008

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron M. Sheanin ams@girardgibbs.com
Adrian Frank Davis adrian.davis@lw.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parasharami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Elizabeth Cheryl Pritzker ecp@girardgibbs.com
Eric H. Gibbs ehg@girardgibbs.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jeffrey H. Howard jhoward@crowell.com
M. Van Smith mvsmith@sbcglobal.net
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Wm. Randolph Smith wrsmith@crowell.com

Dated: April 15, 2008                    Richard W. Wieking, Clerk

                                         By:   /s/ JW Chambers
                                               **Elizabeth Garcia**
                                               **Courtroom Deputy**