Daniel A. Sasse, Esq. (CA Bar No. 236234)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone:    (949) 263-8400
Facsimile:    (949) 263-8414
Email:        dsasse@crowell.com

Donald M. Falk (CA Bar No. 150256)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060
Email:        dfalk@mayerbrown.com

Attorneys for Defendant
AT&T Mobility LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE APPLE & AT&TM ANTI-TRUST LITIGATION | Case No. 07-05152-JW<br><br>**DEFENDANT AT&T MOBILITY LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS SOON-TO-BE FILED MOTION TO COMPEL ARBITRATION**<br><br>Date:   September 8, 2008<br>Time:   9:00 a.m<br><br>Honorable James Ware |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 8, 2008, at 9:00 a.m., pursuant to Federal Rules of Civil Procedure 6(b) and 26(c) and Local Civil Rule 6-3, Defendant AT&T Mobility LLC ("ATTM") will move and hereby does move this Court for an order staying ATTM's obligations to provide discovery pending resolution of ATTM's soon-to-be-filed motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. In support of this motion, ATTM concurrently files the attached Declaration of Daniel A. Sasse and a proposed order, and states as follows:

1.    On May 5, 2008, plaintiffs Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti, and Scott Sesso filed their consolidated amended putative class-action complaint against ATTM and Apple, Inc. ("Apple"), alleging that the manner in which the defendants advertised, sold, serviced, and provided wireless and data services via the iPhone violated the Sherman Act, 15 U.S.C. § 2, the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301–12, and the consumer protection laws of 42 states and the District of Columbia. Consol. Am. Compl. (Dkt. No. 102) ¶ 1.

2.    The Court has not ordered either a Rule 26 Scheduling Conference or Case Management Conference for the plaintiffs' Amended Complaint. Declaration of Daniel Sasse ¶ 2. Accordingly, there are no current disclosure or discovery deadlines.

3.    On May 28, 2008, the parties met and conferred regarding plaintiffs' desire to set a schedule for discovery on the merits. Sasse Decl. ¶ 3. The parties could not agree on whether the Court should continue to stay discovery or schedule a case management conference. *Id.*

4.    That same day, counsel for plaintiffs filed a letter requesting that the Court set a schedule for discovery. Docket No. 101; *see also* Sasse Decl. ¶ 4.

5.    ATTM now files this motion to request that the Court reject plaintiffs' request to schedule a case management conference and instead issue an order stating that discovery may not take place until the resolution of ATTM's planned motion to compel arbitration.

6.    That motion is scheduled to be filed soon: ATTM currently plans to respond to

the complaint on or before June 27, 2008, by moving to compel arbitration. As we will explain in that motion, when plaintiffs activated their iPhones for use with ATTM's wireless service, they agreed to resolve their disputes with ATTM by individual arbitration or in small claims court. ATTM's arbitration provision provides unprecedented incentives for consumers and their attorneys (if any) to pursue their disputes on an individual basis in arbitration. *See* Exhibit 1, at 12–15 (arbitration provision contained in ATTM's terms of service).

7. Consistent with the purposes of the Federal Arbitration Act ("FAA"), the Court should stay ATTM's obligations to participate in discovery pending resolution of ATTM's motion to compel arbitration. Courts routinely stay pre-trial obligations, including merits discovery, when a motion to compel arbitration is pending before the court. Indeed, Judge Armstrong of this Court recently granted ATTM a stay of its pre-trial obligations, including discovery, pending resolution of ATTM's motion to compel arbitration under precisely the same circumstances as are involved here. *See Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA (Nov. 29, 2007) (attached as Exhibit 2). *See also, e.g., Trujillo v. Apple Computer*, No. 1:07-cv-04946 (N.D. Ill. Oct. 20, 2007) (attached as Exhibit 3) (similarly staying all of ATTM's pre-trial obligations, including discovery, pending resolution of ATTM's anticipated motion to compel arbitration); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

8. As the Ninth Circuit has pointed out, "[t]he FAA provides for discovery * * * in

-2-

connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999); *accord, e.g.*, *Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted."). Permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved *puts the cart before the horse*" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (emphasis added). Accordingly, "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (internal quotation marks omitted).

9.    Furthermore, as Judge Chesney of this Court has recognized, if ATTM is required to proceed with pre-trial obligations, including discovery, while the enforceability of its arbitration provision is still being litigated, "'the advantages of arbitration—speed and economy—are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless*, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Such an approach would subject ATTM "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring).

10.    Moreover, there is no reason to think that plaintiffs would be unduly prejudiced by the requested stay. This case is unlike *Jones v. Deutsche Bank, AG*, 2007 WL 951811 (N.D. Cal. Mar. 28, 2007), in which Magistrate Judge Seeborg declined to enter a stay because Deutsche Bank had moved to compel arbitration "comparatively late in [the] litigation process, and long after the parties (and the Court) ha[d] expended considerable resources in discovery and other proceedings." *Id.* at *1. By contrast, when, as here, a party "claim[s] a right to arbitrate" at the outset of a litigation, it can "persuasively argue that it should not be exposed to the risk

-3-

that it will have unnecessarily *begun* discovery should arbitration subsequently be compelled."
*Id.* (emphasis in original).

11.    In sum, granting ATTM's request to continue to stay discovery in this case will promote judicial economy and avoid the potentially irreparable harm ATTM would suffer if it were required to provide discovery before resolution of ATTM's motion to compel arbitration.

Accordingly, ATTM respectfully moves this Court to stay ATTM's obligations to participate in discovery until ATTM's motion to compel arbitration—which ATTM currently plans to file on or before June 27, 2008—is resolved.

DATED:  May 30, 2008

                               _____/s/ Donald M. Falk_____
                               Donald M. Falk (State Bar No. 150256)
                               MAYER BROWN LLP
                               Two Palo Alto Square
                               3000 El Camino Real, Suite 300
                               Palo Alto, CA 94306-2112
                               Telephone:    (650) 331-2000
                               Facsimile:    (650) 331-2060
                               E-Mail:       dfalk@mayerbrown.com

                               Daniel A. Sasse, Esq. (CA Bar No. 236234)
                               CROWELL & MORING LLP
                               3 Park Plaza, 20th Floor
                               Irvine, CA 92614-8505
                               Telephone:    (949) 263-8400
                               Facsimile:    (949) 263-8414
                               Email:        dsasse@crowell.com

                               Attorneys for Defendant
                               **AT&T MOBILITY LLC**

                               *Of counsel:*

                               Evan M. Tager
                               Archis A. Parasharami (admitted *pro hac vice*)
                               MAYER BROWN LLP
                               1909 K Street, N.W.
                               Washington, D.C. 20006-1101
                               Telephone: (202) 263-3000
                               Facsimile:  (202) 263-3300