# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ZOLTAN STIENER AND YNEZ STIENER,

    Plaintiffs,

 v.

APPLE COMPUTER, INC., *et al.*,

    Defendants.

No. C 07-4486 SBA

**ORDER**

[Docket Nos. 23, 29, 33]

Before the Court is defendant AT&T Mobility LLC's (ATTM) administrative motion to stay its obligations under the Court's initial scheduling order pending resolution of its motion to compel arbitration [Docket No. 33]. No opposition has been filed. For the reasons that follow, the motion to stay is GRANTED.

In June 2007, plaintiffs Zoltan and Ynez Stiener purchased two iPhones. In August 2007, the Stieners filed this putative class action against Apple Computer, Inc. (Apple) and ATTM. *See* Docket No. 1. They allege that the defendants violated California consumer protection statutes and a variety of common law doctrines by "failing to inform a nationwide group of initial purchasers of the iPhone cellular telephone that fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced." Docket No. 1 (Compl. ¶ 1). The plaintiffs maintain that Apple and ATTM failed to disclose adequately the details of the iPhone battery-replacement program, thus violating California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq*. (Compl. ¶¶ 58–59) and breaching an implied warranty of merchantability (CAL. COMM. CODE § 2314) (Compl. ¶¶ 49–52). Plaintiffs also allege breach of contract (Compl. ¶¶ 45–48) and fraudulent concealment (Compl. ¶¶ 53–57). They seek to represent a class consisting of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and sustained damages as a result." Compl. ¶ 32.

To use their iPhones with defendant ATTM's wireless service, the Stieners were required to activate them online and agree to the Terms of Service, which contain an arbitration provision.

1  On November 21, 2007, ATTM filed a motion to compel arbitration and to dismiss the plaintiffs'
2  claims pursuant to the Federal Arbitration Act. *See* Docket No. 38. A hearing on the motion to compel
3  arbitration is scheduled for February 26, 2008. Pending resolution of this motion to compel arbitration,
4  ATTM seeks an order staying its obligations under the order setting the initial case management
5  conference and ADR deadlines. *See* Docket No. 2.

6  ATTM's motion to stay is well-taken. If ATTM's pending motion to compel arbitration is
7  granted, litigation will proceed in an arbitral forum, not in this Court. And "[i]f a dispute is arbitrable,
8  responsibility for the conduct of discovery lies with the arbitrators . . . ." *CIGNA HealthCare of St.*
9  *Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (citing 9 U.S.C. § 7). In the interests of
10 conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery
11 pending the determination of the motion to compel arbitration is therefore prudent. *Cf. Mundi v. Union*
12 *Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. 2007) ("the parties should not be required to
13 endure the expense of discovery that ultimately would not be allowed in arbitration"). Indeed, this is
14 a common practice while motions to compel are pending. *See, e.g., Ross v. Bank of Am., N.A.*, 2006 WL
15 36909, at *1 (S.D.N.Y. 2006) ("[i]n view of the threshold issues concerning arbitration, this Court
16 concludes that a stay of discovery is appropriate"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*,
17 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling"
18 pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*,
19 2001 WL 812224, at *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of
20 discovery was imposed in this case while the motion to compel arbitration was pending before the
21 Court.").

22 Accordingly, ATTM's motion to stay [Docket No. 33] is GRANTED. The pretrial obligations
23 imposed by the initial scheduling order [Docket No. 2] are STAYED pending the resolution of ATTM's
24 motion to compel arbitration. This order also terminates docket numbers 23 and 29, which are
25 redundant motions to the present one.

26 IT IS SO ORDERED.

27
28

1     November 28, 2007            _____
2                                  Saundra Brown Armstrong
                                   United States District Judge