Daniel A. Sasse, Esq. (CA Bar No. 236234)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone:   (949) 263-8400
Facsimile:    (949) 263-8414
Email:         dsasse@crowell.com

Donald M. Falk (CA Bar No. 150256)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:   (650) 331-2060
Email:        dfalk@mayerbrown.com

Attorneys for Defendant
AT&T Mobility LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

IN RE APPLE & AT&TM ANTI-TRUST LITIGATION

Case No. 07-05152-JW

**DECLARATION OF KEVIN RANLETT IN SUPPORT OF MOTION OF DEFENDANT AT&T MOBILITY LLC TO COMPEL ARBITRATION AND TO DISMISS CLAIMS PURSUANT TO THE FEDERAL ARBITRATION ACT**

Date:  September 12, 2008
Time: 9:00 a.m.

Honorable James Ware

I, Kevin Ranlett, hereby declare as follows:

1. I am employed as an attorney by the law firm of Mayer Brown LLP. I have personal knowledge of the following facts and am otherwise competent to testify.

2. In *Bucy v. AT&T Wireless Services, Inc.*, No. CIV 432021 (Cal Super. Ct., San Mateo Cty.), Mr. Vincent DeSantis, the Senior Director for Loyalty and Retention Marketing for Spectrum L.P. d/b/a Sprint PCS submitted a declaration in support of the motion to compel arbitration in that case. A true and accurate copy of Mr. Desantis's declaration (with its exhibits) is attached as Exhibit 1. Mr. Desantis's declaration attached as exhibits "[t]rue and accurate copies of each and every version of the [Sprint] Terms and Conditions in effect" from May 2001 until the date of the declaration (Feb. 5, 2004). *See* DeSantis Declaration ¶ 3, Exs. 1–5.

3. On June 19, 2008, I visited the Sprint company history page of the Sprint/Nextel website. *See* http://www.sprint.com/companyinfo/history/. That webpage states that "Sprint took its wireless strategy a big step further in the late '90s by building the only nationwide PCS network in the U.S." A true and correct copy of this webpage is attached as Exhibit 2.

4. In *Ball v. AT&T Wireless Services, Inc.*, No. 04CC06385 (Cal. Super. Ct., Orange Cty.), Nextel Communications, Inc. submitted a declaration signed by its deputy general counsel in support of AT&T Wireless's motion to compel arbitration in that case. A true and correct copy of Nextel's declaration, which AT&T Wireless's counsel of record in that case provided to Mayer Brown LLP, is attached as Exhibit 3. The declaration states (at ¶ 4): "None of the subscriber agreements applicable to consumers who signed up for Nextel wireless service, through any Nextel operating subsidiary, contained an arbitration provision prior to November 2003."

5. In *Rel v. Cingular Wireless LLC*, Case No. RG05223276 (Cal. Super. Ct., Alameda Cty.), Donald M. Falk submitted a declaration in support of Cingular's motion to compel arbitration in that case. A true and correct copy of TracFone's Terms and Conditions— printed from TracFone's web site (at http://www.tracfone.com/content/terms_conditions.jsp) on September 10, 2005—was attached to Mr. Falk's declaration as Exhibit C. Mr. Falk's


declaration, with the TracFone Terms and Conditions attached as Exhibit C, is attached as Exhibit 4.

6. On June 19, 2009, I visited the "About Us" web page of TracFone's web site (at http://www.tracfone.com/about.jsp?nextPage=about.jsp&task=about). That webpage states that "TracFone Wireless is the largest independent nationwide provider of prepaid wireless communications in the United States, and has been the leader in the 10 years since it was founded. * * * One reason for TracFone's success has been [its] exclusive focus on prepaid cell phones. Unlike most other prepaid providers in the US (who are also contract providers), [TracFone is] not interested in converting users to a contract." A true and correct copy of this web page is attached as Exhibit 5.

7. On June 19, 2008, I visited the Internet Archive and searched for and accessed an archived version of TracFone's web site (http://www.tracfone.com). I selected the result for November 27, 2001 (http://web.archive.org/web/20011205085251/www.tracfone.com/home_page.jsp), which indicates that TracFone provided "nationwide service." A true and correct printout of that web page is attached as Exhibit 6.

8. On June 19, 2008, I visited the "Terms of Service" web page on Virgin Mobile's web site (http://web.virginmobileusa.com/about/terms-and-conditions). A true and correct copy of those Terms of Service is attached as Exhibit 7.

9. On June 19, 2008, I visited the "Virgin Mobile story" web page on Virgin Mobile's web site (http://web.virginmobileusa.com/about/virgin-mobile-story). The web page states that Virgin Mobile USA began "[e]xposing young America to the joys of wireless without a plan" in 2002. A true and correct printout of that web page is attached as Exhibit 8. I also visited a News Release posted on Virgin Mobile's web site, which states that Virgin Mobile "launch[ed] * * * national service on July 24, 2002" (http://virginmobileusa.mediaroom.com/index.php?s=43&item=84). A true and correct printout of that news release is attached as Exhibit 9.

10.     On June 26, 2008, I visited the "Our Associates" web page of the web site of the North Brooklyn Retail Corp (http://www.northbrooklynrealty.com/brooklyn-realty-agents.php?PHPSESSID=6d7eafd2e92585cfc7b12e55cddd00de).  That web page states that "Herbert H. Kliegerman" is the "licensed retail broker" for North Brooklyn Retail Corp.  A true and correct copy of that web page is attached as Exhibit 10.

11.     On June 26, 2008, I visited the "About Us" web page of the web site of the North Brooklyn Retail Corp (http://www.northbrooklynrealty.com/brooklyn-realty-aboutus.php?PHPSESSID=6d7eafd2e92585cfc7b12e55cddd00de).  That web page states that North Brooklyn Retail Corp has "**40+ years experience**" in "SELLING," "BUYING," "INVESTING," "DEVELOPING," and "RENTING" real estate.  A true and correct copy of that web page is attached as Exhibit 11.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 2̲7̲, 2008.

_____
Kevin Ranlett