LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
  Alfred C. Pfeiffer, Jr. (Bar No. 120965)
  Christopher S. Yates (Bar No. 161273)
  Sadik Huseny (Bar No. 224659)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Dan.Wall@lw.com
Email: Al.Pfeiffer@lw.com
Email: Chris.Yates@lw.com
Email: Sadik.Huseny@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & AT&TM ANTITRUST LITIGATION | CASE NO. C 07-5152 JW (RS)<br><br>**DEFENDANT APPLE INC.'S PROPOSED DISCOVERY PLAN**<br><br>**(SUBMITTED PURSUANT TO THE AUGUST 13, 2008 ORDER REGARDING DISCOVERY PLAN)**<br><br>Date:   None Set<br>Time:   None Set<br>Place:  Courtroom 4, 5th Floor<br>Judge:  Honorable Richard Seeborg |

Pursuant to the Court's August 13, 2008 Order Regarding Discovery Plan, defendant Apple Inc. ("Apple") hereby submits its separate proposed discovery plan in this matter. Apple submits its separate plan because the parties were unable to reach agreement on a joint plan after good faith meet and confer efforts, primarily due to disagreement on the issue of bifurcating discovery to focus on class certification issues prior to merits-based discovery.

Apple believes that, due to the significant questions regarding class certification raised by the size and complexity of the alleged class (and differing allegations as to the individual named plaintiffs' circumstances and actions), bifurcating discovery would serve to effectively and efficiently streamline the instant litigation such that the parties do not needlessly engage in costs and efforts that may prove to be unnecessary. Although Apple would be pleased to brief this issue in greater detail at the Court's direction, such bifurcation is fairly standard. *See, e.g.*, Federal Judicial Center, Manual For Complex Litigation § 21.14 (4th ed. 2004) ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of allegations."); William W. Schwarzer et. al, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 10:740 (The Rutter Group 2008) ("Discovery on the merits of the class claim is usually deferred until it is certain that the case will be allowed to proceed as a class action."); Order Bifurcating Discovery Pending The Court's Ruling on Plaintiffs' Motion for Class Certification at 1, *In re ATI Tech. HDCP Litig.*, No. C 06-01303 JW ( N.D. Cal. Feb. 11, 2007) (J. Ware) ("The parties shall limit their discovery to class certification issues. This limitation shall be in effect until the Court's ruling on Plaintiffs' Motion for Class Certification."); Order Following Further Case Management Conference at 1, *Charoensak v. Apple Computer, Inc.*, No. C 05-00037 JW ( N.D. Cal. Nov. 21, 2006) (J. Ware) ("The parties shall limit their discovery to class certification issues. This limitation shall be in effect until Defendant files its anticipated motion for summary judgment.")

As bifurcation makes sense in the particular circumstances of the highly complex purported class action here, Apple accordingly submits the following proposed discovery plan:

///

///

In re Apple and AT&TM Antitrust Litigation: Proposed Discovery Plan

| | |
|---|---|
| Class certification discovery commences | At the direction of Judge Ware, subsequent to the Court's final rulings on all motions to dismiss/other motions on the pleadings |
| Initial disclosures due | 30 days after commencement of class discovery |
| Class certification discovery closes | 120 days after commencement of class discovery |
| Motion for class certification due | 30 days after close of class discovery |
| Opposition to motion for class certification due | 90 days after close of class discovery |
| Reply in support of motion for class certification due | 120 days after close of class discovery |
| Hearing on class certification | 140 days after close of class discovery |
| Merits-related discovery commences | At Judge Ware's direction, upon resolution of class |
| Merits discovery closes | 270 days after commencement of merits discovery |
| Filing of plaintiffs' expert report(s) due | 60 days after close of merits discovery |
| Filing of defendants' expert report(s) due | 90 days after close of merits discovery |
| Filing of rebuttal expert report(s) due | 104 days after close of merits discovery |
| Expert discovery closes | 150 days after close of merits discovery |
| Dispositive motions due | 60 days after close of expert discovery |
| Response to dispositive motions due | 90 days after close of expert discovery |
| Reply in support of dispositive motions due | 105 days after close of expert discovery |
| Pretrial conference | At the discretion of the Court |
| Trial | At the discretion of the Court |

Dated: August 29, 2008               Respectfully submitted,


LATHAM & WATKINS LLP

By    /s/ Sadik Huseny
    Sadik Huseny
    Attorneys for Defendant APPLE INC.

SF\669214

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    DEFENDANT APPLE INC.'S PROPOSED DISCOVERY PLAN
CASE NUMBER: C 07-05152 JW (RS)