LATHAM & WATKINS LLP
   Daniel M. Wall (Bar No. 102580)
   Alfred C. Pfeiffer, Jr. (Bar No. 120965)
   Christopher S. Yates (Bar No. 161273)
   Sadik Huseny (Bar No. 224659)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Dan.Wall@lw.com
Email: Al.Pfeiffer@lw.com
Email: Chris.Yates@lw.com
Email: Sadik.Huseny@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE & ATTM ANTITRUST LITIGATION | CASE NO. C 07-5152 JW<br><br>**ANSWER OF DEFENDANT APPLE INC.** |

## ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti, and Scott Sesso ("Plaintiffs") in their Revised Consolidated Amended Class Action Complaint ("Complaint").

## NATURE OF ACTION

1. Apple admits that Plaintiffs seek to bring claims pursuant to Section 2 of the Sherman Act (15 U.S.C. § 2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-12), and the consumer protection laws of 42 states and the District of Columbia on their own behalf and on purported behalf of classes of persons alleged to be similarly situated; plaintiffs' state consumer protection claims have since been dismissed by the Court. Apple denies the remaining allegations in this paragraph, including the existence of any cognizable "class" on whose behalf plaintiffs may bring suit.

2. Apple admits that it began selling its iPhone on or about June 29, 2007 to consumers in the United States.[1] Apple further admits that, prior to such time, it entered into a contract with Defendant AT&T Mobility, LLC ("ATTM") permitting ATTM to be the exclusive provider of cell phone voice and data services for iPhone customers in the United States and that, pursuant to that contract with ATTM, it received a portion of certain of ATTM's revenues derived from customers who purchased the iPhone. Apple denies the remaining allegations in this paragraph.

3. Apple admits that iPhones sold in the United States are programmed so as to operate solely with ATTM's phone and data service. Apple denies the remaining allegations

---

[1] The iPhones sold as of the time of, and prior to, the filing of the Complaint are used on ATTM's "2G" network; the next generation of iPhones, released summer 2008, are used on ATTM's "3G" network. Apple's use of the term "iPhone" herein refers to its original 2G iPhone unless otherwise noted.

of this paragraph.

4. Apple admits that it retains a certain control over design, features and operating software for the iPhone, and has created software programs that are usable on iPhones. Apple further admits that it has entered into agreements with other software manufacturers regarding software applications for the iPhone, and that it released a software development kit in March 2008 and Version 2.0 of the iPhone operating system in June 2008. Apple denies the remaining allegations of this paragraph.

5. Apple admits that it made available for download Version 1.1.1 of the iPhone operating software on or about September 27, 2007. Apple denies the remaining allegations of this paragraph.

6. Apple denies the allegations of this paragraph.

7. Plaintiffs' consumer protection claims have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

8. Apple denies the allegations of this paragraph.

9. Apple denies the allegations of this paragraph.

10. Apple denies the allegations of this paragraph.

11. Apple denies the allegations of this paragraph.

12. This paragraph of the Complaint sets out the relief sought by Plaintiffs. To the extent a response is required, Apple admits that Plaintiffs seek such relief but denies that Plaintiffs are entitled to any such relief.

**THE PARTIES**

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

14. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

15. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT APPLE INC.
CASE NUMBER: C 07-5152 JW

16. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

17. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

18. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

19. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

20. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

21. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

22. Apple admits the allegations of this paragraph.

23. Apple admits that ATTM is a cell phone service provider that conducts and transacts business in various parts of the United States. Apple further admits that ATTM markets and sells the iPhone and is the exclusive provider of wireless and data services to iPhone customers in the United States. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

## JURISDICTION AND VENUE

24. Apple admits that the Court has original jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law and Magnuson-Moss Warranty Act claims pursuant to 28 U.S.C. § 1367.

25. Apple admits that, taking plaintiffs' jurisdictional allegations to be true, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

26. Apple admits that, taking plaintiffs' venue-related allegations to be true, venue in this District is proper pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

27. Apple admits that it conducted an advertising campaign in spring 2007 to market the iPhone. Apple further admits that the advertising mentioned the iPhone's mobile phone, iPod and breakthrough Internet communications functions as well as desktop-class email, visual voicemail, web browsing, maps and searching capability.

28. Apple admits that the iPhone was made available for retail purchase in the United States on June 29, 2007, at prices of $499 for the 8GB model and $599 for the 16GB model, and that some consumers waited in line to purchase an iPhone. Apple further admits that, at the time the Complaint was filed, Apple and ATTM sold an 8GB version of the iPhone for $399 and a 16GB version of the iPhone for $499.

29. Apple admits that, at the time the Complaint was filed, Apple and ATTM sold the iPhone at both Apple's and ATTM's retail and online stores.

30. Apple admits that it entered into a contract with ATTM under which ATTM is the exclusive provider of cell phone voice and data services for iPhones sold in the United States. Apple further admits that, in general, ATTM would not provide voice and data services to iPhone purchasers in the United States without the entry of a two-year service contract. Apple denies the remaining allegations of this paragraph.

31. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

32. Apple denies the allegations in this paragraph.

33. Apple denies the allegations in this paragraph.

34. Apple denies the allegations in this paragraph.

35. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

36. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

37. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

1  38.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  39.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  40.  Apple admits that iPhones sold in the United States are programmed so as to operate solely with ATTM's phone and data service. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

  41.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  42.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  43.  Apple denies the allegations of this paragraph.

  44.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  45.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  46.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  47.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  48.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  49.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  50.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

51. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

52. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

53. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

54. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

55. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

56. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

57. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

58. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

59. Apple admits that GSM and CDMA are two of the competing network technologies for cellular service in the United States. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

60. Apple admits that the iPhones sold as of the time of, and prior to, the filing of the Complaint are used on ATTM's "2G" network, and that its more recent iPhones, released summer 2008, are used on ATTM's "3G" network. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

61. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

62. Apple admits that the referenced *Wall Street Journal* article contains the quoted statement. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, including of the allegations contained in the statement from the *Wall Street Journal*, and on that basis, denies the same.

63. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

64. Apple denies the allegations of this paragraph.

65. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

66. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

67. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

68. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

69. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

70. Apple denies that any of its actions were unlawful. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

71. Apple denies the allegations in this paragraph.

72. Apple admits that means to alter the iPhone's operating system, as well as iPhones whose operating systems had been altered, became available on the Internet. Apple denies the remaining allegations in this paragraph.

73. Apple denies the allegations of this paragraph.

74. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

75. Apple admits that the DMCA was enacted in 1998. The language in the DMCA and in the Federal Register speaks for itself. Apple denies the remaining allegations in this paragraph.

76. Apple denies the allegations in this paragraph.

77. Apple admits that on January 9, 2007, it announced that it had entered into an agreement whereby Cingular Wireless (now ATTM) would be the exclusive provider of wireless voice and data services for iPhones sold in the United States. Apple denies the remaining allegations in this paragraph.

78. Apple admits that it received a portion of certain of ATTM's revenues derived from iPhone customers pursuant to the terms of its initial agreement with ATTM. Apple denies the remaining allegations in this paragraph.

79. Apple admits that ATTM offers iPhone purchasers a two-year service contract. Apple denies the remaining allegations in this paragraph.

80. Apple admits that iPhones sold in the United States are programmed so as to operate solely with ATTM's phone and data service, and that unlock codes are not provided to consumers. Apple denies the remaining allegations of this paragraph.

81. Apple admits that it retains a certain control over the features, content, software programming and design of the iPhone.

82. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

83. Apple denies the allegations in this paragraph.

84. Apple denies the allegations in this paragraph.

85. Apple admits it discussed a potential iPhone arrangement with Verizon. Apple denies the remaining allegations in this paragraph.

86. Apple admits that the language quoted in this paragraph is an accurate quotation from the *USA Today* article in question. Apple denies the remaining allegations in this paragraph.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT APPLE INC.
CASE NUMBER: C 07-5152 JW

87. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

88. Apple admits that customers who have purchased songs through the iTunes Music Store can create custom ring tones from such songs for a charge of $0.99 per song. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

89. Apple denies the allegations in this paragraph.

90. Apple denies the allegations in this paragraph.

91. Apple admits that unauthorized unlock programs for the iPhone became available on the Internet in the summer of 2007. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

92. Apple denies the allegations in this paragraph.

93. Apple denies the allegations in this paragraph.

94. Apple admits that it warned iPhone owners that making unauthorized modifications to the software of their iPhone violated the iPhone software license agreement and that the inability to use an iPhone due to unauthorized modifications was not covered by the iPhone warranty. Apple denies the remaining allegations in this statement.

95. Apple admits that it warned customers that modifications to the iPhone operating system might cause the iPhone to become inoperable. Apple denies the remaining allegations in this statement.

96. Apple admits that it made available for download Version 1.1.1 for the iPhone. Apple denies the remaining allegations in this paragraph.

97. Apple denies the allegations in this paragraph.

98. Apple admits the allegations in this paragraph.

99. Apple denies the allegations in this paragraph.

100. Apple denies the allegations in this paragraph.

101. Apple denies the allegations in this paragraph.

  102. Apple admits that it made available for download Version 1.1.1 on or about September 27, 2007. Apple further admits that it announced that Version 1.1.1 was intended to provide certain changes and improvements, including among other things improvements to the power management and battery life of the iPhone. Apple further admits that Version 1.1.1 incorporated many changes and improvements over the earlier operating system. Apple denies the remaining allegations in this paragraph.

  103. Apple denies the allegations in this paragraph.

  104. Apple denies the allegations in this paragraph.

  105. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

  106. Apple denies the allegations in this paragraph.

  107. Apple denies the allegations in this paragraph.

## CLASS ALLEGATIONS

  108. Apple admits that Plaintiffs seek to bring this action as a purported "Nationwide Class" class action on behalf of themselves and other alleged to be similarly situated, and propose to act as representatives of the purported class. Apple denies the remaining allegations in this paragraph, and denies the existence of an alleged "Nationwide Class" as described in this paragraph.

  109. Apple admits that Plaintiffs seek to bring this action as a purported "Consumer Protection Class" class action on behalf of themselves and other alleged to be similarly situated, and propose to act as representatives of the purported class. Apple denies the remaining allegations in this paragraph, and denies the existence of an alleged "Consumer Protection Class" as described in this paragraph.

  110. Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph on that basis.

  111. Apple denies the existence of either of the alleged classes. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies the same.

1   112.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph, including subparts a-q.

2   113.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

3   114.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

4   115.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

5   116.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

6   117.   Apple denies the existence of either of the alleged classes.  Apple denies the remaining allegations in this paragraph.

7   118.   Apple denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

8   119.   Apple denies the allegations in this paragraph.

**RELEVANT MARKET ALLEGATIONS**

120.   Apple denies the allegations of this paragraph.

121.   Apple denies the allegations of this paragraph.

**COUNT I**
**SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**
**OF THE APPLICATIONS AFTERMARKET**

122.   Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

123.   Apple denies the allegations of this paragraph.

124.   Apple denies the allegations of this paragraph.

125.   Apple denies the allegations of this paragraph.

126.   Apple denies the allegations of this paragraph.

**COUNT II**
**SHERMAN ACT § 2: ATTEMPTED MONOPOLIZATION**
**OF THE APPLICATIONS AFTERMARKET**

127. Apple repeats and incorporates by reference Paragraphs 1 through 126 of its Answer as if fully set forth here.

128. Apple denies the allegations of this paragraph.

129. Apple denies the allegations of this paragraph.

130. Apple denies the allegations of this paragraph.

131. Apple denies the allegations of this paragraph.

132. Apple denies the allegations of this paragraph.

**COUNT III**
**SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**
**OF THE VOICE AND DATA SERVICES AFTERMARKET**

133. Apple repeats and incorporates by reference Paragraphs 1 through 132 of its Answer as if fully set forth here.

134. Apple denies the allegations of this paragraph.

135. Apple denies the allegations of this paragraph.

136. Apple denies the allegations of this paragraph.

137. Apple denies the allegations of this paragraph.

138. Apple denies the allegations of this paragraph.

**COUNT IV**
**SHERMAN ACT § 2: ATTEMPTED CONSPIRACY TO MONOPOLIZE**
**THE VOICE AND DATA SERVICES AFTERMARKET**

139. Apple repeats and incorporates by reference Paragraphs 1 through 138 of its Answer as if fully set forth here.

140. Apple denies the allegations of this paragraph.

141. Apple denies the allegations of this paragraph.

142. Apple denies the allegations of this paragraph.

143. Apple denies the allegations of this paragraph.

144. Apple denies the allegations of this paragraph.

## COUNT V
## SHERMAN ACT § 2: CONSPIRACY TO MONOPOLIZE THE VOICE AND DATA SERVICES AFTERMARKET

145. Apple repeats and incorporates by reference Paragraphs 1 through 144 of its Answer as if fully set forth here.

146. Apple denies the allegations of this paragraph.

147. Apple denies the allegations of this paragraph.

148. Apple denies the allegations of this paragraph.

149. Apple denies the allegations of this paragraph.

150. Apple denies the allegations of this paragraph.

## COUNT VI

### STATE LAW UNFAIR AND DECEPTIVE ACTS AND PRACTICES

151. Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

152. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court.

153. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

154. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

155. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

156. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

157. Plaintiffs' consumer protection and unfair and deceptive trade practices laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph still being pursued.

## COUNT VII

## MAGNUSON-MOSS WARRANTY ACT

158. Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

159. Apple denies the allegations of this paragraph.

160. Apple denies the allegations of this paragraph.

161. Apple denies that it has breached its warranty obligations and that it has violated the Magnuson-Moss Warranty Act. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

162. Apple denies the allegations of this paragraph.

## COUNT VIII

## TRESPASS TO CHATTELS

163. Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

164. Apple denies the allegations of this paragraph.

165. Apple denies the allegations of this paragraph.

166. Apple denies the allegations of this paragraph.

167. Apple denies the allegations of this paragraph.

## COUNT IX

## FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

168. Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

169. Apple denies the allegations of this paragraph.

170. Apple denies the allegations of this paragraph.

## COUNT X

### CALIFORNIA PENAL CODE § 502

171.  Apple repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

172.  Apple admits that the iPhone is a computer within the meaning of California Penal Code § 502.

173.  Apple denies the allegations of this paragraph.

174.  Apple denies the allegations of this paragraph.

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

*****************

### GENERAL DENIAL

Apple denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

### First Affirmative Defense

### (Failure to State a Cause of Action)

One or more of the causes of action asserted in the Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

### (Legal Privilege)

Plaintiffs' claims are barred, in whole or in part, because they attack conduct that is authorized by the United States laws and that is not subject to prohibition under the antitrust laws.

### Fourth Affirmative Defense

### (Justification/Privilege/Excuse)

Plaintiffs are barred from recovery because Apple's actions were privileged, justified, excused, were taken for a legitimate business reason not prohibited by law, and/or because Apple at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to Plaintiffs.

### Fifth Affirmative Defense

### (Independent, Legitimate Business and Economic Justifications)

Plaintiffs' claims are barred, in whole or in part, because all conduct engaged in by Apple was reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

### Sixth Affirmative Defense

### (Meeting Competition/No Harm to Competition)

Apple's acts as alleged in the Complaint were made in good faith to meet competition. Plaintiffs' claims are barred, in whole or in part, because Apple's actions have not tended to destroy competition in any relevant market.

### Seventh Affirmative Defense

### (No Antitrust Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

### Eighth Affirmative Defense

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, through their actions, assumed the risk that they would suffer the harm they alleged.

### Ninth Affirmative Defense

### (No Liability for Damages Incurred by Third Parties)

Plaintiffs' claims are barred, in whole or in part, because the damages alleged

were caused by the actions of third parties for whom Apple is not responsible.

### Tenth Affirmative Defense

### (No Liability for Damages Caused by Plaintiffs' Own Misconduct)

Plaintiffs' claims are barred, in whole or in part, because the damages alleged were caused by Plaintiffs' own actions and not those of Apple.

### Eleventh Affirmative Defense

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or part, by Plaintiffs' lack of standing to assert any or all of the causes of action alleged in the Complaint individually, in a representative capacity, or on behalf of the general public.

### Twelfth Affirmative Defense

### (Warranties were Limited)

As to those causes of action based upon an alleged breach of warranty, Apple expressly limited any express warranty and disclaimed any implied warranty that may have otherwise been created or have been in existence.

### Thirteenth Affirmative Defense

### (Improper Class Action)

Plaintiffs' claims, and those of the purposed classes, are barred because this action is not properly maintainable as a class action as alleged by Plaintiffs.

### Fourteenth Affirmative Defense

### (Improper Class Representative)

Plaintiffs' claims, and those of the purported classes, are barred in whole or in part because Plaintiffs are not proper class representatives.

### Fifteenth Affirmative Defense

### (Mootness)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

**Sixteenth Affirmative Defense**

**(Ripeness)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ripeness.

**Seventeenth Affirmative Defense**

**(Consent/Authorization)**

Plaintiffs' claims are barred, in whole or in part, because they consented to or authorized the allegedly harmful conduct.

**Additional Affirmative Defenses**

Apple presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Apple reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses may be appropriate.

WHEREFORE, Apple prays for the following:

a.   Dismissal of Plaintiffs' claims with prejudice;

b.   A finding that Apple is not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

c.   An award to Apple of its reasonable actual attorneys' fees and costs of suit pursuant to applicable statutes;

d.   Such other and further relief as the Court deems just.

Dated: October 30, 2008                Respectfully submitted,

LATHAM & WATKINS LLP
  Daniel M. Wall
  Alfred C. Pfeiffer
  Christopher S. Yates
  Sadik Huseny


By      /s/ Alfred C. Pfeiffer, Jr.
   Alfred C. Pfeiffer
   Attorneys for Defendant
   APPLE INC.

SF\676552