IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Apple & AT&TM iPhone Antitrust Litigation | NO. C 07-05152 JW<br><br>**ORDER DENYING DEFENDANT APPLE'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Presently before the Court is Defendant Apple, Inc.'s ("Apple") Motion for Leave to File Motion for Reconsideration of Limited Portions of the Order Granting in Part and Denying in Part Apple's Motion to Dismiss. (hereafter, "Motion," Docket Item No. 153; see also Order Granting in Part and Denying in Part Defendant Apple's Motion to Dismiss, hereafter, "Order," Docket Item No. 144.) To date, no opposition has been received by the Court.

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to

1  have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to
2  appropriate sanctions." Id.

3 Apple contends that the Court should reconsider two portions of its October Order. (Motion
4 at 1.) First, Apple contends that the Court erred in finding that Plaintiffs' Complaint adequately
5 alleged the requisite specific intent required for Plaintiffs' computer fraud claims. Second, Apple
6 contends that the Court's "implicit holding" that Plaintiffs adequately alleged market power in the
7 "iPhone Applications Aftermarket" was not based on any actual allegations of market power in this
8 particular market.

9 With respect to the issue regarding Plaintiffs' computer fraud claims, the Court finds little
10 merit in Apple's attempt to parse language in the Complaint and in Plaintiffs' alleged admissions on
11 the subject of intent. (See Motion at 2.) Although the Complaint does not directly allege that Apple
12 programmers had designed Version 1.1.1 with the specific intent to disable Plaintiffs' iPhones, the
13 Complaint does allege that "Apple intentionally released and transmitted Version 1.1.1 knowing that
14 it would damage or destroy unlocked iPhones," and that the issuance of Version 1.1.1 was done "in
15 response" to Plaintiffs' unlocking of their iPhones. (Complaint ¶¶ 5-6.) The Court sees little
16 difference in directly alleging "specific intent" and indirectly alleging such intent by stating that
17 Apple "knowingly" issued a harmful program "in response" to consumer activity. The fact that
18 Plaintiffs' counsel stated that Plaintiffs did not "know whether the programmer ha[d] a specific
19 intention in mind" does not change the outcome. (See Motion at 4.) Surely, prior to discovery, it
20 would be difficult for Plaintiffs to know Apple's mental state with the certainty required to
21 ultimately prove liability. There is also a distinction between the mental state of a "programmer"
22 and that of other Apple employees responsible for the business decisions that resulted in the issuance
23 of Version 1.1.1.

24 With respect to the issue regarding Plaintiffs' allegations of market power, the Court finds
25 that Apple's contention is largely based on a typographical error made by the Court in its Order. In
26 particular, Apple points out that, in its section on "Market Power in the iPhone Applications
27 Aftermarket," the Court stated that "Plaintiffs have sufficiently alleged market power . . . in the

28  2

1  iPhone voice and data services aftermarket." (See Order at 19.) If Apple reads the prior page of the
2  Order, Apple will see that the Court had already drawn this exact conclusion in its section on
3  "Market Power in the Voice and Data Services Aftermarket." (See Id. at 18-19.) Although the court
4  erred in restating its "Voice and Data Services" conclusion in the "Applications" section of the
5  Order, the Court clearly meant to refer to "market power in the iPhone Applications Aftermarket."
6  This should be clear from the fact that the Court had no reason to repeat a conclusion from an earlier
7  section.

8  Apple's Motion appears to use this error as a means of inducing the Court to revisit an issue
9  already litigated, which was whether Plaintiffs' Complaint adequately alleged market power in the
10  iPhone "Applications Aftermarket." Civil Local Rule 7-9(c) prohibits repetition of arguments made
11  in support of an order that a party seeks to have reconsidered.

12  Accordingly, the Court DENIES Defendant Apple's Motion for Leave to File Motion for
13  Reconsideration.

15  Dated: November 19, 2008                          _____James Ware_____
                                                      JAMES WARE
16                                                    United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrian Frank Davis adrian.davis@lw.com
Alexander H. Schmidt schmidt@whafh.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parasharami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jeffrey H. Howard jhoward@crowell.com
M. Van Smith mvsmith@sbcglobal.net
Marisa C. Livesay livesay@whafh.com
Mark Carl Rifkin rifkin@whafh.com
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Rachele R. Rickert rickert@whafh.com
Randall Scott Newman rsn@randallnewman.net
Sadik Harry Huseny sadik.huseny@lw.com
Stephen DeNittis sdenittis@shabeldenittis.com
Wm. Randolph Smith wrsmith@crowell.com


Dated: November 19, 2008                    Richard W. Wieking, Clerk


                                            By:     /s/ JW Chambers
                                                    Elizabeth Garcia
                                                    Courtroom Deputy

**United States District Court**
For the Northern District of California