IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Apple & AT&TM Antitrust Litigation | NO. C 07-05152 JW |
| | **ORDER DENYING MOTION FOR CERTIFICATION; DENYING MOTION TO DISMISS; DENYING MOTION TO STRIKE OR DISMISS CLASS ACTION ALLEGATIONS** |

## **I. INTRODUCTION**

Presently before the Court are (1) Defendant Apple's Motion for Certification of Interlocutory Appeal of Limited Portions of the Court's Order Granting in Part and Denying in Part Apple's Motion to Dismiss (hereafter, "Motion for Certification," Docket Item No. 159); (2) Defendant AT&TM's Motion to Dismiss Counts III, IV, V and VII Pursuant to Rule 12(b)(6) (hereafter, "Motion to Dismiss," Docket Item No. 147); and (3) Defendant AT&TM's Motion to Strike or Dismiss the Class Allegations (hereafter, "Motion to Strike," Docket Item No. 148).

The Court found it appropriate to take Defendant AT&TM's Motions under submission without oral argument. See Civ. L.R. 7-1(b). On February 9, 2009, the Court conducted a hearing on Defendant Apple's Motion. Based on the papers submitted to date and oral argument, the Court DENIES Defendant Apple's Motion for Certification and Defendant AT&TM's Motions to Dismiss and to Strike.

## II. DISCUSSION

**A. Apple's Motion for Certification**

Apple moves to certify portions of the Court's October 1, 2008 Order Granting in Part and Denying in Part Apple's Motion to Dismiss. (hereafter, "October 1 Order," Docket Item No. 144.) In particular, Apple requests certification of the following three issues:

(1) Whether Newcal Indus., Inc. v. Ikon Office Solutions, 513 F.3d 1038 (9th Cir. 2008), fundamentally altered antitrust law to hold that aftermarket power is adequately alleged, and monopolization claims can thus proceed, simply where it is alleged that a plaintiff did not knowingly and voluntarily place the defendant in a monopoly position.

(2) Whether a product, such as cellular voice and data services, that indisputably existed long before, and independent of, a foremarket product can be considered "wholly derivative from and dependent on" that foremarket product, as required under Ikon, to support a cognizable relevant aftermarket.

(3) Whether a company's initial entry strategy into a highly competitive primary market can give immediate rise to cognizable monopolization claims against that company in an "aftermarket" limited to that company's newly-launched product.

(Motion for Certification at 1-2.)

Pursuant to 28 U.S.C. § 1292(b), an interlocutory order should be certified for an immediate appeal if the order "involves a controlling question of law as to which there is substantial ground for difference opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation." An interlocutory appeal should only be granted if it would avoid protracted and expensive litigation. United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

In this case, Apple largely takes issue with the Court's application of the governing Ninth Circuit opinion in Ikon to the facts surrounding Apple and AT&TM's introduction of the iPhone. Apple contends that the Court misread the Ikon decision and, in doing so, went beyond the settled boundaries of antitrust law. In reviewing Apple's contentions, however, the Court finds that the October 1 Order was a relatively straightforward application of Ikon to the allegations presented in this case. Although Apple may be correct that the particular factual scenario before the Court

creates issues of first impression in the antitrust context, the Court is not persuaded that its resolution of those issues fell far afield of antitrust precedent as it exists in the Ninth Circuit.

In addition, the Court finds that interlocutory appeal of these antitrust issues would result in piecemeal treatment of this litigation. Such an appeal would only operate with respect to a subset of the claims against one of the two Defendants in this action, and would not affect the numerous non-antitrust claims asserted by Plaintiffs. In light of these considerations, the Court declines to permit an interlocutory appeal of its October 1 Order.

Accordingly, the Court DENIES Apple's Motion for Certification.

### B. AT&TM's Motion to Dismiss

AT&TM moves to dismiss Counts III, IV, and VII of Plaintiffs' Complaint, which are for monopolization, attempted monopolization, and violation of the Magnuson-Moss Warranty Act, respectively. The Court addresses each issue in turn.

#### 1. Monopolization and Attempted Monopolization

AT&TM moves to dismiss Plaintiffs' antitrust claims relating to monopolization of the alleged voice and data services aftermarket for the iPhone. Defendant contends that Plaintiffs have not sufficiently alleged why other wireless networks are not interchangeable economic substitutes for Defendant's network. (Motion to Dismiss at 4.)

First, the Court has already found that Plaintiffs sufficiently allege a relevant aftermarket in iPhone voice and data services. (October 1 Order at 14-15.) Second, although the October 1 Order did not expressly address whether Plaintiffs had alleged reasonably interchangeable economic substitutes, the Court understood the gravamen of Plaintiffs' antitrust claims to be that the agreement between Apple and AT&TM prevents there from being any reasonable economic substitutes for AT&TM iPhone voice and data services. As such, the Court does not find it necessary to allege that other wireless providers are, for purposes of antitrust analysis, reasonable economic substitutes.

Accordingly, the Court DENIES Defendant AT&TM's Motion to Dismiss Counts III and IV of Plaintiffs' Complaint.

3

### 2. Violation of the Magnuson-Moss Warranty Act

AT&TM moves to dismiss Plaintiffs' claim for violation of the Magnuson-Moss Warranty Act on the grounds that Plaintiffs fail to allege (1) that AT&TM made a written or express warranty or (2) that AT&TM breached an implied warranty. (Motion to Dismiss at 12-13.)

Under the Magnuson-Moss Warranty Act ("MMWA"), "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief. . . ." 15 U.S.C. § 2310(d); Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 n.3 (9th Cir. 2008).

In this case, Plaintiffs allege that "[b]oth Apple and AT&TM breached their warranties by refusing to repair or replace iPhones that were damaged or rendered useless by" Apple's transmission of a damaging software update. (Revised Consolidated Amended Class Action Complaint ¶¶ 9, 104, hereafter, "Complaint," Docket Item No. 109.) The Court reads the Complaint as alleging that AT&TM had warranted Plaintiffs' iPhones, and that AT&TM violated Magnuson-Moss by later failing to honor those warranties. Whether or not AT&TM had, in fact, warranted Plaintiffs' iPhones is a dispute more appropriately resolved after discovery.

Accordingly, the Court DENIES AT&TM's Motion to Dismiss Plaintiffs' claim for violation of the Magnuson-Moss Warranty Act.

### C. AT&TM's Motion to Strike or Dismiss Class Allegations

AT&TM moves to strike or dismiss Plaintiffs' class action allegations, on the ground that no class action is viable in light of the predominance of individual issues. (Motion to Strike at 2.) AT&TM contends that Plaintiffs' allegations are insufficient to meet the standards for class certification under Federal Rule of Civil Procedure 23. (Id. at 1.)

The Court finds that AT&TM's motion is more appropriately deemed an opposition to Plaintiffs' anticipated motion for class certification. As such, the Court finds that AT&TM's motion is premature. The proper vehicle for challenging class certification is through opposition to a

motion for class certification on the grounds that it fails to meet the requirements of Rule 23. A motion to strike or dismiss that is itself based on Rule 23, however, is not the appropriate procedure.

Accordingly, the Court DENIES Defendant AT&TM's Motion to Strike or Dismiss Plaintiffs' Class Allegations.

### III.  CONCLUSION

The Court DENIES Defendant Apple's Motion for Certification of Interlocutory Appeal and Defendant AT&TM's Motions to Dismiss and to Strike.

Dated: March 4, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrian Frank Davis adrian.davis@lw.com
Alexander H. Schmidt schmidt@whafh.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parasharami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jeffrey H. Howard jhoward@crowell.com
M. Van Smith mvsmith@sbcglobal.net
Marisa C. Livesay livesay@whafh.com
Mark Carl Rifkin rifkin@whafh.com
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Rachele R. Rickert rickert@whafh.com
Randall Scott Newman rsn@randallnewman.net
Sadik Harry Huseny sadik.huseny@lw.com
Stephen DeNittis sdenittis@shabeldenittis.com
Wm. Randolph Smith wrsmith@crowell.com

**Dated: March 4, 2009**  **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**