Daniel A. Sasse, Esq. (CA Bar No. 236234)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone:    (949) 263-8400
Facsimile:    (949) 263-8414
Email:        dsasse@crowell.com

Wm. Randolph Smith, Esq. (*pro hac vice*)
Jeffrey H. Howard, Esq. (*pro hac vice*)
Shari Ross Lahlou, Esq. (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C.  20004
Telephone:    (202) 624-2500
Facsimile:    (202) 628-5116
Email:        wrsmith@crowell.com
              jhoward@crowell.com
              slahlou@crowell.com

Attorneys for Defendant
AT&T Mobility LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In Re Apple & AT&TM Antitrust Litigation | Case No. C 07-5152 JW<br><br>**ANSWER OF DEFENDANT AT&T MOBILITY LLC** |

**ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant AT&T Mobility LLC ("ATTM"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti, and Scott Sesso ("Plaintiffs") in their Revised Consolidated Amended Class Action Complaint ("Complaint").

**NATURE OF ACTION**

1.       ATTM admits that Plaintiffs seek to bring claims pursuant to Section 2 of the Sherman Act (15 U.S.C. § 2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-12), and the consumer protection laws of 42 states and the District of Columbia on their own behalf and on purported behalf of classes of persons alleged to be similarly situated; Plaintiffs' state consumer protection claims have since been dismissed by the Court.  ATTM denies the remaining allegations in this paragraph, including the existence of any cognizable "class" on whose behalf plaintiffs may bring suit.

2.       ATTM admits that the iPhone was available for sale on or about June 29, 2007 to consumers in the United States.  ATTM further admits that prior to the launch of the iPhone, ATTM entered into a contract with Defendant Apple permitting ATTM to be the exclusive provider of wireless voice and data services for iPhone customers in the United States.  ATTM further admits that pursuant to that contract with Apple, Apple received a portion of certain of ATTM's revenues derived from iPhone customers.  ATTM denies the remaining allegations in this paragraph.

3.       ATTM admits that iPhones sold in the United States are programmed to operate solely on ATTM's wireless voice and data service network.  ATTM denies the remaining allegations of this paragraph.

4.       ATTM admits that Apple has retained a certain control over design, features and operating software for the iPhone.  ATTM lacks knowledge or information sufficient to form a

3 Park Plaza, 20ᵗʰFloor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

1 belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the

2 same.

3      5.     ATTM admits that Apple issued iPhone software version 1.1.1 on September 27,

4 2007. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the

5 remaining allegations of this paragraph and, on that basis, denies the same.

6      6.     ATTM denies the allegations of this paragraph.

7      7.     Plaintiffs' consumer protection claims have been dismissed by the Court. ATTM

8 denies any and all allegations in this paragraph still being pursued.

9      8.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

10 the allegations of this paragraph and, on that basis, denies the same.

11      9.     ATTM denies the allegations of this paragraph.

12      10.     ATTM denies the allegations of this paragraph.

13      11.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

14 the allegations of this paragraph and, on that basis, denies the same.

15      12.     This paragraph of the Complaint sets out the relief sought by Plaintiffs. To the

16 extent a response is required, ATTM admits that Plaintiffs seek such relief but denies that

17 Plaintiffs are entitled to any such relief.

18      **THE PARTIES**

19      13.     ATTM admits that Plaintiff Kliegerman entered into an ATTM voice and data plan

20 in July 2007. ATTM lacks knowledge or information sufficient to form a belief as to the truth of

21 the remaining allegations of this paragraph and, on that basis, denies the same.

22      14.     ATTM admits that Plaintiff Holman entered into an ATTM voice and data plan on

23 or about June 29, 2007. ATTM lacks knowledge or information sufficient to form a belief as to

24 the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

25      15.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

26 the allegations of this paragraph and, on that basis, denies the same.

27

28

Case No. 07-CV-05152-JW

ANSWER OF DEFENDANT AT&T MOBILITY LLC

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

16.    ATTM admits that Plaintiff Smith entered into an ATTM voice and data plan on or about June 30, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

17.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

18.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

19.    ATTM admits that Plaintiff Morikawa entered into an ATTM voice and data plan. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

20.    ATTM admits that Plaintiff Scotti entered into an ATTM voice and data plan on or about July 12, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

21.    ATTM admits that Plaintiff Sesso entered into an ATTM voice and data plan in July 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

22.    ATTM admits that Apple manufactures, markets and sells the iPhone, among other consumer electronic devices.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

23.    ATTM admits that ATTM is a Delaware limited liability company with its principal place of business located at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319-5309.  ATTM admits that ATTM is a cell phone service provider that regularly conducts and transacts business in this District, as well as elsewhere throughout New York and the United States.  ATTM further admits that it entered into a contract with Apple under which ATTM is the exclusive provider of wireless voice and data services for iPhones sold in the United States.

3 Park Plaza, 20thFloor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

1

**JURISDICTION AND VENUE**

2      24.      ATTM admits that the Court has original jurisdiction over Plaintiffs' federal law

3  claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law and

4  Magnuson-Moss Warranty Act claims pursuant to 28 U.S.C. § 1367.

5      25.      ATTM admits that, taking Plaintiffs' jurisdictional allegations to be true, the Court

6  has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

7      26.      ATTM admits that, taking Plaintiffs' venue-related allegations to be true, venue in

8  this District is proper pursuant to 28 U.S.C. § 1391.

9

**FACTUAL ALLEGATIONS**

10     27.      ATTM admits that Apple conducted an advertising campaign in spring 2007 to

11  market the iPhone.  ATTM further admits that the advertising referenced the iPhone's mobile

12  phone, iPod and Internet communications functions as well as email, visual voicemail, web

13  browsing, maps and searching capability.

14     28.      ATTM admits that the 2G iPhone was made available for retail purchase in the

15  United States on June 29, 2007, at prices of $499 for the 8GB model and $599 for the 16GB

16  model, and that some consumers waited in line to purchase an iPhone.  ATTM further admits that,

17  at the time the Complaint was filed, Apple and ATTM sold an 8GB version of the 2G iPhone for

18  $399 and a 16GB version of the iPhone for $499.

19     29.      ATTM admits that, at the time the Complaint was filed, the iPhone was sold at both

20  Apple's and ATTM's retail and online stores.

21     30.      ATTM admits that it entered into a contract with Apple under which ATTM is the

22  exclusive provider of wireless voice and data services for iPhones sold in the United States.

23  ATTM further admits that iPhone customers in the United States must sign a two-year service

24  contract to obtain ATTM's voice and data services.  ATTM denies the remaining allegations of

25  this paragraph.

26     31.      ATTM lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations of this paragraph and, on that basis, denies the same.

28     32.      ATTM denies the allegations of this paragraph.

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA  92614-8505
(949) 263-8400

33.     ATTM denies the allegations of this paragraph.

34.     ATTM denies the allegations of this paragraph.

35.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

36.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

37.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

38.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

39.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

40.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

41.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

42.     ATTM admits that it has, under certain circumstances, provided unlock codes for non-iPhone handsets if requested by a purchaser.

43.     ATTM denies the allegations of this paragraph.

44.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

45.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

46.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

47.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1    48.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of this paragraph and, on that basis, denies the same.

3    49.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations of this paragraph and, on that basis, denies the same.

5    50.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations of this paragraph and, on that basis, denies the same.

7    51.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations of this paragraph and, on that basis, denies the same.

9    52.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations of this paragraph and, on that basis, denies the same.

11   53.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

12   the allegations of this paragraph and, on that basis, denies the same.

13   54.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of this paragraph and, on that basis, denies the same.

15   55.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

16   the allegations of this paragraph and, on that basis, denies the same.

17   56.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

18   the allegations of this paragraph and, on that basis, denies the same.

19   57.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations of this paragraph and, on that basis, denies the same.

21   58.    ATTM admits the allegations of this paragraph.

22   59.    ATTM admits that GSM and CDMA are two of the competing network

23   technologies for wireless service in the United States.  ATTM lacks knowledge or information

24   sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

25   basis, denies the same.

26   60.    ATTM admits that the iPhones sold as of the time of, and prior to, the filing of the

27   Complaint are used on ATTM's Edge/GSM facilities.  ATTM lacks knowledge or information

28

3 Park Plaza, 20ᵗʰFloor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

ANSWER OF DEFENDANT AT&T MOBILITY LLC

1   sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

2   basis, denies the same.

3        61.     ATTM admits that it, Verizon Wireless, LLC, Sprint Nextel Corp., and T-Mobile

4   USA are currently the four operators that analysts typically describe as "nationwide," and that

5   ATTM and T-Mobile use GSM/TDMA as their 2G digital technology and Verizon and Sprint use

6   CDMA as their 2G digital technology.  ATTM lacks knowledge or information sufficient to form

7   a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the

8   same.

9        62.     ATTM denies the allegations of this paragraph.

10       63.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations of this paragraph and, on that basis, denies the same.

12       64.     ATTM denies the allegations of this paragraph.

13       65.     ATTM admits that GSM devices in the United States typically utilize the

14  removable SIM card technology, and that these SIM cards are typically linked to a specific

15  carrier's network.

16       66.     ATTM admits that a SIM card is a specially programmed microchip that inserts

17  into a GSM-compatible mobile device and that the SIM card encrypts transmissions and identifies

18  the user to the mobile network.  ATTM further admits that the SIM cards allow users to easily

19  switch their account information between other compatible GSM devices for immediate use.

20  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of this paragraph and, on that basis, denies the same.

22       67.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations of this paragraph and, on that basis, denies the same.

24       68.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations of this paragraph and, on that basis, denies the same.

26       69.     ATTM admits that it has, under certain circumstances, provided unlock codes for

27  non-iPhone handsets if requested by a purchaser.  ATTM lacks knowledge or information

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1  sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

2  basis, denies the same.

3         70.     ATTM admits that it has, under certain circumstances, provided unlock codes for

4  non-iPhone handsets if requested by a purchaser.  ATTM further admits that it does not provide

5  the unlock code for the iPhone.  ATTM denies that any of its actions were unlawful and denies the

6  remaining allegations of this paragraph.

7         71.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

8  the allegations of this paragraph and, on that basis, denies the same.

9         72.     ATTM admits that non-Apple programmers made iPhone "unlocking" codes

10  available both for sale and for free on the Internet.  ATTM lacks knowledge or information

11  sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

12  basis, denies the same.

13         73.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of this paragraph and, on that basis, denies the same.

15         74.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of

16  the allegations of this paragraph and, on that basis, denies the same.

17         75.     ATTM admits that the DMCA was enacted in 1998. The language in the DMCA

18  and in the Federal Register speaks for itself.  ATTM denies the remaining allegations in this

19  paragraph.

20         76.     ATTM denies the allegations of this paragraph.

21         77.     ATTM admits that on January 9, 2007, Apple and ATTM announced that they had

22  entered into an agreement whereby Cingular Wireless (now ATTM) would be the exclusive

23  provider of wireless voice and data services for iPhones sold in the United States.  ATTM denies

24  the remaining allegations in this paragraph.

25         78.     ATTM admits that it provided to Apple a portion of certain of ATTM's revenues

26  derived from iPhone customers pursuant to the terms of its initial agreement with Apple.  ATTM

27  denies the remaining allegations in this paragraph.

28

crowell moring

3 Park Plaza, 20<sup>th</sup>Floor
Irvine, CA  92614-8505
(949) 263-8400

79.   ATTM admits that ATTM offers iPhone purchasers a two-year service contract. ATTM denies the remaining allegations in this paragraph.

80.   ATTM admits that iPhones sold in the United States are programmed so as to operate solely with ATTM's wireless voice and data service network, and that unlock codes are not provided to consumers.  ATTM denies the remaining allegations of this paragraph.

81.   ATTM admits that Apple retains a certain control over the features, content, software programming and design of the iPhone.

82.   ATTM admits that ATTM has offered handsets for purchase at prices below the manufacturer suggested retail price of the handset based on the expectation that ATTM will recoup its investment when the customer enters into a contract for service with ATTM.  ATTM further admits that customers typically incur an Early Termination Fee if they cancel their ATTM service plan prior to expiration of their service agreement.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

83.   ATTM admits that iPhone customers incur a $175 Early Termination Fee if they cancel their ATTM service plan prior to expiration of their two-year service agreement.  ATTM denies the remaining allegations in this paragraph.

84.   ATTM denies the allegations in this paragraph.

85.   ATTM denies the allegations in this paragraph concerning ATTM's conduct. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

86.   ATTM admits that the language quoted in this paragraph is an accurate quotation from the cited *USA Today* article.  ATTM denies all the remaining allegations in this paragraph.

87.   ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

88.   ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

ANSWER OF DEFENDANT AT&T MOBILITY LLC

1    89.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

2  the allegations of this paragraph and, on that basis, denies the same.

3    90.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

4  the allegations of this paragraph and, on that basis, denies the same.

5    91.    ATTM admits that unauthorized unlock programs for the iPhone became available

6  on the Internet in the summer of 2007.  ATTM lacks knowledge or information sufficient to form

7  a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the

8  same.

9    92.    ATTM admits that unauthorized unlock programs for the iPhone became available

10  on the Internet in the summer of 2007.  ATTM denies the remaining allegations of this paragraph.

11    93.    ATTM denies the allegations in this paragraph.

12    94.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

13  the allegations of this paragraph and, on that basis, denies the same.

14    95.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations of this paragraph and, on that basis, denies the same.

16    96.    ATTM admits that Apple issued iPhone software version 1.1.1 on September 27,

17  2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the

18  remaining allegations of this paragraph and, on that basis, denies the same.

19    97.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

20  the allegations of this paragraph and, on that basis, denies the same.

21    98.    ATTM admits that the referenced September 24, 2007 press release contained the

22  quoted language in this paragraph.

23    99.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegations of this paragraph and, on that basis, denies the same.

25    100.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations of this paragraph and, on that basis, denies the same.

27    101.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

28  the allegations of this paragraph and, on that basis, denies the same.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1    102.    ATTM admits that Apple issued iPhone software version 1.1.1 on September 27,

2  2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the

3  remaining allegations of this paragraph and, on that basis, denies the same.

4    103.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

5  the allegations of this paragraph and, on that basis, denies the same.

6    104.    ATTM denies the allegations in this paragraph.

7    105.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

8  the allegations of this paragraph and, on that basis, denies the same.

9    106.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations of this paragraph and, on that basis, denies the same.

11    107.    ATTM denies the allegations in this paragraph.

12    108.    ATTM admits that Plaintiffs seek to bring this action as a purported "Nationwide

13  Class" class action on behalf of themselves and other alleged to be similarly situated, and propose

14  to act as representatives of the purported class.  ATTM denies the remaining allegations in this

15  paragraph, and denies the existence of an alleged "Nationwide Class" as described in this

16  paragraph.

17    109.    ATTM admits that Plaintiffs seek to bring this action as a purported "Consumer

18  Protection Class" class action on behalf of themselves and other alleged to be similarly situated,

19  and propose to act as representatives of the purported class.  ATTM denies the remaining

20  allegations in this paragraph, and denies the existence of an alleged "Consumer Protection Class"

21  as described in this paragraph.

22    110.    ATTM denies the existence of either of the alleged classes and thus denies the

23  allegations in this paragraph on that basis.

24    111.    ATTM denies the existence of either of the alleged classes.  ATTM lacks

25  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

26  this paragraph and, on that basis, denies the same.

27    112.    ATTM denies the existence of either of the alleged classes and thus denies the

28  allegations in this paragraph, including subparts a-q.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1    113.    ATTM denies the existence of either of the alleged classes and thus denies the

2    allegations in this paragraph.

3    114.    ATTM denies the existence of either of the alleged classes and thus denies the

4    allegations in this paragraph.

5    115.    ATTM denies the existence of either of the alleged classes and thus denies the

6    allegations in this paragraph.

7    116.    ATTM denies the existence of either of the alleged classes and thus denies the

8    allegations in this paragraph.

9    117.    ATTM denies the existence of either of the alleged classes.  ATTM denies the

10   remaining allegations in this paragraph.

11   118.    ATTM denies the existence of either of the alleged classes and thus denies the

12   allegations in this paragraph.

13   119.    ATTM denies the allegations in this paragraph.

14                          **RELEVANT MARKET ALLEGATIONS**

15   120.    ATTM denies the allegations in this paragraph.

16   121.    ATTM denies the allegations in this paragraph.

17                                          **COUNT I**

18              **SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**

19                       **OF THE APPLICATIONS AFTERMARKET**

20   122.    ATTM repeats and incorporates by reference Paragraphs 1 through 121 of its

21   Answer as if fully set forth here.

22   123.    ATTM denies the allegations of this paragraph.

23   124.    ATTM denies the allegations of this paragraph.

24   125.    ATTM denies the allegations of this paragraph.

25   126.    ATTM denies the allegations of this paragraph.

26                                          **COUNT II**

27              **SHERMAN ACT § 2: ATTEMPTED MONOPOLIZATION**

28                       **OF THE APPLICATIONS AFTERMARKET**

crowell moring

3 Park Plaza, 20ᵗʰFloor
Irvine, CA  92614-8505
(949) 263-8400

1    127.   ATTM repeats and incorporates by reference Paragraphs 1 through 126 of its

2    Answer as if fully set forth here.

3    128.   ATTM denies the allegations of this paragraph.

4    129.   ATTM denies the allegations of this paragraph.

5    130.   ATTM denies the allegations of this paragraph.

6    131.   ATTM denies the allegations of this paragraph.

7    132.   ATTM denies the allegations of this paragraph.

8                                    **COUNT III**

9               **SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**

10            **OF THE VOICE AND DATA SERVICES AFTERMARKET**

11    133.   ATTM repeats and incorporates by reference Paragraphs 1 through 132 of its

12   Answer as if fully set forth here.

13   134.   ATTM denies the allegations of this paragraph.

14   135.   ATTM denies the allegations of this paragraph.

15   136.   ATTM denies the allegations of this paragraph.

16   137.   ATTM denies the allegations of this paragraph.

17   138.   ATTM denies the allegations of this paragraph.

18                                    **COUNT IV**

19         **SHERMAN ACT § 2: ATTEMPTED CONSPIRACY TO MONOPOLIZE**

20            **THE VOICE AND DATA SERVICES AFTERMARKET**

21    139.   ATTM repeats and incorporates by reference Paragraphs 1 through 138 of its

22   Answer as if fully set forth here.

23   140.   ATTM denies the allegations of this paragraph.

24   141.   ATTM denies the allegations of this paragraph.

25   142.   ATTM denies the allegations of this paragraph.

26   143.   ATTM denies the allegations of this paragraph.

27   144.   ATTM denies the allegations of this paragraph.

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA 92614-8505
(949) 263-8400

## COUNT V

### SHERMAN ACT § 2: CONSPIRACY TO MONOPOLIZE

### THE VOICE AND DATA SERVICES AFTERMARKET

145.    ATTM repeats and incorporates by reference Paragraphs 1 through 144 of its Answer as if fully set forth here.

146.    ATTM denies the allegations of this paragraph.

147.    ATTM denies the allegations of this paragraph.

148.    ATTM denies the allegations of this paragraph.

149.    ATTM denies the allegations of this paragraph.

150.    ATTM denies the allegations of this paragraph.

## COUNT VI

### STATE LAW UNFAIR AND DECEPTIVE ACTS AND PRACTICES

151.    ATTM repeats and incorporates by reference Paragraphs 1 through 150 of its Answer as if fully set forth here.

152.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being pursued.

153.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being pursued.

154.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being pursued.

155.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being pursued.

1   156.   Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

2   been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being

3   pursued.

4   157.   Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

5   been dismissed by the Court.  ATTM denies any and all allegations in this paragraph still being

6   pursued.

7   <u>**COUNT VII**</u>

8   **MAGNUSON-MOSS WARRANTY ACT**

9   158.   ATTM repeats and incorporates by reference Paragraphs 1 through 157 of its

10   Answer as if fully set forth here.

11   159.   ATTM denies the allegations of this paragraph.

12   160.   ATTM denies the allegations of this paragraph.

13   161.   ATTM denies the allegations of this paragraph.

14   162.   ATTM denies the allegations of this paragraph.

15   <u>**COUNT VIII**</u>

16   **TRESPASS TO CHATTELS**

17   163.   ATTM repeats and incorporates by reference Paragraphs 1 through 162 of its

18   Answer as if fully set forth here.

19   164.   ATTM denies the allegations of this paragraph.

20   165.   ATTM denies the allegations of this paragraph.

21   166.   ATTM denies the allegations of this paragraph.

22   167.   ATTM denies the allegations of this paragraph.

23   <u>**COUNT IX**</u>

24   **FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

25   168.   ATTM repeats and incorporates by reference Paragraphs 1 through 167 of its

26   Answer as if fully set forth here.

27   169.   ATTM denies the allegations of this paragraph.

28   170.   ATTM denies the allegations of this paragraph.

crowell moring

3 Park Plaza, 20ᵗʰFloor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1    <u>**COUNT X**</u>

2    **CALIFORNIA PENAL CODE § 502**

3         171.    ATTM repeats and incorporates by reference Paragraphs 1 through 170 of its

4    Answer as if fully set forth here.

5         172.    ATTM admits that the iPhone is a computer within the meaning of California Penal

6    Code § 502.

7         173.    ATTM denies the allegations of this paragraph.

8         174.    ATTM denies the allegations of this paragraph.

9         The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no

10   response is required.  To the extent a response is required, ATTM denies that Plaintiffs are entitled

11   to the relief sought in the Complaint or to any relief whatsoever.

12                              *****************

13   <u>**GENERAL DENIAL**</u>

14        ATTM denies any allegations of the Complaint, whether express or implied, that are not

15   specifically admitted, denied or qualified herein.

16   <u>**AFFIRMATIVE DEFENSES**</u>

17        ATTM sets forth below its affirmative defenses.  By setting forth these affirmative

18   defenses, ATTM does not assume the burden of proving any fact, issue, or element of a cause of

19   action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is

20   intended or shall be construed as an admission that any particular issue or subject matter is

21   relevant to Plaintiffs' allegations.  ATTM reserves the right to assert additional affirmative

22   defenses at such time and to such extent as warranted by discovery and the factual developments

23   in this case.

24        As separate and distinct affirmative defenses, ATTM alleges as follows:

25        1.    One or more of the causes of action asserted in the Complaint fails to state a claim

26   for which relief can be granted.

27        2.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

28

3.      Plaintiffs' claims are barred, in whole or in part, because they attack conduct that is authorized by the United States laws and that is not subject to prohibition under the antitrust laws.

4.      Plaintiffs are barred from recovery because ATTM's actions were privileged, justified, excused, were taken for a legitimate business reason not prohibited by law, and/or because ATTM at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to Plaintiffs.

5.      Plaintiffs' claims are barred, in whole or in part, because all conduct engaged in by ATTM was reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

6.      ATTM's acts as alleged in the Complaint were made in good faith to meet competition.  Plaintiffs' claims are barred, in whole or in part, because ATTM's actions have not tended to destroy competition in any relevant market.

7.      Any purported monopoly or monopoly power alleged against ATTM has been thrust upon ATTM, has occurred by force of accident, or has occurred by virtue of ATTM's superior skill, foresight, and industry.

8.      ATTM has not improperly exercised any purported monopoly power against Plaintiffs.

9.      ATTM is the passive beneficiary of any purported monopoly or monopoly power.

10.     ATTM had no specific intent to engage in attempted monopolization.

11.     ATTM does not possess the power to control prices or exclude competition in any relevant market.

12.     ATTM has not willfully acquired any purported monopoly or monopoly power, nor has ATTM maintained any purported monopoly or monopoly power by exclusionary means.

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

14.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, through their actions, assumed the risk that they would suffer the harm they alleged.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

15.     Plaintiffs' claims are barred, in whole or in part, because the damages alleged were caused by the actions of third parties for whom ATTM is not responsible.

16.     Plaintiffs' claims are barred, in whole or in part, because the damages alleged were caused by Plaintiffs' own actions and not those of ATTM.

17.     Plaintiffs' claims are barred, in whole or part, by Plaintiffs' lack of standing to assert any or all of the causes of action alleged in the Complaint individually, in a representative capacity, or on behalf of the general public.

18.     As to those causes of action based upon an alleged breach of warranty, ATTM expressly limited any express warranty and disclaimed any implied warranty that may have otherwise been created or have been in existence.

19.     Plaintiffs' claims, and those of the purported classes, are barred because this action is not properly maintainable as a class action as alleged by Plaintiffs.

20.     Plaintiffs' claims, and those of the purported classes, are barred in whole or in part because Plaintiffs are not proper class representatives.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were contributorily negligent.

22.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of ripeness.

23.     Plaintiffs' claims are barred, in whole or in part, because ATTM's acts or omissions were not the proximate cause of Plaintiffs' alleged injuries.

24.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide ATTM with sufficient notice of ATTM's alleged breaches of warranties.

25.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

26.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

27.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

28.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

29.    Plaintiffs have failed to mitigate their damages and to protect themselves from avoidable consequences.

30.    Plaintiffs' claims are barred because Plaintiffs failed to pursue the required alternative dispute resolution.

31.    Plaintiffs' claims are preempted by the requirements of the Federal Arbitration Act as relates to plaintiffs' contracts with ATTM and Apple.

WHEREFORE, ATTM prays for the following:

a.    Dismissal of Plaintiffs' claims with prejudice;

b.    A finding that ATTM is not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

c.    An award to ATTM of its reasonable actual attorneys' fees and costs of suit pursuant to applicable statutes;

d.    Such other and further relief as the Court deems just.

DATED:  March 18, 2009                    Respectfully submitted,

**CROWELL & MORING LLP**


By:  /s/ Daniel A. Sasse
        Daniel A. Sasse
        3 Park Plaza, 20th Floor
        Irvine, CA 92614
        Attorneys for Defendant
        AT&T Mobility LLC

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400