*E-Filed 5/22/09*

1  FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
2  BETSY C. MANIFOLD (182450)
    manifold@whafh.com
3  RACHELE R. RICKERT (190634)
    rickert@whafh.com
4  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
5  750 B Street, Suite 2770
    San Diego, CA 92101
6  Telephone: 619/239-4599
    Facsimile: 619/234-4599
7

8  MARK C. RIFKIN (*pro hac vice*)
    rifkin@whafh.com
9  ALEXANDER H. SCHMIDT (*pro hac vice*)
    schmidt@whafh.com
10  MARTIN E. RESTITUYO (*pro hac vice*)
    restituyo@whafh.com
11  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
12  270 Madison Avenue
    New York, NY 10016
13  Telephone: 212/545-4600
    Facsimile: 212/545-4677
14

15  Plaintiffs' Interim Lead Counsel

16

17           UNITED STATES DISTRICT COURT

18     FOR THE NORTHERN DISTRICT OF CALIFORNIA

19             SAN JOSE DIVISION

20  IN RE APPLE & AT&TM ANTITRUST  )  Master File No. C 07-05152 JW
    LITIGATION                     )
21                             )
                               )  **STIPULATED PROTECTIVE ORDER**
22                             )
23                             )
24                             )
25                             )
26                             )
27  ————————————————————————)
28

1

**STIPULATED PROTECTIVE ORDER**

2       WHEREAS, certain documents and information have been and may be sought, produced

3   or exhibited by and between the parties to the above-styled proceeding (the "Proceeding") which

4   relate to the parties' financial information, competitive information, personnel information or

5   other kinds of commercially sensitive information which the party making the production deems

6   confidential; and

7       WHEREAS, it has been agreed by and among the parties to the Proceeding, through their

8   respective counsel, that, to expedite the flow of discovery material and to preserve the

9   confidentiality of certain documents and information, a protective order should be entered by the

10  Court; and

11      WHEREAS, the Court has reviewed the terms and conditions of this Protective Order,

12      IT IS HEREBY ORDERED THAT:

13  1.   <u>SCOPE</u>

14      1.1     This Protective Order shall govern all documents, the information contained

15  therein, and all other information produced or disclosed during the Proceeding whether revealed in

16  a document, deposition, other testimony, discovery response or otherwise ("Discovery

17  Materials"), by any party in this Proceeding (the "Producing Party") to any other party (the

18  "Receiving Party") when same is designated with the procedures set forth herein. This Protective

19  Order is binding upon the parties to the Proceeding, including their respective corporate parents,

20  subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and

21  employees and others as set forth in this Protective Order.

22      1.2     Under this Order, any Producing Party shall have the right to identify and designate

23  as "Confidential" any document or other materials it produces or provides, or any testimony given

24  in this proceeding, which testimony or discovery material is believed in good faith by that

25  Producing Party to constitute, reflect or disclose its confidential and proprietary information, as

26  those terms are understood under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated

27  Material"). The Producing Party will designate materials as "Confidential" if such party has a

28  good faith belief that the material is entitled to confidential treatment. All material marked

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

1  "CONFIDENTIAL" must be properly subject to protection under Rule 26(c) of the Federal Rules

2  of Civil Procedure and counsel shall not designate any discovery material "CONFIDENTIAL"

3  without first making a good faith determination that such protection is warranted.

4       1.3    "Confidential Information" as used herein means any Designated Material that is

5  designated pursuant to this Protective Order as "Confidential" by the Producing Party, whether it

6  is a document, information contained in a document, information revealed during a deposition or

7  other testimony, information revealed in an interrogatory answer or information otherwise

8  revealed.

9       1.4    All documents and information described in Paragraphs 1.2 and 1.3 as Confidential

10  Information and which a party believes to be extremely sensitive confidential and/or proprietary

11  information, the disclosure of which, even limited to the restrictions placed on Confidential

12  Information in this Order, may compromise and/or jeopardize the Producing Party's business

13  interests, may be designated as "Highly Confidential – Attorneys' Eyes Only" by said party and

14  furnished to the other parties pursuant to this Order.

15       1.5    A party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes

16  Only" information contained in documents that are in the possession of a third party if the

17  documents contain the party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

18  information.

19       1.6    All Discovery Materials designated "Confidential" or "Highly Confidential –

20  Attorneys' Eyes Only" (collectively, "Protected Material"), unless re-designated by the Producing

21  Party voluntarily or after a successful challenge to such designation by a Receiving Party under

22  paragraph 5 below, shall be used by Receiving Parties only for purposes of this litigation.

23  2.    <u>DESIGNATION OF CONFIDENTIALITY.</u>

24       The Producing Party may designate documents, electronically stored information ("ESI")

25  or other materials "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as specified

26  below.  The Producing Party shall apply a confidentiality designation only when that party has a

27  reasonable, good faith belief that the information so designated constitutes "Confidential" or

28  "Highly Confidential – Attorneys' Eyes Only" material.  The protections conferred by this Order

1 cover not only the protected information itself, but also any information copied or extracted

2 therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony,

3 conversations, or presentations by Parties or Counsel to or in court or in other settings that might

4 disclose Protected Material to persons not authorized to receive such material.

5       2.1   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,

6 or as otherwise stipulated or ordered, Discovery Materials must be designated for protection under

7 this Order by clearly designating the material before it is disclosed or produced.

8       2.2   The designation of materials as "Confidential" or "Highly Confidential –

9 Attorneys' Eyes Only" shall be made as follows:

10           (a)   for produced documents, by imprinting the word(s) "Confidential" or

11 "Highly Confidential – Attorneys' Eyes Only" on the face of each page of a document so

12 designated or in a similarly conspicuous location for non-document materials. Use of the legend

13 "Highly Confidential" shall be construed as and shall have the same meaning and effect of use as

14 the legend "Highly Confidential – Attorneys' Eyes Only";

15           (b)   for written discovery responses, by imprinting the word(s) "Confidential" or

16 "Highly Confidential – Attorneys' Eyes Only" next to or above any response to a discovery

17 request or on each page of a response;

18           (c)   for depositions, by indicating on the record at the deposition which portions

19 of the transcript and/or responses should be treated as "Confidential" or "Highly Confidential –

20 Attorneys' Eyes Only." Alternatively, within thirty (30) days of receipt of a transcript or

21 recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring Party or

22 non-party may designate such transcript or recording or any portion thereof as "Confidential" or

23 "Highly Confidential – Attorneys' Eyes Only" by notifying all Parties, in writing, of the specific

24 pages and lines of the transcript or recording that should be treated as "Confidential" or "Highly

25 Confidential – Attorneys' Eyes Only." All transcripts or recordings of depositions shall be treated

26 as "Highly Confidential – Attorneys' Eyes Only" for thirty (30) days after receipt of the transcript

27 or recording, or until written notice of a designation is received, whichever occurs first. Transcript

28 pages containing Protected Material must be separately bound by the court reporter, who must

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(d)     for ESI, either by imprinting the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the transmittal cover letter.

2.3     <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties.</u>  Subject to the standards of paragraph 2, a Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or designate any Designated Material produced as "Confidential" to a designation of "Highly Confidential – Attorneys' Eyes Only") any documents or materials produced by any other Party or non-party, provided that said Discovery Materials contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Materials to be re-designated within sixty days of production by the Producing Party. Failure to upward designate within sixty days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Materials or from moving the Court for such relief.  Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in paragraph 5 regarding challenging designations.

3.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL.</u>

3.1     <u>Disclosure of Confidential Information.</u>  Unless otherwise ordered by the Court or permitted in writing by the party or non-party that designates Discovery Materials as Confidential or Highly Confidential ("Designating Party"), a Receiving Party may disclose any information or item designated as "Confidential" only:

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

(a)     to the Receiving Party's Outside Counsel or In-House Counsel, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b)     to any Expert to whom disclosure is reasonably necessary for this litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A). "Expert" as used in this Protective Order shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation;

(c)     to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(d)     to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)     to the officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     to any person who Counsel have a good faith basis to believe authored or previously received the material and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)     to potential witnesses in the action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Counsel obtaining such signed Agreements to Be Bound by Protective Order shall retain them. The Designating Party reserves the right to seek disclosure of and/or copies of any such signed Agreements to Be Bound by Protective Order, and Counsel obtaining such signed Agreements reserves the right to challenge any such request.

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

PAGE 6

(h)     to witnesses during their depositions for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who are shown a copy of this Protective Order.  The portions of the deposition transcript pertaining to such Confidential Information shall automatically be deemed designated as "Confidential" (and any such Confidential Information marked as an exhibit during a deposition shall continue to be designated as "Confidential").

3.2     Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "Highly Confidential – Attorneys' Eyes Only" only:

(a)     to the Receiving Party's Outside Counsel as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b)     to any Expert (defined above) to whom disclosure is reasonably necessary for this litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(d)     to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)     to any person who Counsel have a good faith basis to believe authored or previously received the material and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     to any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the Highly Confidential – Attorneys' Eyes Only Information was created);

(g)     to potential witnesses in the action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary for this litigation, provided that: (i) the procedures set forth in Paragraph 3.3 below are followed, and pursuant to such the Designating Party has not

1    objected to such disclosure or the Court has authorized and approved such disclosure, and (ii) the

2    potential witness has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and a

3    copy of such Agreement has been provided to Counsel for the Designating Party.

4        (h)    to witnesses during their depositions for whom Counsel has a good-faith

5    basis to believe disclosure is reasonably necessary for this litigation, provided that: (i) the

6    procedures set forth in Paragraph  3.3 below are followed, and pursuant to such the Designating

7    Party has not objected to such disclosure or the Court has authorized and approved such

8    disclosure, and (ii) the witness is shown a copy of this Protective Order.  The portions of the

9    deposition transcript pertaining to such Highly Confidential Information shall automatically be

10   deemed designated as "Highly Confidential" (and any such Highly Confidential Information

11   marked as an exhibit during a deposition shall continue to be designated as "Highly

12   Confidential").

13       3.3    Procedures for Approving Disclosure of "Highly Confidential – Attorneys' Eyes

14   Only" Information or Items to Witnesses or Potential Witnesses.

15       (a)    Unless otherwise ordered by the court or agreed in writing by the

16   Designating Party, a Party that seeks to disclose to a witness or potential witness any information

17   or item that has been designated "Highly Confidential – Attorneys' Eyes Only" first must make a

18   written request to the Designating Party that (1) identifies the specific Highly Confidential

19   information that the Receiving Party seeks permission to disclose to the witness or potential

20   witness, (2) sets forth the full name of the witness or potential witness and the city and state of his

21   or her primary residence, and (3) identifies the witness or potential witness' current employer(s)

22   and job title(s).

23       (b)    A Party that makes a request and provides the information specified in the

24   preceding paragraph may disclose the subject Protected Material to the identified witness or

25   potential witness unless, within seven court days of delivering the request, the Party receives a

26   written objection from the Designating Party.  Any such objection must set forth in detail the

27   grounds on which it is based.

28

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

(c)   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the identified witness or potential witness may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the witness or potential witness is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing disclosure to the witness or potential witness shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the witness or potential witness.

4.   RESPONSIBILITY FOR COMPLIANCE.  The Party's Counsel who discloses "Confidential" or "Highly Confidential- Attorneys' Eyes Only" information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such "Confidential" or "Highly Confidential- Attorneys' Eyes Only" information is disclosed, and shall obtain and retain the original "Agreement to Be Bound by Protective Order "executed by qualified recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information (if such execution was required by the terms of this Order).  If it comes to a Party's or non-party's attention that any materials that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing or downwardly designating the mistaken designation.

5.   CHALLENGES TO DESIGNATION.

5.1   A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent

1  challenge thereto.

2      5.2     In the event a party objects to the designation of any material under this Order, the

3  objecting party shall consult with the Designating Party to attempt to resolve their differences.  In

4  conferring, the objecting party must explain the basis for its belief that the confidentiality

5  designation was not proper and must give the Designating Party an opportunity to review the

6  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

7  explain the basis for the chosen designation.

8      5.3     If the parties are unable to reach an accord as to the proper designation of the

9  material, after giving notice to the party which designated the material, the objecting party may

10  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

11  applicable) that identifies the challenged material and sets forth in detail the basis for the

12  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

13  the movant has complied with the meet and confer requirements imposed in the preceding

14  paragraph and that sets forth with specificity the justification for the confidentiality designation

15  that was given by the Designating Party in the meet and confer dialogue.

16      5.4     If such a motion is made, the Designating Party has the burden of establishing that

17  the designation is proper.  If no such motion is made, the material will retain its designation.

18  The "Confidential" or "Highly Confidential- Attorneys' Eyes Only" status of the challenged

19  material shall be maintained until the Court shall rule on the motion.

20  6.      INADVERTENT FAILURE TO IDENTIFY MATERIALS AS "CONFIDENTIAL" OR
        "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY".
21

22      A Producing Party that inadvertently fails to designate Discovery Materials as

23  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order at the time

24  of its production shall be entitled to make a correction to its designation.  Such failure shall be

25  corrected by providing to the Receiving Party written notice of the error and substituted copies of

26  the inadvertently produced Discovery Materials.  Any party receiving such inadvertently unmarked

27  Discovery Materials shall, within five (5) days of receipt of the substitute copies, destroy or return

28  to the law firm representing the producing party all copies of such mis-designated documents.

1 | Those individuals who reviewed the mis-designated Discovery Materials prior to notice of the mis-
2 | designation by the producing party shall abide by the provisions of this Order with respect to the
3 | use and disclosure of any information contained in the mis-designated materials.

4 | 7.   DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE ATTORNEY-
5 | CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE.

6 |     Consistent with Federal Rule of Evidence 502, if a Party or non-party notifies any other
7 | Party that it disclosed Discovery Materials that are protected from disclosure under the attorney-
8 | client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the
9 | Receiving Party discovers such disclosure, the disclosure shall not be deemed a waiver in whole or
10 | in part of the applicable privilege or protection, either as to the specific material or information
11 | disclosed or as to any other material or information relating thereto or on the same or related
12 | subject matter.  If a Party or nonparty requests the return of such Discovery Materials pursuant to
13 | this paragraph or if the Receiving Party recognizes that it has received Discovery Materials that,
14 | based upon a reasonable interpretation, are subject to any of the privileges discussed in this
15 | paragraph, the Receiving Party shall destroy or return all copies of such Discovery Materials to the
16 | Producing Party within five (5) business days of receipt of such notice or discovery, shall provide
17 | a certification of Counsel that all such disclosed Discovery Materials have been returned or
18 | destroyed, and shall not use such items for any purpose until further order of the Court, except that
19 | the Receiving Party may retain a copy of the Discovery Materials for purposes of evaluating the
20 | claimed privilege and bringing a motion for an order allowing use of the Discovery Materials in
21 | this Litigation, but further provided that the Receiving Party may not challenge the privilege or
22 | immunity claim by arguing that the disclosure waived the privilege or immunity and may not use
23 | the Discovery Materials for any other purpose whatsoever until the Court has determined that the
24 | Discovery Materials are not privileged.  If the Court determines that the Discovery Materials are
25 | privileged, the Receiving Party must return the Discovery Materials to the Producing Party within
26 | five days of the Court's ruling.

27
28

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

8.1   If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

8.2   The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

8.3   The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement that is attached hereto as Exhibit A.

10.   FILING CONFIDENTIAL MATERIAL WITH THE COURT.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Discovery Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

Only."  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    INTRODUCING CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS.

A Party who seeks to introduce "Confidential" or "Highly Confidential –Attorneys' Eyes Only" information at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.  If the party who designated the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection.  Prior to disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

12.    USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION.

Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly availably information, or of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Materials in this Litigation.

13.    ADVICE TO CLIENT.

Nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material in rendering such advice.

14.    DURATION OF ORDER/RETURN OF CONFIDENTIAL INFORMATION.

All provisions of this Order restricting the use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered by the Court.  Within sixty days of the conclusion of the Proceeding (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a Producing Party may request that a person in the possession of the Producing Party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information return or destroy that information (other than Outside Counsel's copies of documents filed with

1   the Court or Outside Counsel's file copies of documents attached to or information incorporated in

2   attorney work product prepared in connection with this litigation). If the Receiving Party elects to

3   destroy the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, it shall

4   certify within sixty days that such information has been destroyed. To the extent any person

5   retains copies of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information

6   pursuant to the terms of this paragraph, such "Confidential" or "Highly Confidential – Attorneys'

7   Eyes Only" information shall continue to be subject to the protections provided by this Order.

8   15.    RESERVATION OF RIGHTS.

9          Nothing contained in this Order or any designation of confidentiality hereunder, or any

10  failure to make such designation, shall be used or characterized by any party as an admission by a

11  Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular

12  information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is

13  entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this

14  Order shall be construed as granting any person or entity a right to receive specific "Confidential"

15  or "Highly Confidential – Attorneys' Eyes Only" information where a court has entered an order

16  precluding that person or entity from obtaining access to that information. The Parties specifically

17  reserve the right to challenge the designation of any particular information as "Confidential" or

18  "Highly Confidential – Attorneys' Eyes Only," and no Party waives any right it otherwise would

19  have to object to disclosing or producing any information or item on any ground not addressed in

20  this Order. Similarly, no Party waives any right to object on any ground to introduction or use as

21  evidence of any of the Discovery Materials covered by this Order.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

PAGE 14

**STIPULATED TO AND AGREED BY:**

May 12, 2009

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice*)
ALEXANDER H. SCHMIDT (*pro hac vice*)
MARTIN E. RESTITYO (*pro hac vice*)

_____
MARK C. RIFKIN

Plaintiffs' Interim Lead Counsel

May __, 2009

LATHAM & WATKINS LLP
DANIEL M. WALL
ALFRED C. PFEIFFER, JR.
CHRISTOPHER S. YATES
SADIK HUSENY

_____
CHRISTOPHER S. YATES

Attorneys for Defendant APPLE INC.

May __, 2009

CROWELL & MORING LLP
JASON C. MURRAY
KYLER E. SMART

_____
JASON C. MURRAY

Attorneys for Defendant AT&T Mobility LLC

**IT IS SO ORDERED:**

May 21 2009

_____
RICHARD SEEBORG
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

PAGE 15

1  **STIPULATED TO AND AGREED BY:**

2  May __, 2009

3                                          WOLF HALDENSTEIN ADLER
                                           FREEMAN & HERZ LLP
                                           MARK C. RIFKIN (*pro hac vice*)
4                                          ALEXANDER H. SCHMIDT (*pro hac vice*)
                                           MARTIN E. RESTITYO (*pro hac vice*)

5                                          _____

6                                          MARK C. RIFKIN

7                                          Plaintiffs' Interim Lead Counsel

8
   May 12, 2009
9                                          LATHAM & WATKINS LLP
                                           DANIEL M. WALL
                                           ALFRED C. PFEIFFER, JR.
10                                         CHRISTOPHER S. YATES
                                           SADIK HUSENY
11
12                                         _____
                                           CHRISTOPHER S. YATES
13
                                           Attorneys for Defendant APPLE INC.
14

15 May __, 2009                            CROWELL & MORING LLP
                                           JASON C. MURRAY
16                                         KYLER E. SMART

17                                         _____

18                                         JASON C. MURRAY

19                                         Attorneys for Defendant AT&T Mobility LLC

20

21 **IT IS SO ORDERED:**

22 May __, 2009

23                                         _____
                                           RICHARD SEEBORG
24                                         United States Magistrate Judge

25
26
27
28

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW
                                                          PAGE 15

**STIPULATED TO AND AGREED BY:**

May __, 2009

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice*)
ALEXANDER H. SCHMIDT (*pro hac vice*)
MARTIN E. RESTITYO (*pro hac vice*)

_____
MARK C. RIFKIN

Plaintiffs' Interim Lead Counsel

May __, 2009

LATHAM & WATKINS LLP
DANIEL M. WALL
ALFRED C. PFEIFFER, JR.
CHRISTOPHER S. YATES
SADIK HUSENY

_____
CHRISTOPHER S. YATES

Attorneys for Defendant APPLE INC.

May 15, 2009

CROWELL & MORING LLP
JASON C. MURRAY
KYLER E. SMART

_____
JASON C. MURRAY

Attorneys for Defendant AT&T Mobility LLC

**IT IS SO ORDERED:**

May __, 2009

_____
RICHARD SEEBORG
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

PAGE 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

Northern District of California on _____ in the case of  In Re Apple & AT&TM Antitrust

Litigation, Case No. C 07-05152 JW.  I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

SF\704676.2

STIPULATED PROTECTIVE ORDER
MASTER FILE NO. C 07-05152 JW

PAGE 16