1   FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
2   RACHELE R. RICKERT (190634)
    rickert@whafh.com
3   WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
4   750 B Street, Suite 2770
    San Diego, CA 92101
5   Telephone: 619/239-4599
    Facsimile: 619/234-4599
6
7   MARK C. RIFKIN (pro hac vice)
    rifkin@whafh.com
8   ALEXANDER H. SCHMIDT (pro hac vice)
    schmidt@whafh.com
9   ZACHARY W. BIESANZ (pro hac vice)
    biesanz@whafh.com
10  WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
11  270 Madison Avenue
    New York, NY 10016
12  Telephone: 212/545-4600
    Facsimile: 212/545-4677
13
    Plaintiffs' Interim Lead Counsel
14

15                      UNITED STATES DISTRICT COURT
16             FOR THE NORTHERN DISTRICT OF CALIFORNIA
17                          SAN JOSE DIVISION
18
19  IN RE APPLE & AT&TM ANTITRUST          )   Master File No. C 07-05152 JW
    LITIGATION                             )
20                                         )   **PLAINTIFFS' NOTICE OF MOTION**
                                           )   **AND RENEWED MOTION FOR AN**
21                                         )   **ORDER COMPELLING APPLE TO**
                                           )   **PRODUCE DOCUMENTS, INCLUDING**
22                                         )   **IPHONE SOURCE CODE;**
                                           )   **MEMORANDUM OF POINTS AND**
23                                         )   **AUTHORITIES**
                                           )
24                                         )
                                           )   DATE:      March 23, 2010
25                                         )   TIME:      10:00 a.m.
                                           )   CRTRM:     5, 4th Floor
26  _____       )   JUDGE:     Hon. Patricia V. Trumbull
27
28        __DOCUMENT SUBMITTED UNDER SEAL PURSUANT TO L.R. 79-5(d)__

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

TABLE OF CONTENTS

Page

I.    ISSUES TO BE DECIDED ................................................................................................2

II.   INTRODUCTION ............................................................................................................2

III.  RELEVANT FACTS ........................................................................................................4

    A.    Plaintiffs' Allegations ............................................................................................4

    B.    The Internal Make-Up Of The iPhone ........................................................................5

    C.    The Discovery Dispute ............................................................................................8

IV.   LEGAL ANALYSIS........................................................................................................11

V.    CONCLUSION................................................................................................................13

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- i -

1

TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*Forterra Sys., Inc. v. Avatar Factory,*

5

   No. C-05-04472 PVT, 2006 WL 2458804 (N.D. Cal. August 22, 2006) ....................................11

6

*Hartley Pen Co. v. United States District Court,*

7

   287 F.2d 324 (9th Cir. 1961) ...................................................................................................11

8

*In re Apple & AT&TM Antitrust Litigation,*

   596 F. Supp. 2d 1288 (N.D. Cal. 2008) ...........................................................................5, 11, 12

9

**RULES AND STATUTES**

10

11

Digital Millennium Copyright Act of 1998,

   17 U.S.C. § 1201 *et seq.* (2008)...............................................................................................5

12

Fed. R. Civ. P.

13

   26(b)(1) ......................................................................................................................................11

14

   37(a)(3)(B)(iv) ............................................................................................................................1

15

**OTHER AUTHORITIES**

16

DAVID JURICK, ADAM STOLARZ & DAMIEN STOLARZ, IPHONE HACKS (2009) ............................6, 7

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

On March 23, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 4th Floor, of the above-entitled Court, before the Honorable Magistrate Judge Patricia V. Trumbull, Plaintiffs will renew their motion to compel Defendant Apple, Inc. ("Apple") to produce certain documents, including the computer source code for Version 1.1.1 of the iPhone operating system, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv).

Specifically, Plaintiffs request an order compelling Apple to produce for inspection the source code for Version 1.1.1 of the iPhone software update ("Version 1.1.1"), including:

(1)     the source code for the kernel, Core OS layer, ███████████ and Core Services layers of the Version 1.1.1 operating system;

(2)     the source code for the Media and Cocoa Touch layers of the Version 1.1.1 operating system, excluding however source code which deals exclusively with the following iPhone components: Calculator, Calendar, Camera, Clock, Compass, Contacts, Mail, Maps, Message, Notes, Photos, Safari, Stocks, Text Messaging, Voice Memos, Weather, YouTube, iPod, iTunes, and Bluetooth;

(3)     all source code for Purple Restore, the engine that interacts with Version 1.1.1 to update the operating system;

(4)     all source code for ████████████████████████ ██████████████████; and

(5)     the source code for the bootroms associated with Versions 1.0.2 of the operating system, including ARM bootrom, ARM Low-Level Bootloader, and ARM iBoot.[1]

To facilitate Plaintiffs' review and analysis of the code, Plaintiffs also request an order compelling Apple to produce all internal engineering documentation for each of the above software as well as internal documentation for the source code already produced to Plaintiffs. Internal documentation includes, but is not limited to, documentation on data structures, theory of

---

[1]     Apple produced the boot source code called ███████, but no internal documentation relating to it, and did not produce its application processor boot source code for Version 1.0.2.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

operations manuals, "man" pages,[2] introductory comments for newly hired programmers to read, and Application Program Interface ("API") reference manuals.

This motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Rachele R. Rickert in Support of Plaintiffs' Renewed Motion for an Order Compelling Apple to Produce Documents, Including iPhone Source Code ("Rickert Decl."), filed concurrently herewith, the Court's file, and such other matters as may be considered at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   ISSUES TO BE DECIDED

1.   Whether Apple should be compelled to produce the source code for the above-listed portions of Version 1.1.1; and

2.   Whether Apple should be compelled to produce internal engineering documentation for the source code listed above and the source code already produced.

### II.   INTRODUCTION

After weeks of meeting and conferring between counsel for the parties, Defendant Apple agreed to produce Version 1.1.1 of the iPhone software to Plaintiffs, but in the first two weeks of November, it refused to do so.  On November 18, 2009, Plaintiffs filed a Motion to Compel [Docket No. 212], to resolve the discovery dispute.

After Plaintiffs moved to compel production of the code and supporting documentation, Apple offered to produce certain portions of the code and any internal documentation they were able to locate to induce Plaintiffs to withdraw their Motion to Compel.  The parties' agreement was premised on an understanding that Apple would produce enough of the code to enable Plaintiffs to determine how the code functions in terms of bricking phones and which phones are bricked by the code.  Plaintiffs' expert inspected the code and discovered numerous references to relevant portions of it that were not produced.  Plaintiffs requested that Apple produce the missing portions of the code and related documentation, and Apple agreed to do so.  However, Apple

---

[2]   "Man" pages is a UNIX term that programmers should understand to mean "manual."

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 2 -

1   failed to produce the code and documentation as agreed. Only now, after Plaintiffs initiated a

2   renewed meet and confer process for production of the complete code, did Apple claim to have

3   produced the missing portions of the code *the day before Plaintiffs' motion for class certification*

4   *was due*. Apple, *a computer company*, claims its production was delayed because it was

5   allegedly having trouble with the server that housed the code, thus preventing Plaintiffs from

6   inspecting the code to meaningful completion.

7        Regardless of the reason for the delays, it is apparent that Apple failed to produce an

8   integral part of the operating system until Plaintiffs demanded it, and then did not produce it (if it

9   was produced at all) *until the day before Plaintiffs' motion for class certification was due*. This

10  gamesmanship echoes how Apple withheld producing more than 100,000 pages of documents

11  until the last day of the class certification discovery period – thus necessitating the first delay in

12  the class certification briefing schedule. *See* Plaintiffs' Emergency Motion To Enlarge The Class

13  Certification Discovery And Briefing Schedule Pursuant To Local Civil Rule 6-3 ("Emergency

14  Motion to Enlarge Schedule") [Docket No. 207]. The class certification briefing schedule had to

15  be delayed yet again when Apple suddenly changed its position and decided not to produce the

16  source code for Version 1.1.1, forcing Plaintiffs to file a motion to compel. Rickert Decl., ¶¶ 8-16.

17  Apple's dilatory conduct throughout the discovery process has needlessly wasted valuable time

18  and resources of the parties and the Court, and undermines the orderly determination of the

19  litigation on its merits.

20       Accordingly, Plaintiffs renew their request for an order compelling Apple to produce for

21  inspection the source code for Version 1.1.1, including: (a) the source code for the kernel, Core

22  OS layer,            and Core Services layers of the Version 1.1.1 operating system; (b) the

23  source code for the Media and Cocoa Touch layers of the Version 1.1.1 operating system,

24  excluding however source code which deals exclusively with the following iPhone components:

25  Calculator, Calendar, Camera, Clock, Compass, Contacts, Mail, Maps, Message, Notes, Photos,

26  Safari, Stocks, Text Messaging, Voice Memos, Weather, YouTube, iPod, iTunes, and Bluetooth;

27  (c) all source code for Purple Restore, the engine that interacts with Version 1.1.1 to update the

28  operating system; (d) all source code for

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

1  ██████████████████████████; and (e) the source code for the bootroms associated

2  with Versions 1.0.2 of the operating system, including ARM bootrom, ARM Low-Level

3  Bootloader, and ARM iBoot.[3]  In light of Apple's prior abusive discovery tactics, Plaintiffs

4  request that the Court order Apple to produce the code within five calendar days of the Court's

5  order so that Plaintiffs' expert might inspect the code in sufficient time to incorporate any new

6  information into Plaintiffs' reply brief in support of their motion for class certification, scheduled

7  to be filed on April 19, 2010.

8  　　　　To facilitate Plaintiffs' review and analysis of the code, Plaintiffs also request an order

9  compelling Apple to produce within five days of the Court's order all internal engineering

10  documentation for each of the above software as well as internal documentation for the source

11  code already produced to Plaintiffs.  Internal documentation includes, but is not limited to,

12  documentation on data structures, theory of operations manuals, "man" pages, introductory

13  comments for newly hired programmers to read, and API reference manuals.

14  　　　　Plaintiffs can no longer guess which parts of the code will be relevant and can no longer

15  rely on Apple to selectively produce the relevant code.  Given Apple's pattern of over-promising

16  and under-delivering, Plaintiffs can no longer agree to a piecemeal approach whereby Plaintiffs'

17  expert inspects selective portions of the code, requests additional code and waits and hopes for

18  Apple to deliver it in time.

19  **III.    RELEVANT FACTS**

20  　　　　**A.    Plaintiffs' Allegations**

21  　　　　Plaintiffs' Revised Consolidated Amended Class Action Complaint ("Complaint") alleges

22  that Prior to launch of the iPhone, Defendant Apple entered into a secret five-year contract with

23  Defendant AT&T Mobility, LLC ("AT&TM") that established AT&TM as the exclusive provider

24  of cell phone voice and data services for iPhone customers through 2012. ¶¶ 2, 30, 79.[4]  Apple's

25  undisclosed five-year exclusivity arrangement with AT&TM effectively locks iPhone users into

26

27  [3]    The parties have already stipulated to a protocol for inspection of the source code.

28  [4]    All paragraph references ("¶"), unless otherwise indicated, are to the Complaint.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

1   using AT&TM for five years, contrary to those users' wishes and contractual expectations. To
2   enforce AT&TM's exclusivity, Apple, among other things, programmed and installed software
3   locks on each iPhone it sold that prevented the purchaser from switching to another carrier that
4   competes with AT&TM to provide cell phone voice and data services.  ¶¶ 3, 71.  Apple also
5   unlawfully discouraged iPhone customers from "jailbreaking" their phones and downloading
6   applications software (called "third party applications"), which compete with Apple-approved
7   applications, by telling customers that Apple will void and refuse to honor the iPhone warranty of
8   any customer who has downloaded competing applications.  ¶ 4.[5]

9        In response to consumers exercising their legal right to unlock their iPhones[6] or to install
10  software applications that competed with Apple's, on September 27, 2007, under the guise of
11  issuing an "upgraded" version of the iPhone operating software, Apple knowingly issued and
12  caused transmission of a purported update to the iPhone operating software, known as Version
13  1.1.1, which "bricked" (that is, rendered completely inoperable) or otherwise damaged some
14  iPhones that were unlocked or had downloaded competing software applications.  ¶¶ 5, 103.

15       On October 1, 2008, the Court denied Apple's motion to dismiss, *inter alia*, Plaintiffs'
16  Sherman Act, computer trespass, and computer fraud claims.  *In re Apple & AT&TM Antitrust*
17  *Litigation*, 596 F. Supp. 2d 1288, 1314 (N.D. Cal. 2008).

18       **B.    The Internal Make-Up Of The iPhone**

19       There are two chips inside the iPhone.  The first is a fast, low-power Central Processing
20  Unit ("CPU") (the "ARM" chip) running a version of Apple's Operating System ("OS") X.  The
21  second chip is generally referred to as the "baseband" and is made by Infineon (in the iPhone 2G,
22  the chip is called "S-GOLD2").  This second chip handles voice and data communications and

23  [5]    The iPhone 2G had to be activated via iTunes, a computer program through which iPhone
24  customers can also download software updates and iPhone applications approved by Apple.
    "Jailbreaking" is a term used to describe the process of getting into the phone and activating it
25  without iTunes so that third party applications can be downloaded.

26  [6]    Under an exemption to the Digital Millennium Copyright Act of 1998 ("DMCA"), 17
    U.S.C. § 1201 *et seq*. (2008), cell phone consumers have an absolute legal right to modify their
27  phones to use the network of their carrier of choice.  Defendants have unlawfully prevented
    iPhone customers from exercising that legal right by locking the iPhones and refusing to give
28  customers the software codes needed to unlock them.  ¶ 3.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW
                                                                        - 5 -

sound, among other tasks. "Jailbreaking" involves the ARM chip. Unlocking the phone to accept any SIM chip and the ability to use any GSM wireless network involves modifying the firmware contained on the baseband.

> [T]he iPhone is very similar to a conventional desktop PC, with computing power easily comparable to systems from the late 1990s. Its main CPU runs around 400Mhz, and it has a screen, an onscreen virtual keyboard, a touch screen that functions as a mouse, and 4GB or more of flash storage for its filesystem (file storage). It runs an operating system – which is actually MAC OS X. Unlike most personal computers, however, the iPhone has two "brains" – one is the ARM processor (ARM11 specifically), the CPU that runs the Mac OS X system software and the *GUI* (graphical user interface), and the other is a chip that handles communication with the cellular network, called the *baseband chip* (an Infineon GSM processor).
>
> Every mobile phone in the market has a baseband chip. On most phones (non-'smart phones') this baseband chip is the only processor for the phone. This chip contains a simple central processing unit, as well as a wireless modem, and is responsible for all GSM/EDGE/HSDPA cellular communication. Jailbreaking an iPhone hacks only the Mac OS X that runs on the ARM processor. The iPhone's baseband chip is a "second brain" that must be reprogrammed – often against its will – if you want to unlock the phone.
>
> \*   \*   \*
>
> Whereas PCs run software, the preferred term for embedded software –that is, software that runs on devices instead of computers – is *firmware*. When used in iPhone-speak, "firmware" is used loosely to describe each successive version (1.1.1, 1.1.2, 1.1.3, 1.1.4, 2.0, 2.1, 3.0, and so on) of new software for the iPhone. These files usually come in the form of an *IPSW* (iPhone software) file, such as *iPhone1,1_2.0_5A347_Custom_Restore.ipsw*. These files usually contain an update for Mac OS X as well as the *baseband firmware*, the software that runs the modem, which is independent of the version of system software on the phone. The baseband firmware is essential for the proper functioning of EDGE, HSDPA, Wi-Fi, Bluetooth, and phone calls. When you activate an iPhone for the first time in iTunes, or when you unlock the phone for use on any GSM service provider, you are modifying the baseband firmware.

DAVID JURICK, ADAM STOLARZ & DAMIEN STOLARZ, IPHONE HACKS 6-7 (2009) (emphasis in original). Since Plaintiffs allege that Version 1.1.1 caused iPhones to brick if the iPhones were either jailbroken to allow downloading of third party applications or unlocked to accept a non-AT&TM subscriber identity module ("SIM") card (or both), the code running on ***both*** the ARM chip and the baseband chip is relevant and discoverable. *See* Rickert Decl., Ex. C, ¶¶ 7-13.

Rather than requesting the Court to compel Apple to produce all of the code for the entire operating system, Plaintiffs have identified, based upon publicly available information and source

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 6 -

code already produced to Plaintiffs, the layers of the operating system that are likely to contain relevant code[7] and have excluded source code which deals exclusively with the following iPhone components: Calculator, Calendar, Camera, Clock, Compass, Contacts, Mail, Maps, Message, Notes, Photos, Safari, Stocks, Text Messaging, Voice Memos, Weather, YouTube, iPod, iTunes, and Bluetooth.

Moreover, Apple has already agreed to produce a program called Purple Restore, the engine that interacts with Version 1.1.1 to update the operating system. However, Apple's production was incomplete. *See* Rickert Decl., ¶ 27 and Exhibit F. *See also* Rickert Decl., Ex. C, ¶ 14; Ex. G at 9: 26-27; 12:12-18.

[REDACTED]

Finally:

> Just like a conventional computer has a BIOS (which is in control of the computer before Windows, Linux, or Mac OS X is loaded, and is built into the hardware of the machine), the iPhone has a *bootloader*, or bit of software that runs before the operating system and determines which software to use during bootup. In fact, the iPhone has two of them. The main CPU has a bootloader called iBoot, also known as the *recovery bootloader*. This software tries to load the system software. If it cannot, or if the phone is in recovery mode …, then it asks to be connected to iTunes. The *baseband bootloader* is the software that runs on the baseband and loads the baseband firmware.

JURICK, STOLARZ & STOLARZ, *supra* at 7 (emphasis in original). The bootroms for both the baseband and ARM chips are therefore also implicated in the process of updating the iPhone with new software. *See* Rickert Decl., Ex. G at 7:16-20. Apple produced the boot code for Version 1.1.1, but no documentation pertaining to it. *Id.* at 12:1-3. Plaintiffs request an order compelling Apple to produce the boot code for Version 1.0.2 as well.[8]

---

[7] [REDACTED]

[8] Version 1.0.2 was the version just prior to 1.1.1. Based upon Plaintiffs' expert's research to date, Plaintiffs believe that something changed significantly between those two programs and analysis of the bootroms associated with both versions will provide insight as to what caused the bricking. Rickert Decl., Ex. C at 5.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

## C.     The Discovery Dispute

On January 12, 2009, Plaintiffs propounded their first set of document requests to Apple. Request number 24 requested production of:

> All documents concerning the genesis, design, development, purpose, marketing and release of Version 1.1.1 of the iPhone operating software, including documents concerning any potential or anticipated deleterious impact Version 1.1.1 could or would have on the iPhones or software loaded onto the iPhones of any customers that (a) had unlocked their SIM cards or (b) downloaded software applications or otherwise installed iPhone devices that Apple had not approved.

Rickert Decl., Ex. A at 11:27 – 12:4. "Documents" was defined to "include any 'Electronic Data' or 'Data' or 'Database,' including the original (or identical duplicate when the original is not available) and any non-identical copies, of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means." *Id.* at 5:2-5. "'Electronic Data' includes computer programs … programming notes or instructions, [and] operating systems … of all types." *Id.* at 5:5-10. Apple's Response to Request No. 24 on February 16, 2009 was: "Subject to and incorporating in full its General Objections herein, and without waiver of said objections, Apple will produce non-privileged responsive documents, if any, located upon a reasonable search and inquiry, with the exception of the software code itself." Rickert Decl., Ex. B at 13:9-11.

The parties met and conferred in good faith on multiple occasions, both telephonically and via email, to discuss this discovery dispute (among others), including June 25, 2009,[9] July 7, 2009, July 16, 2009, August 6, 2009, August 11, 2009, August 20, 2009, September 23, 2009, October 9, 2009, October 12, 2009, October 19, 2009 and October 26, 2009. Rickert Decl., ¶ 4. By August 20, 2009, Apple had agreed to make the entire source code of Version 1.1.1 available for inspection. *Id.*, ¶ 6.

As the parties continued to meet and confer into September to iron out the exact protocol for the inspection, Apple's position continued to be that it would produce the entire source code

---

[9]     Due in part to protracted negotiations over the confidentiality order and electronic discovery protocol, the parties did not begin their meet-and-confer sessions over Plaintiffs' First Set of Document Requests to Apple until June 25, 2009.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 8 -

1   for Version 1.1.1.  Rickert Decl., ¶ 8.  However, in a telephonic meet-and-confer on September

2   23rd, Apple began to change its position on how much of the code it would produce, and by

3   October it had changed its position entirely and decided it was only going to produce the baseband

4   firmware portion of Version 1.1.1 and would not produce the portion of the source code that

5   updated the operating system.  *Id.*, ¶ 9.

6       At a meet-and-confer on Monday, October 26, 2009, Apple's counsel represented for the

7   first time that Apple needed Infineon's permission to produce the baseband firmware portion of

8   Version 1.1.1 and that Apple expected to have this permission within a day or two.  Apple

9   represented that should it obtain Infineon's "sign-off" that week, Plaintiffs' expert could begin

10  inspecting the code the following week.  Rickert Decl., ¶ 10.  On Friday, October 30, 2009,

11  Plaintiffs' counsel sent Apple's counsel a confirming letter agreeing to begin looking at the

12  baseband code, while reserving their right to insist upon production of the entire source code for

13  Version 1.1.1 (including programmer comments), and proposed a start date of either November

14  4th or November 5th.  *Id.*, ¶ 11.  As of November 18, 2009, Apple had still not obtained Infineon's

15  permission to produce the baseband code and, therefore, inspection of even this limited portion of

16  the code had yet to begin.  *Id.*, ¶ 14.  Unable to wait any longer, on that date Plaintiffs filed a

17  Motion to Compel production of the code [Docket No. 212].

18      In response, Apple offered Plaintiffs a deal: Apple would produce agreed-upon portions of

19  the code if Plaintiffs agreed to withdraw their motion to compel, subject to Plaintiffs' right to

20  request additional code.  On December 11, 2009, the parties executed a stipulation memorializing

21  this agreement.  Rickert Decl., Ex. D.  The Motion to Compel was withdrawn by Stipulation and

22  Order [Docket No. 228] on December 14, 2009.

23      As agreed, Plaintiffs began inspection of the code on January 6, 2010.[10]  Plaintiffs' expert,

24  Dr. John Strawn, discovered numerous references in the code to ███████████████

25  ████████████████████████, which Apple had not provided.  Dr. Strawn has

26

27  ───────────────
    [10]     On Sunday evening, December 6, 2009, Apple offered to produce the source code for
28  BBUpdater, subject to certain protective protocol.  Rickert Decl., ¶ 18.  Dr. Strawn examined the
    BBUpdater code on December 10, 2009.  *Id.*, ¶ 20.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 9 -

1   determined that that ██████████████ contains references to several items that are clearly

2   connected to the bricking phenomena, with names like ████████████████████████████████

3   ████████████████████████    Rickert Decl., Ex. G, at 15:5-24.   On January 8, 2010,

4   Plaintiffs requested by telephone that Apple produce a ████████████ routine.   Rickert Decl.,

5   ¶ 25.   Plaintiffs followed up again on January 11 with a written request that the entire ████

6   ████ library be produced.   *Id.*, ¶ 26, Ex. E.   On January 12, Plaintiffs made a further request

7   for specific ████████████ code and missing Purple Restore source code as well as internal

8   documentation related to ████████████████████████, Purple Restore and

9   ARM boot code.   *Id.*, ¶ 27, Ex. F.   Over the next several days, counsel for Apple represented to

10  Plaintiffs' counsel that the additional requested code was being "pulled" and would be produced

11  (*Id.*, ¶¶ 28-29), was being uploaded (*Id.*, ¶ 30), and was being delivered for production (*Id.*, ¶ 31).

12  Plaintiffs' motion for class certification was due on January 22nd and, therefore, the last day Dr.

13  Strawn could review source code and still complete his report on time was January 20th.   *Id.*, ¶ 32.

14  As of January 20th at approximately 5:00 p.m., the additional code had yet to be loaded.   *Id.*   Only

15  later did Plaintiffs learn that the additional code was loaded onto the computer on January 21st –

16  ***the day before Plaintiffs' motion for class certification was due***.   *Id.*   And even as of the date of

17  the filing of this motion, Apple has yet to produce any of the requested in-house documentation.

18  *Id.*, ¶ 34.

19        This gamesmanship echoes how Apple withheld producing more than 100,000 pages of

20  documents until the last day of the class certification discovery period – thus necessitating the first

21  delay in the class certification briefing schedule.   *See* Emergency Motion To Enlarge Schedule

22  [Docket No. 207].   The class certification briefing schedule had to be delayed yet again when

23  Apple suddenly changed its position and decided not to produce the source code for Version 1.1.1,

24  forcing Plaintiffs to file a motion to compel.   Rickert Decl., ¶¶ 8-16; Docket No. 231.   Apple's

25  dilatory conduct throughout the discovery process has needlessly wasted valuable time and

26  resources of the parties and the Court, and undermines the orderly determination of the litigation

27  on its merits.

28

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO
PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND
AUTHORITIES - MASTER FILE NO. C 07-05152 JW

## IV.    LEGAL ANALYSIS

"The Federal Rules of Civil Procedure allow broad discovery: requested discovery is relevant if it 'appears reasonably calculated to lead to the discovery of admissible evidence' relating to the claims or defenses of any party." *Forterra Sys., Inc. v. Avatar Factory*, No. C-05-04472 PVT, 2006 WL 2458804, at *1 (N.D. Cal. August 22, 2006), quoting Fed. R. Civ. P. 26(b)(1).   Furthermore, "[a] trade secret must and should be disclosed where upon a proper showing it is made to appear that such disclosure is relevant and necessary to the proper presentation of a plaintiff's or defendant's case." *Hartley Pen Co. v. United States District Court*, 287 F.2d 324, 328 (9th Cir. 1961).[11]   Because the source code for Version 1.1.1 is relevant under Rule 26 and necessary for proper presentation of Plaintiffs' claims and their motion for class certification, Apple must produce it for Plaintiffs' inspection. *See Forterra Sys.*, 2006 WL 2458804, at *1-*2 (court ordered defendant to produce its source code in its entirety to plaintiff's expert).

Plaintiffs allege that:

(1)    Apple was aware of the potential ramifications of Version 1.1.1 prior to its release and none of the damaging aspects of Version 1.1.1 were necessary to effectuate Apple's stated intent in releasing that software upgrade (¶¶ 98-103);

(2)    Apple specifically intended to disable iPhones that contained unapproved program unlocks (¶ 99); and

(3)    Plaintiffs' iPhones were damaged or disabled as a result of downloading Version 1.1.1 (¶¶ 47, 49, 56).

Therefore, whether Apple designed and released Version 1.1.1 with the knowledge or intent that it would visit damage on Plaintiffs' iPhones is an issue central to Plaintiffs' Sherman Act and computer fraud and trespass claims. *In re Apple & AT&TM Antitrust Litigation*, 596 F. Supp. 2d

---

[11]    In *Hartley*, E.I. du Pont de Nemours & Co. failed to establish that "the trade secrets sought were relevant and necessary to its proper defense of the main action," and a protective order had not been entered in the case. *Id.* at 331.   Here, a protective order has already been entered, Plaintiffs have agreed to further inspection protocol, and Plaintiffs have demonstrated that the source code sought is relevant and necessary to its class certification motion.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 11 -

at 1306-1309. Moreover, Plaintiffs' expert needs to have access to all of the requested source code in order for Plaintiffs to demonstrate to the Court that certification of the proposed class is appropriate because common issues of fact and law predominate with regard to Plaintiffs' Sherman Act, computer fraud and computer trespass claims. The following factual issues are of critical importance to the pending motion for class certification: (1) whether Version 1.1.1 was identical on all iPhones (including iPhones that were upgraded from an earlier operating system as well as those shipped with Version 1.1.1 installed), (2) whether Version 1.1.1 worked the same on all iPhones, (3) whether Version 1.1.1 caused any jailbroken or unlocked iPhone to brick when its owner attempted to download Version 1.1.1, (4) whether Version 1.1.1 caused jailbroken or unlocked iPhones to "brick" by a common means or by means that affected only some of the iPhones, and (5) which categories of iPhones were bricked by Version 1.1.1. Unless Plaintiffs are given access to the requested Version 1.1.1 source code, their ability to prove the size and scope of the Class affected by Version 1.1.1 will be severely compromised and unfairly prejudiced.

Plaintiffs have attempted to work with Apple in good faith, have reviewed portions of the code that were produced, and requested production of incomplete portions or additional code as it became clear that such code was necessary. However, this approach left Plaintiffs with incomplete code the day before their class certification papers were due. Plaintiffs request an order compelling Apple to produce all of the requested code and internal documentation within five calendar days after entry of the order so that there will be no question as to whether Plaintiffs' expert will have access to the relevant and necessary code in time to include any newly-discovered information in Plaintiffs' reply brief in support of their class certification motion.

Finally, to facilitate Plaintiffs' review and analysis of the code, Plaintiffs also request an order compelling Apple to produce all internal engineering documentation for each of the requested software as well as internal documentation for the source code already produced to Plaintiffs. Internal documentation includes, but is not limited to, documentation on data structures, theory of operations manuals, "man" pages, introductory comments for newly hired programmers to read, and API reference manuals.

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 12 -

1

## V.   CONCLUSION

2

3

For all of the reasons stated above, Plaintiffs' renewed motion to compel should be granted.

4

5

6

7

DATED:  February 16, 2010

Respectfully Submitted,
WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
FRANCIS M. GREGOREK
RACHELE R. RICKERT

8

9

_____/s/ Rachele R. Rickert_____
RACHELE R. RICKERT

10

11

12

750 B. Street, Suite 2770
San Diego, California 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
gregorek@whafh.com
rickert@whafh.com

13

14

15

16

17

18

19

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice*)
ALEXANDER H. SCHMIDT (*pro hac vice*)
ZACHARY W. BIESANZ (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677
rifkin@whafh.com
schmidt@whafh.com
biesanz@whafh.com

20

Plaintiffs' Interim Lead Counsel

21

22

23

24

25

RANDALL S. NEWMAN, P.C.
RANDALL S. NEWMAN
The Trump Building
40 Wall Street, 61st Floor
New York, New York 10005
Telephone:  212/797-3737
Facsimile:  212/797-3172
rsn@randallnewman.net

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

1

2

SHABEL & DENITTIS, P.C.
STEPHEN P. DENITTIS (*pro hac vice*)
NORMAN SHABEL (*pro hac vice*)
5 Greentree Centre, Suite 302
Marlton, New Jersey 08053
Telephone:  856/797-9951
Facsimile:   856/797-9978
sdenittis@shabeldenittis.com

Additional Counsel for Plaintiffs

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE:17437V2.BRF

PLAINTIFFS' NOTICE OF MOTION AND RENEWED MOTION FOR AN ORDER COMPELLING APPLE TO PRODUCE DOCUMENTS, INCLUDING IPHONE SOURCE CODE; MEMORANDUM OF POINTS AND AUTHORITIES - MASTER FILE NO. C 07-05152 JW

- 14 -