UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE APPLE AND AT&TM
ANTITRUST LITIGATION

Case No.: C 07-05152 JW(PVT)

**ORDER DENYING PLAINTIFFS PAUL HOLMAN AND LUCY RIVELLO'S MOTION TO COMPEL INTERIM LEAD COUNSEL TO PRODUCE DOCUMENTS TO OTHER CLASS COUNSEL**

**[Docket No. 252]**

Individual plaintiffs Paul Holman and Lucy Rivello move to compel interim lead counsel to produce documents to other class counsel. (collectively "plaintiffs"). Interim lead counsel and defendants AT&T Mobility LLC and Apple, Inc. oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on March 2, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion to compel is denied.[1]

On April 15, 2008, the district court appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as interim lead counsel pursuant to Rule 23(g)(3). ("Wolf Haldenstein"). *See* Order Appointing Interim Lead Counsel; Administratively Closing Cases dated April 15, 2008.

---

[1] The holding of this Court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

("April 15, 2008 Order"). Using the factors set forth in Rule 23(g)(1)(A), the district court found that "[t]he firm has substantial experience with antitrust law, including antitrust class actions," that Mr. Schmidt and Mr. Rifkin have extensive experience in litigating complex commercial matters including antitrust class actions, and that "[t]he firm has also already engaged an antitrust economist and invested significant time researching and investigating the potential claims involved in this case." April 15, 2008 Order at 4. Two other law firms, including the Law Offices of Damian R. Fernandez ("Fernandez law firm") and Folkenflik & McGerity ("Folkenflik law firm"), vied for the appointment of interim lead counsel for the putative class in the above-captioned action. The Folkenflik firm represents individual plaintiffs Paul Holman and Lucy Rivello.

Following its appointment as interim lead counsel, Wolf Haldenstein negotiated and entered into a Stipulated Protective Order with defendants AT&T Mobility LLC and Apple, Inc. on or about May 22, 2009. ("May 22, 2009 Stipulated Protective Order"). *See* Docket No. 194.

On January 22, 2010, interim lead counsel filed a motion for class certification which included a declaration from Wolf Haldenstein counsel Rachele Rickert, an expert report authored by John M. Strawn and a declaration from expert Simon J. Wilkie. (collectively "class certification motion"). *See,.e.g,* Docket No. 240. The class certification motion includes, *inter alia,* "discussion and analysis of some of Apple's most important and sensitive technical intellectual property; its computer source code for the iPhone operating system." Wolf Haldenstein Opp. at 2. Such discussion and analysis has been designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" by defendants pursuant to the May 22, 2009 Stipulated Protective Order. Pursuant to Civ. L.R. 79-5, interim lead counsel moved to seal the above-specified portions of the class certification motion and the district court later granted the motion. *See* Docket Nos. 236, 255 and 256.

The Folkenflik law firm moves to compel interim lead counsel to produce an unredacted version of the class certification motion for disclosure to its clients (individual plaintiffs Paul Holman and Lucy Rivello) and to its own expert witness, Joe Caruso.

Interim lead counsel states that it would produce an unredacted version of the class certification motion to the Folkenflik firm so long as it agrees to be bound by terms of the May 22,

2009 Stipulated Protective Order. Specifically, interim lead counsel notes that the May 22, 2009 Stipulated Protective Order does not provide for the disclosure of any confidential or highly confidential information to Folkenflik firm clients, including Paul Holman and Lucy Rivello, or to even interim lead counsel's own client, Herbert H. Kliegerman. Interim lead counsel also notes that it "declined to retain Joe Caruso as an expert for the Class because they have been unpersuaded that he has any specialized knowledge or expertise that would benefit the Class in the litigation." Wolf Haldenstein Opp. at 6. For example, interim lead counsel's own expert, John Strawn, PhD, posed six questions to Mr. Caruso to gauge his expertise. Wolf Haldenstein Opp. at 3. Of the six questions posed to him, Mr. Caruso answered only one. *Id.* Moreover, Mr. Caruso has failed to provide to interim lead counsel or its expert any verification of his background and expertise. Wolf Haldenstein Opp. at 4.

Defendants AT&T Mobility LLC and Apple, Inc. similarly oppose any disclosure of an unredacted version of the class certification motion to the individual plaintiffs or the expert, Mr. Caruso, which may violate the May 22, 2009 Stipulated Protective Order. Defendant AT&T Mobility LLC states that "the information contained in the class certification papers is extremely sensitive, detailing the contract terms of the agreement between ATTM and Apple regarding the iPhone." AT&T Mobility Opp. at 2. Defendant AT&T Mobility further notes that even "[i]nterim lead class counsel opposes this because Mr. Caruso 'does not work for the class and he has not demonstrated that he is able to work reliably for the class.'" AT&T Mobility Opp. at 3. Finally, defendant AT&T Mobility notes that interim lead counsel has determined that Mr. Caruso is not "reasonably necessary." *Id.*

Defendant Apple states that "Apple's source code and related material is non-public and highly sensitive information relating to Apple's operating system infrastructure, environment and processes, and Apple takes great care to preserve its confidentiality, not just outside Apple, but within the company itself." Apple Opp. at 1. Defendant Apple further points out that individual plaintiff Paul Holman is a self-professed "computer hacker." Apple Opp. at 2. As such, "[k]eeping its source code out of the hands of hackers like plaintiff Holman, and thus preventing 'disclosure[s] which . . . may compromise and/or jeopardize the Producing Party's business interests,' is precisely

why the 'Highly Confidential-Attorneys' Eyes Only' designation exists." Apple Opp. at 3.

"[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.11.

Pursuant to the May 22, 2009 Stipulated Protective Order, documents and information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" may be disclosed to, *inter alia,* specified counsel, court personnel, experts and "potential witnesses in the action for whom Counsel has a good-faith basis to believe that disclosure is reasonably necessary . . . ." May 22, 2009 Stipulated Protective Order at 6. Paragraph 3.1 specifies that discovery materials designated as confidential or highly confidential may be disclosed, *inter alia,* to "any expert to whom disclosure is reasonably necessary for this litigation who has signed the 'Agreement to Be Bound by Protective Order.'" May 22, 2009 Stipulated Protective Order at 6.

Here, Wolf Haldenstein has been appointed interim lead counsel. The law firm and its members alone executed the May 22, 2009 Stipulated Protective Order. As such, it is appropriate for interim lead counsel to determine the "reasonably necessary" experts and any "potential witnesses in the action for whom Counsel has a good faith basis to believe that disclosure is reasonably necessary . . . . ."

Assuming that the Folkenflik firm executes the agreement to be bound to the terms of the May 22, 2009 Stipulated Protective Order, no authority therein provides for the disclosure of documents or information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" to its clients at this juncture. Moreover, interim lead counsel has not determined that Mr. Caruso is "reasonably necessary for this litigation." Therefore, disclosure of an unredacted version of the class certification motion to the individual plaintiffs and to Mr. Caruso is prohibited. Accordingly, for the Folkenflik firm to receive an unredacted version of the class certification motion, its counsel shall execute the agreement to be bound to the May 22, 2009 Stipulated

1 | Protective Order and must abide by the terms contained therein.
2 |     IT IS SO ORDERED.
3 | Dated:

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge