1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE APPLE AND AT&TM ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |

Case No.: C 07-05152 JW(PVT)

**ORDER DENYING PLAINTIFFS PAUL HOLMAN AND LUCY RIVELLO'S MOTION TO COMPEL INTERIM LEAD COUNSEL TO PRODUCE DOCUMENTS TO OTHER CLASS COUNSEL**

**[Docket No. 252]**

Individual plaintiffs Paul Holman and Lucy Rivello move to compel interim lead counsel to produce documents to other class counsel. (collectively "plaintiffs"). Interim lead counsel and defendants AT&T Mobility LLC and Apple, Inc. oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on March 2, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion to compel is denied.[1]

On April 15, 2008, the district court appointed the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as interim lead counsel pursuant to Rule 23(g)(3). ("Wolf Haldenstein"). *See* Order Appointing Interim Lead Counsel; Administratively Closing Cases dated April 15, 2008.

---

[1]     The holding of this Court is limited to the facts and the particular circumstances underlying the present motion.

2009 Stipulated Protective Order.  Specifically, interim lead counsel notes that the May 22, 2009 Stipulated Protective Order does not provide for the disclosure of any confidential or highly confidential information to Folkenflik firm clients, including Paul Holman and Lucy Rivello, or to even interim lead counsel's own client, Herbert H. Kliegerman.  Interim lead counsel also notes that it "declined to retain Joe Caruso as an expert for the Class because they have been unpersuaded that he has any specialized knowledge or expertise that would benefit the Class in the litigation."  Wolf Haldenstein Opp. at 6.  For example, interim lead counsel's own expert, John Strawn, PhD, posed six questions to Mr. Caruso to gauge his expertise.  Wolf Haldenstein Opp. at 3.  Of the six questions posed to him, Mr. Caruso answered only one.  *Id.*  Moreover, Mr. Caruso has failed to provide to interim lead counsel or its expert any verification of his background and expertise.  Wolf Haldenstein Opp. at 4.

Defendants AT&T Mobility LLC and Apple, Inc. similarly oppose any disclosure of an unredacted version of the class certification motion to the individual plaintiffs or the expert, Mr. Caruso, which may violate the May 22, 2009 Stipulated Protective Order.  Defendant AT&T Mobility LLC states that "the information contained in the class certification papers is extremely sensitive, detailing the contract terms of the agreement between ATTM and Apple regarding the iPhone."  AT&T Mobility Opp. at 2.  Defendant AT&T Mobility further notes that even "[i]nterim lead class counsel opposes this because Mr. Caruso 'does not work for the class and he has not demonstrated that he is able to work reliably for the class.'"  AT&T Mobility Opp. at 3.  Finally, defendant AT&T Mobility notes that interim lead counsel has determined that Mr. Caruso is not "reasonably necessary."  *Id.*

Defendant Apple states that "Apple's source code and related material is non-public and highly sensitive information relating to Apple's operating system infrastructure, environment and processes, and Apple takes great care to preserve its confidentiality, not just outside Apple, but within the company itself."  Apple Opp. at 1.  Defendant Apple further points out that individual plaintiff Paul Holman is a self-professed "computer hacker."  Apple Opp. at 2.  As such, "[k]eeping its source code out of the hands of hackers like plaintiff Holman, and thus preventing 'disclosure[s] which . . . may compromise and/or jeopardize the Producing Party's business interests,' is precisely

1    why the 'Highly Confidential-Attorneys' Eyes Only' designation exists."  Apple Opp. at 3.

2          "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the

3    class during precertification activities, such as making and responding to motions, conducting any

4    necessary discovery, moving for class certification, and negotiating settlement.  MANUAL FOR

5    COMPLEX LITIGATION (FOURTH) §21.11.

6          Pursuant to the May 22, 2009 Stipulated Protective Order, documents and information

7    designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" may be disclosed to,

8    *inter alia,* specified counsel, court personnel, experts and "potential witnesses in the action for

9    whom Counsel has a good-faith basis to believe that disclosure is reasonably necessary . . . ."  May

10   22, 2009 Stipulated Protective Order at 6.  Paragraph 3.1 specifies that discovery materials

11   designated as confidential or highly confidential may be disclosed, *inter alia,* to "any expert to

12   whom disclosure is reasonably necessary for this litigation who has signed the 'Agreement to Be

13   Bound by Protective Order.'" May 22, 2009 Stipulated Protective Order at 6.

14         Here, Wolf  Haldenstein has been appointed interim lead counsel.  The law firm and its

15   members alone executed the May 22, 2009 Stipulated Protective Order.  As such, it is appropriate

16   for interim lead counsel to determine the "reasonably necessary" experts and any "potential

17   witnesses in the action for whom Counsel has a good faith basis to believe that disclosure is

18   reasonably necessary . . . . ."

19         Assuming that the Folkenflik firm executes the agreement to be bound to the terms of the

20   May 22, 2009 Stipulated Protective Order, no authority therein provides for the disclosure of

21   documents or information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes

22   Only" to its clients at this juncture.  Moreover, interim lead counsel has not determined that Mr.

23   Caruso is "reasonably necessary for this litigation."  Therefore, disclosure of an unredacted version

24   of the class certification motion to the individual plaintiffs and to Mr. Caruso is prohibited.

25   Accordingly, for the Folkenflik firm to receive an unredacted version of the class certification

26   motion, its counsel shall execute the agreement to be bound to the May 22, 2009 Stipulated

27

28