UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE APPLE AND AT&TM
ANTITRUST LITIGATION

Case No.: C-07-05152 JW (PVT)

**ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL**

[Docket No. 276]

Plaintiffs Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti and Scott Sesso renew their motion to compel documents, including additional source code for Version 1.1.1 of the iPhone operating system and other internal documents. (collectively "plaintiffs"). Defendant Apple, Inc. opposes the motion. ("Apple" or "defendant"). On March 23, 2010, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion is denied.[1]

After plaintiffs previously moved to compel (and prior to the scheduled hearing on the motion), the parties agreed, *inter alia,* that defendant Apple would produce tailored portions of

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

its source code for plaintiffs' expert to determine "how the code functions in terms of bricking phones and which phones are bricked by the code" and that plaintiffs would withdraw their motion. Mot. at 2.

Following a review of the tailored portions of the source code produced by defendant Apple, plaintiffs' expert requested that additional portions of the source code be produced as well. *See, e.g.,* Declaration of Rachele R. Rickert in Support of Plaintiffs' Renewed Motion for an Order Compelling Apple to Produce Documents, including iPhone Source Code, Exh. F. ("Rickert Decl."). Defendant Apple produced the additional portions of source code sought by plaintiffs' expert on January 21, 2010, the day before plaintiffs' opening brief on the motion for class certification was due. ("January 21, 2010 production").

Because of defendant Apple's alleged discovery abuses and dilatory conduct, plaintiffs now seek production of more additional source code (except for source code that deals exclusively with iPhone components including the calculator, clock, calendar, camera, compass, contacts, mail, maps, message, notes, photos, Safari, stocks, text messaging, voice memos, weather, YouTube, iPod, iTunes and Bluetooth). Plaintiffs seek an order to compel the production of additional source code within 5 days of the date of the hearing.

Defendant Apple states that the additional discovery sought is nearly the entirety of the source code. Defendant Apple also states that all additional portions of the source code sought by plaintiffs' expert were provided (per the parties' agreed-upon protocol) for his review on January 21, 2010. Additional portions of the source code produced for review, included, but was not limited to, the Core Telephony library and certain related routines. Rather than undertaking a thorough review of the source code provided, defendant Apple notes that plaintiffs' expert has made little to no effort to review the additional source code previously provided to him. Specifically, plaintiffs' expert reviewed the source code for a "mere eleven days" from December 11, 2009 to January 11, 2010. Opp. at 10. And he has made no effort whatsoever to review the additional portions of source code (which he requested) from the January 21, 2010 production.

Defendant Apple further states that plaintiffs have not shown that still more additional

source code is relevant and necessary for the class certification motion. Indeed, defendant Apple states that discovery has shown that "none of the named plaintiffs was injured by version 1.1.1 as they had claimed in the [Revised Consolidated Amended Class Action Complaint]." Opp. at 6. And "plaintiffs' false allegations concerning version 1.1.1 [may] mean the plaintiffs do not have standing." *Id.*

With respect to the ARM chip, defendant Apple points out that plaintiffs only speculate that Version 1.1.1 caused iPhones that had downloaded unauthorized third party applications to "brick." Defendant Apple argues that mere claims of "jailbreaking" alone do not warrant production of the source code. With respect to the baseband chip, defendant Apple states that plaintiffs merely speculate that "layers of the operating system [] *likely* [] contain relevant code." Mot. at 7. Defendant Apple argues that it should not be compelled to produce source code where plaintiffs "proclaim that it is potentially somehow implicated in plaintiffs' claims." Opp. at 16.

Here, "[i]t is undisputed that Apple's iPhone OS 1.1.1 source code is a highly confidential, proprietary, and trade secret business asset, of enormous commercial value." Opp. at 11, fn. 8. *See,* Declaration of Sadik Huseny in Support of Apple, Inc's Opposition to Plaintiffs' Renewed Motion for an Order Compelling Apple to Produce Documents, including iPhone Source Code, ¶ 36, Exh. S (Declaration of John Wright, Director, Platform Technologies at defendant Apple). ("Huseny Decl."). Because the iPhone source code is a trade secret, plaintiffs have the burden to establish that it is both relevant and necessary. *Hartley Pen Co. v. United States District Court,* 287 F. 2d 324, 328 (9th Cir. 1961)("A trade secret must and should be disclosed where upon a proper showing it is made to appear that such disclosure is relevant and necessary to the proper presentation of a plaintiff's or defendant's case."). *See also, Synopsys v. Nassda Corp.,* 2002 U.S. Dist. LEXIS 27668, at *3. And since the court bifurcated class certification and merits discovery, plaintiffs must also establish the relevance of the additional source code sought to class certification. *See* Docket No. 164.

Plaintiffs state that the additional source code sought will enable them "to demonstrate to the court that certification of the proposed class is appropriate because common issues of fact and law predominate with regard to plaintiffs' Sherman Act, computer fraud and computer

trespass claims." Mot. at 12. Plaintiffs note that the following factual issues are of critical importance to the pending motion for class certification: (1) whether Version 1.1.1 was identical on all iPhones (including iPhones that were upgraded from an earlier operating system as well as those shipped with Version 1.1.1 installed); (2) whether Version 1.1.1 worked the same on all iPhones; (3) whether Version 1.1.1 caused any jailbroken or unlocked iPhone to brick when its owner attempted to download Version 1.1.1; (4) whether Version 1.1.1 caused jailbroken or unlocked iPhones to "brick" by common means or by means that affected only some of the iPhones; and (5) which categories of iPhones were bricked by Version 1.1.1.

Based on the above, plaintiffs have not met their burden and have not established that the additional source code sought is relevant and necessary. Plaintiffs only speculate that the additional source code may be relevant. *See, e.g., Viacom International Inc. v. YouTube, Inc.*, 253 F.R.D. 256, 260 (S.D.N.Y. 2008)(sufficient showing required for disclosure of source code). At this juncture, some (if not all) of plaintiffs' assertions appear to based on mere "belief." *See, e.g.,* Mot. at 1. ("believed to be the software that interfaces between iTunes and the iPhone").

Finally, plaintiffs' expert has made no effort whatsoever to review the additional source code, which was produced on January 21, 2010. Indeed, plaintiffs renewed their motion to compel additional source code before the entirety of the January 21, 2010 production was reviewed. Accordingly, plaintiffs' renewed motion to compel is denied.[2] Notwithstanding the above, plaintiffs may renew their motion to compel during merits discovery phase, if warranted.

IT IS FURTHER ORDERED that plaintiffs' motion to compel internal documentation, including but not limited to, documentation on data structures, theory of operations manuals, "man" pages, introductory comments for newly hired programmers to read and Application Program Interface ("API") reference manuals is denied. *See,* Mot. at 1-2, 10 (other specified source code names under seal). As discussed above, plaintiffs have not shown relevance and

---

[2] In light of the above ruling, the court does not reach the issue of whether plaintiffs' motion is timely. In the source code stipulation dated December 11, 2009, the parties agreed, *inter alia,* that "[a]ny motions pertaining to outstanding discovery disputed related to iPhone source code or Plaintiffs' production of documents shall be due on Monday, December 28, 2009." ("Source Code Stipulation"). The instant motion was filed on or about February 16, 2010. Plaintiffs do not indicate whether they made any effort to extend the above-specified deadline.

1  necessity.

2      IT IS SO ORDERED.

3  Dated:    March 26, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge