IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 07-05152 JW

| | |
|---|---|
| In Re Apple and AT&TM Antitrust Litigation | **ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |

/

On March 1, 2010, Magistrate Judge Trumbull issued an Order Denying Plaintiffs Paul Holman and Lucy Rivello's Motion to Compel Interim Lead Counsel to Produce Documents to Other Class Counsel.[1] The Order denied a Motion by Plaintiffs' firm, Folkenflik & McGerity ("Counsel"), to compel production of an unredacted version of the class certification motion for disclosure to its clients and to its own expert witness. (Order at 4.)

Presently before the Court is Counsel's Objections to Magistrate Judge's March 1, 2010 Pretrial Order.[2] Counsel contends that the Order failed to consider certain facts, misapprehended other facts, and disregarded certain arguments submitted on the Motion to Compel. (Motion at 2.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a magistrate

---

[1] (hereafter, "Order," Docket Item No. 316.)

[2] (hereafter, "Objections," Docket Item No. 340.)

judge's order without first giving the opposing party an opportunity to brief the matter. See Civ. L.R. 72-2.

In her Order, Judge Trumbull considered the class certification motion as it related to a Stipulated Protective Order entered into between lead counsel for Plaintiffs and Defendants AT&T Mobility LLC and Apple, Inc. (Order at 2.) The Order determined that "Highly Confidential" information relating to "discussion of Apple's most important and sensitive technical intellectual property," could not be disclosed unless Counsel agreed to be bound by the terms of the Protective Order. (Id. at 2-3.) The Order also determined that it was appropriate for interim lead counsel for Plaintiffs to determine which experts were "reasonably necessary" for purposes of disclosure of sensitive information pursuant to the Protective Order. (Id. at 4.) In making this determination, Judge Trumbull found merit in lead counsel's contention that Counsel's expert was not reasonably necessary for the litigation and thus, pursuant to the Protective Order, was not permitted to receive disclosures of "Confidential" or "Highly Confidential" material. (Id. at 4.)

Counsel moved to compel production on the ground that it was necessary to view the unredacted class certification motion in order to fulfill a duty to follow the proceedings on behalf of his clients. (Motion at 2.) Counsel was seeking permission to use protected materials "to the extent that such use is allowed by the Protective Order." (Id. at 4.) Counsel contends that Judge Trumbull failed to consider that the expert was necessary to provide "valuable insights" about the class certification motion and "uncovering weaknesses or oversights by interim lead counsel." (Id. at 5.) Further, Counsel contends that the Protective Order permits disclosure of Confidential and Highly Confidential information to an expert who has been "retained by a Party or its counsel to serve as an expert." (Id. at 5-6.) Finally, Counsel contends that the Order mischaracterized the terms of the Protective Order by prohibiting counsel from disclosing "Confidential" information to clients. (Id. at 4.)

The Court finds that Judge Trumbull's Order is not clearly erroneous or contrary to law. Counsel's characterization of the Protective Order as allowing disclosures to any expert "retained by a Party or its counsel" is incomplete. Counsel does not advance any arguments which show that the

2

expert was "necessary for this litigation." Instead, Counsel argues that the expert could assist with opposing interim counsel's motion to be appointed lead counsel. (Motion at 5.) The Court does not find such assistance to be "necessary" for litigation. Further, Counsel's contention that the Order mischaracterized the terms of the Protective Order as it related to clients is inconsequential because the information sought in the Motion to Compel was "Highly Confidential" information that could not be disclosed to clients in any event.

The Court finds that Counsel can fulfill its duty to follow the litigation by entering into the Protective Order as interpreted by Judge Trumbull. While interim lead counsel may have expressed interest in working with Counsel's retained expert,[3] they did not consider him necessary to the litigation and thus, disclosure of any Confidential Information to him is not warranted.

Accordingly, the Court OVERRULES Counsel's Objection to the Magistrate Judge's Order.

Dated: April 1, 2010

JAMES WARE
United States District Judge

---

[3] (See Motion at 6-7.)

3

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrian Frank Davis adrian.davis@lw.com
Alexander H. Schmidt schmidt@whafh.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parasharami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jason C. Murray jmurray@crowell.com
Jeffrey H. Howard jhoward@crowell.com
Lola Abbas Kingo lola.kingo@lw.com
M. Van Smith mvsmith@sbcglobal.net
Marisa C. Livesay livesay@whafh.com
Mark Carl Rifkin rifkin@whafh.com
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Rachele R. Rickert rickert@whafh.com
Randall Scott Newman rsn@randallnewman.net
Sadik Harry Huseny sadik.huseny@lw.com
Satyanand Satyanarayana satyanand.satyanarayana@lw.com
Shari Ross Lahlou slahlou@crowell.com
Stephen DeNittis sdenittis@shabeldenittis.com
Wm. Randolph Smith wrsmith@crowell.com
Zachary W. Biesanz biesanz@whafh.com

**Dated: April 1, 2010**  **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
     **Elizabeth Garcia**
     **Courtroom Deputy**