**Daniel M. Wall**
Direct Dial: (415) 395-8240
dan.wall@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6326
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

April 30, 2010

**VIA ELECTRONIC CASE FILING**

The Honorable James Ware
United States District Court,
 Northern District of California
2112 Robert F. Peckham Federal Building
280 South First Street, Courtroom 8, 4th Floor
San Jose, CA 95113-3002

   Re: **In re Apple & AT&TM Antitrust Litigation, Case No. C 07-5152 JW (PVT)**

Dear Judge Ware:

  We write in response to plaintiffs' April 29, 2010 submission to the Court regarding the recent Ninth Circuit decision *Dukes v. Wal-Mart Stores, Inc.,* Nos. 04-16688, 04-16720, 2010 U.S. App. LEXIS 8576 (9th Cir. Apr. 26, 2010).

  *Dukes* is an employment discrimination case that turns on an issue unique to such cases: whether the discrimination claimed by the class representatives is systemic.  The legal context of the discussion is the common questions and typicality criteria of Rule 23(a) because employment cases generally hold that Rule 23(a) is not satisfied unless there are indications of a pattern of discrimination.  Here, in an antitrust case, the class certification dispute is focused on the predominance test of Rule 23(b)(3).  Strictly speaking, then, *Dukes* is not on point.

  We nevertheless agree that much of *Dukes* is relevant to plaintiffs' motion for class certification, as well as the Court's pending decision on whether an evidentiary hearing would assist the Court in evaluating plaintiffs' showing on class certification.  This is because much of the *Dukes* opinion contrasts how expert testimony is evaluated under Rule 23(a) with the more demanding inquiry required under Rule 23(b)(3).  Defendants therefore respectfully submit that the Court should consider the following portions of the ruling at the same time it considers plaintiffs' references and characterizations. (Internal quotations and citations are omitted).

- *55-57 (clarifying the appropriate standard for class certification; "district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23 have been satisfied, and this analysis will often, though not always, require looking behind the pleadings to issues overlapping with the merits of the underlying claims.").

- *67-71, 74-75 (district court conducted the appropriate "searching review" and "rigorous analysis" of conflicting factual and expert evidence, and "actually weighed evidence and made findings sufficient under the standard we have described" in determining that each element of Rule 23's requirements were satisfied.).

LATHAM&WATKINS LLP

- *51-54 (Rule 23(b)(3) class certification decisions generally require more detailed determinations of the issues and facts at play because Rule 23(a)(2) is about invoking common questions, whereas Rule 23(b)(3) requires a district court to formulate "some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case.").

- *74-106 (district court appropriately examined in great detail all conflicting expert evidence, "probing significantly behind the pleadings and resolving facts necessary to make determinations on Rule 23(a)(2)." "Though noting it would not decide the actual merits of the claims, the court did delve[ ] into the substance of the expert testimony…. This is the precise inquiry that cases such as *IPO* have required, and it clearly meets the standard we outline above, particularly given the depth of the district court's review.") (*id*. *90-91).

- *127 ("Rule 23(b)(2) certification is not appropriate where monetary relief is 'predominant' over injunctive relief or declaratory relief." Predominance turns on "[f]actors such as whether the monetary relief sought determines the key procedures that will be used, whether it introduces new and significant legal and factual issues, whether it requires individualized hearings, and whether its size and nature—as measured by recovery per class member—raise particular due process and manageability concerns would all be relevant …").

On a purely administrative matter, there is a scheduling problem relating to the May 17, 2010 date on which the class certification argument is now calendared.  The undersigned lead counsel for Apple has another hearing scheduled before Judge Selna in the Central District on the same date and at the same time.  In light of that and the need to resolve whether and when there may be an evidentiary hearing on class certification in this case, defendants respectfully renew their request for a telephonic status conference to discuss how best to proceed.  Plaintiffs have not objected to such a call.  We will make ourselves available at the Court's convenience.

       Respectfully yours,

        /s/ Daniel M. Wall

       Daniel M. Wall
       of LATHAM & WATKINS LLP

N.B. ATTM has authorized Apple to file this letter brief jointly on behalf of both parties.

cc:  All Counsel

SF\749122