IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re. Apple & ATTM Antitrust Litigation     NO. C 07-05152 JW

**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS**

_____/

## I. INTRODUCTION

Plaintiffs[1]bring this putative nationwide class action against Apple, Inc. ("Apple") and AT&T Mobility, LLC ("ATTM"), alleging, *inter alia*, monopolization in violation of Section 2 of the Sherman Act. Plaintiffs allege that: (1) Apple and ATTM secretly agreed to technologically restrict voice and data service for iPhones in the aftermarket to force customers to continue their services for five years, three years more than the two-year contract that the consumers agreed to; and (2) Apple monopolized the aftermarket for third party software applications for the iPhone, and caused the iPhone to become unusable if it detected that a customer had "unlocked" their phones.

Presently before the Court is Defendant Apple's Motion to Stay the Proceedings.[2] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Stay.

---

[1] Plaintiffs are Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti, and Scott Sesso.

[2] (hereafter, "Motion," Docket Item No. 472). Defendant ATTM filed a Joinder in Apple's Motion to Stay. (Docket Item No. 477.)

## II. BACKGROUND

A detailed description of the factual allegations of this case can be found in the Court's October 1, 2008 Order Denying Defendant ATTM's Motion to Compel Arbitration and to Dismiss; Denying Defendant ATTM's Motion to Stay Discovery; Granting in Part and Denying in Part Defendant Apple's Motion to Dismiss.[3]

The Court reviews the procedural history to the extent it is relevant to the present Motion. On October 5, 2007, Plaintiffs Paul Holman and Lucy Rivello filed a Class Action Complaint. (Docket Item No. 1.) In 2007 and 2008, the Court consolidated and related several other cases alleging similar facts and legal claims. (Docket Item Nos. 34, 35, 86, 100.) On June 4, 2008, Plaintiffs filed a Revised Consolidated Amended Class Action Complaint, which is the operative Complaint.[4] In its October 1, 2008 Order, the Court denied Defendant ATTM's Motion to Compel Arbitration and granted in part and denied in part Defendant Apple's Motion to Dismiss. The Court dismissed only the unfair and deceptive trade practices claims. (See October Order.)

On February 12, 2010, Apple filed a Motion for Summary Judgment on Plaintiffs' claims for violation of the Magnuson-Moss Warranty Act, trespass to chattels, violation of the Computer Fraud and Abuse Act, and violation of California Penal Code § 502. (Docket Item No. 265.) Plaintiffs filed a Motion for Class Certification. (Docket Item No. 289.) On July 8, 2010, the Court issued an Order as to both Motions. (Docket Item No. 466.) Specifically, the Court granted Defendant

---

[3] (hereafter, "October Order," Docket Item No. 144.)

[4] (hereafter, "Amended Complaint," Docket Item No. 109.) The Amended Complaint alleges the following ten causes of action: (1) Unlawful Monopolization of the Applications Aftermarket in Violation of Sherman Act § 2 (against Apple); (2) Attempted Monopolization of the Applications Aftermarket in Violation of the Sherman Act § 2 (against Apple); (3) Unlawful Monopolization of the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (4) Attempted Unlawful Monopolization of the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (5) Conspiracy to Monopolize the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (6) Unfair and Deceptive Acts and Practices (against Apple and ATTM); (7) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (against Apple and ATTM); (8) Trespass to Chattels (against Apple); (9) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (against Apple); and (10) Violation of California Penal Code § 502 (against Apple).

1 Apple's Motion for Summary Judgment as to the causes of action listed above, and granted in part
2 Plaintiffs' Motion for Class Certification as to the remaining claims. (Id.)

3 On July 23, 2010, Defendants filed with the Ninth Circuit a Petition for Permission to Appeal
4 the Class Certification Order pursuant to Federal Rule of Civil Procedure 23(f),[5] which is currently
5 pending.

### III. DISCUSSION

**A.    Standards for a Stay**

As a preliminary matter, the parties dispute the relevant standard for granting a stay. Defendants contend that the Court should follow the Ninth Circuit's decision in Golden Gate Restaurant v. San Francisco.[6] (Motion at 2.) Plaintiffs contend that the Supreme Court's decision in Winter v. NRDC, Inc.,[7] overturned Golden Gate's sliding scale analysis as to stays. (Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Stay Proceedings at 1, hereafter, "Opp'n," Docket Item No. 485.)

"A stay is not a matter of right." Nken v. Holder, 129 S. Ct. 1749, 1761 (2009). Rather, a court may grant a stay in its discretion "upon [consideration of] the circumstances of the particular case." Id. The party requesting a stay bears the burden of showing that the circumstances justify a stay. Id. In determining whether to issue a stay pending an interlocutory appeal, the Supreme Court has repeatedly held that courts should consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See, e.g., Nken, 129 S. Ct. at 1761; see also Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

---

[5] (hereafter, "Rule 23(f) Petition," Docket Item No. 467.)

[6] 512 F.3d 1112 (9th Cir. 2008).

[7] 129 S. Ct. 365 (2008).

3

In evaluating these factors, the Ninth Circuit in Golden Gate applied a "sliding scale" analysis, which "represent[s] the outer reaches of a single continuum." 512 F.3d at 1116. At one end, the moving party can show "a probability of success on the merits and the possibility of irreparable injury." Id. at 1115-16 (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)). At the other end of the spectrum, the moving party can show that "serious legal questions are raised and that the balance of hardships tips sharply in its favor." Id.

In Winter, the Supreme Court considered whether the Ninth Circuit's sliding scale analysis was appropriate in the context of the standard for a preliminary injunction. 129 S. Ct. at 370. In the preliminary injunction context, the Court held that a plaintiff must show that "he is likely to suffer irreparable harm in the absence of preliminary relief" regardless of the likelihood of success on the merits. Id. at 374. The Court's decision in Winter, however, did not address the use of the sliding scale approach in the stay context. Moreover, the Ninth Circuit has recently held that, even in the injunction context, the "'serious questions' version of the sliding scale test . . . remains viable after . . . Winter." Alliance for the Wild Rockies v. Cottrell, No. 09-35756, 2010 U.S. App. LEXIS 15537, at *18-19 (9th Cir. July 28, 2010). As such, multiple post-Winter decisions in this Circuit continue to apply the "sliding scale" and "serious questions" tests of Golden Gate to motions to stay pending appeal.[8]

Accordingly, in considering Defendants' Motion, the Court applies the rules enunciated in Golden Gate.

**B.  Defendants' Motion**

Defendants move for a stay on the grounds that their Rule 23(f) Petition raises serious legal questions and that a short delay would serve judicial economy and the public interest. (Motion at 1.) Plaintiffs respond that Defendants are not likely to be successful on appeal, and that the balance of

---

[8] See, e.g., McArdle v. AT&T Mobility LLC, No. C 09-1117, 2010 U.S. Dist. LEXIS 73519, at *9 (N.D. Cal. July 20, 2010); Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Co., No. C 10-00233, 2010 U.S. Dist. LEXIS 53900, at *5-6 (N.D. Cal. May 4, 2010); United States v. Greenstein, No. CR08-0296, 2010 U.S. Dist. LEXIS 91999, at *2-3 (W.D. Wash. Aug. 13, 2010).

1 equities does not tip in Defendants' favor because there is a public interest in moving the class
2 action forward. (Opp'n at 1-2.)

3 Under Golden Gate, to prevail on a motion to stay pending an interlocutory appeal, a
4 defendant must show that: (1) serious legal questions are raised in the appeal; and (2) the balance of
5 hardships tips sharply in its favor. Golden Gate, 512 F.3d at 1115-16.

6 Here, with respect to the first factor, Defendants' Rule 23(f) Petition raises significant legal
7 questions as to the proper interpretation of Newcal Indus., Inc. v. IKON Office Solution, 513 F.3d
8 1038 (9th Cir. 2008). In its October 1, 2008 Order regarding Apple's Motion to Dismiss, the Court
9 allowed Plaintiffs' aftermarket claims under Newcal. (See Docket Item No. 144 at 14-15.) In that
10 Order, the Court also noted that Plaintiffs alleged that "unknown to consumers, the companies had
11 agreed to technologically restrict voice and data service in the aftermarket for continued voice and
12 data services, i.e., after the initial two-year service period expired." (Id. at 1.) Later, in ruling on
13 Plaintiffs' Motion for Class Certification, the Court held that Newcal "did *not* require that an inquiry
14 into whether consumers 'knowingly' entered into de facto commitments to be monopolized must be
15 determined on an individual basis rather than a class-wide basis." (Docket Item No. 466 at 16
16 (emphasis in original).)

17 Based on these two Orders, Defendants' Rule 23(f) Petition asks the Ninth Circuit to decide
18 Newcal's effect on Plaintiffs' burden to show that certain types of aftermarket monopolization
19 claims are appropriate for class action treatment. (Docket Item No. 467.) The Court recognizes that
20 this may be a case of first impression, namely, Newcal's implications for the type of class action
21 claim at issue here.[9] Thus, the Court finds that Defendants have made a sufficient showing that their
22 Rule 23(f) Petition raises significant legal issues.

---

[9] Contrary to Plaintiffs' contention, Defendants "need not persuade the court that it is likely to be reversed on appeal." Costco Wholesale Corp. v. Hoen, No. C04-360P, 2006 U.S. Dist. LEXIS 65774 at *2-3 (W.D. Wash. Sept. 14, 2006).

5

With respect to the second factor, the Court finds that the balance of hardships tip sharply in Defendants' favor. As merits discovery has already been stayed,[10] the practical effect of granting this Motion is to stay the dissemination of Class Notice to millions of consumers for a short time until the Ninth Circuit rules on whether or not to take Defendants' appeal. Such a stay will delay the expenditure of the significant costs associated with the dissemination of Notice. Most importantly, a stay will avoid the possibility of the Class receiving two conflicting Notices. A stay therefore also serves the public interest to avoid the risk of significantly confusing the class consumers.[11] Finally, neither Plaintiffs nor the class will be significantly harmed by a short delay. Thus, the Court finds that Defendants have met their burden to show that the equities tip sharply in their favor.

Accordingly, the Court GRANTS Defendants' Motion to Stay.

### IV. CONCLUSION

The Court GRANTS Defendants' Motion to Stay Proceedings. The case is stayed for 60 days until **November 15, 2010**. In light of this Order, the Court VACATES the September 20, 2010 Further Case Management Conference.

On **November 15, 2010 at 10 a.m.**, the parties shall appear for a Further Case Management Conference. On or before **November 5, 2010**, the parties shall file a Joint Case Management Statement updating the Court on the status of Defendants' Rule 23(f) Petition and the parties' respective positions with respect to whether the Class Notice is ready for dissemination.

Dated: September 15, 2010

JAMES WARE
United States District Judge

---

[10] Plaintiffs also suggest that the stay as to merits discovery should be lifted. (Opp'n at 8.) The Court finds Plaintiffs' request both premature and procedurally improper, and thus denies the request at this time.

[11] As a result of these types of considerations, courts routinely grant stays pending decision on Rule 23(f) petitions. See In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1 (D.D.C. 2002) (granting stay pending 23(f) petition); Bristow v. Lycoming Engines, 2008 WL 2561105, at *1 (E.D. Cal. June 24, 2008) (same); Chavez v. IBP, Inc., 2002 WL 32145647, at *1 (E.D. Wash. Dec. 23, 2002) (same).

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrian Frank Davis adrian.davis@lw.com
Alexander H. Schmidt schmidt@whafh.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parasharami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jason C. Murray jmurray@crowell.com
Jeffrey H. Howard jhoward@crowell.com
Lola Abbas Kingo lola.kingo@lw.com
M. Van Smith mvsmith@sbcglobal.net
Marisa C. Livesay livesay@whafh.com
Mark Carl Rifkin rifkin@whafh.com
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Rachele R. Rickert rickert@whafh.com
Randall Scott Newman rsn@randallnewman.net
Sadik Harry Huseny sadik.huseny@lw.com
Satyanand Satyanarayana satyanand.satyanarayana@lw.com
Shari Ross Lahlou slahlou@crowell.com
Stephen DeNittis sdenittis@shabeldenittis.com
Wm. Randolph Smith wrsmith@crowell.com
Zachary W. Biesanz biesanz@whafh.com

**Dated: September 15, 2010**　　　　　　　　　　**Richard W. Wieking, Clerk**

　　　　　　　　　　　　　　　　　　　　　　　　　**By:　　/s/ JW Chambers　　　　**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Elizabeth Garcia**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**

**United States District Court**
For the Northern District of California